JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendant FAMILYMEDS GROUP, INC., f/k/a
DRUGMAX, INC., a Connecticut corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>Defendant. | CASE NO.   CV075715 WDB<br><br>**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:  November 9, 2007 |

Defendant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Connecticut corporation ("Familymeds") hereby responds to the Complaint for Breach of Contract of McKesson Corporation, a Delaware corporation, ("McKesson") (the "Complaint") and answers, alleges, and avers as follows.

**THE PARTIES**

1.  In answer to paragraph 1 of the Complaint, Familymeds admits the allegations contained therein.

2.  In answer to paragraph 2 of the Complaint, Familymeds admits that it is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington,

Connecticut 06032.

## VENUE AND JURISDICTION

3. In answer to paragraph 3 of the Complaint, Familymeds admits the allegations contained therein.

4. In answer to paragraph 4 of the Complaint, Familymeds admits the allegations contained therein.

## GENERAL ALLEGATIONS

5. In answer to paragraph 5 of the Complaint, Familymeds admits the allegations contained therein.

6. In answer to paragraph 6 of the Complaint, Familymeds admits the allegations contained therein.

7. In answer to paragraph 7 of the Complaint, Familymeds admits the allegations contained therein.

8. In answer to paragraph 8 of the Complaint, Familymeds admits only that the Agreement provides for a term of three (3) years commencing on December 28, 2006. Familymeds denies each and every remaining allegation of said paragraph.

9. In answer to paragraph 9 of the Complaint, Familymeds admits the allegations contained therein.

10. In answer to paragraph 10 of the Complaint, Familymeds admits the allegations contained therein.

11. In answer to paragraph 11 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

12. In answer to paragraph 12 of the Complaint, Familymeds admits only that the Agreement provides as follows:

> Any payments made after the due date indicated herein shall result in a two percent (2%) (or the maximum amount permissible under applicable law, if lower) increase in the purchase price of the Merchandise. A one percent (1%) service charge (or the maximum amount permissible under applicable law, if lower) will be imposed semi-monthly on all balances delinquent more than fifteen (15) days.

Familymeds denies each and every remaining allegation of said paragraph.

13. In answer to paragraph 13 of the Complaint, Familymeds admits only that under the terms of the Agreement and as set forth more specifically therein, the price of Merchandise may increase or decrease based on the volume of purchases made by Familymeds.

14. In answer to paragraph 14 of the Complaint, Familymeds is informed and believes, and based thereon alleges, that it qualified for the lowest pricing level specified in the Agreement, and that it did not underpay to McKesson any amount due thereunder. Familymeds denies each and every remaining allegation of said paragraph.

15. In answer to paragraph 15 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

16. In answer to paragraph 16 of the Complaint, Familymeds denies the allegations contained therein.

17. In answer to paragraph 17 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

18. In answer to paragraph 18 of the Complaint, Familymeds denies the allegations contains therein.

19. In answer to paragraph 19 of the Complaint, Familymeds admits the allegations contained therein.

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### (Against Familymeds)

20. In answer to paragraphs 20 of the Complaint, Familymeds hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. In answer to paragraph 21 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

22. In answer to paragraph 22 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

23. In answer to paragraph 23 of the Complaint, Familymeds admits only that McKesson has demanded from Familymeds certain amounts which McKesson claims to be due and owing, and that Familymeds has justifiably not paid said amounts. Familymeds further answers that it is informed and believes, and based thereon alleges, that Familymeds is entitled to an amount of credit and/or setoff from McKesson which reduces, meets, or exceeds the amounts McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

24. In answer to paragraph 24 of the Complaint, Familymeds denies the allegations contained therein.

25. In answer to paragraph 25 of the Complaint, Familymeds admits only that it has justifiably not paid to McKesson certain amounts that McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

26. In answer to paragraph 26 of the Complaint, Familymeds denies that it has breached its obligations under the Agreement and admits only that it has justifiably not paid to McKesson certain amounts that McKesson claims to be due and owing. Familymeds denies each and every remaining allegation of said paragraph.

WHEREFORE, Familymeds prays for judgment as hereinafter set forth.

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

27. Familymeds is informed and believes, and based thereon allege, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To Perform Conditions Precedent)

28. Familymeds is informed and believes, and based thereon alleges, that Familymeds was excused from performance under the Agreement by McKesson's failure to perform conditions precedent under the terms of that Agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Set-Off)

29. In the event McKesson recovers a monetary judgment against Familymeds, Familymeds alleges that any amounts determined to be owed by Familymeds should be set-off against the indebtedness owed by McKesson to Familymeds.

WHEREFORE, Familymeds prays:

1. That McKesson's Complaint be dismissed;

2. That McKesson take nothing by reason thereof;

3. That judgment be entered in favor of Familymeds and Familymeds recover its costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: December 17, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: /S/ Matthew S. Kenefick
    MATTHEW S. KENEFICK
Attorneys for Defendant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation

## JURY DEMAND

Familymeds demands a jury trial on all issues so triable.

DATED: December 17, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: /S/ Matthew S. Kenefick
    MATTHEW S. KENEFICK
Attorneys for Defendant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation