JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:      (415) 398-8080
Facsimile:       (415) 398-5584

Attorneys for Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation and Cross-Complainant FAMILYMEDS, INC., a Connecticut corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>    Defendant. | CASE NO.    CV075715 WDB<br><br>**COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; CROSS-COMPLAINT FOR ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |
| FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>    Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>    Cross-Complainant,<br><br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>    Cross-Defendant. | Complaint filed:  November 9, 2007 |

Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Connecticut corporation ("Familymeds Group") and Cross-Complainant Familymeds, Inc., a Connecticut corporation ("Familymeds"), hereby each respectively complain against McKesson Corporation, a Delaware corporation, ("McKesson"), as follows:

## GENERAL ALLEGATIONS

### JURISDICTION

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332.

2. Familymeds Group is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

3. Familymeds is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

4. Familymeds is the wholly-owned subsidiary of Familymeds Group.

5. Familymeds Group and Familymeds are informed and believe, and on that basis allege that at all times herein mentioned, McKesson is a Delaware corporation with its principal place of business at One Post Street, San Francisco, California 94104.

6. Familymeds Group and Familymeds are informed and believe, and on that basis allege that McKesson became the successor-in-interest to D&K Healthcare Resources, Inc. ("D&K") in 2005.

7. Familymeds Group is the successor-by-merger to DrugMax, Inc. ("DrugMax").

8. The amount in controversy under the respective claims of Familymeds and Familymeds Group each exceed the sum or value of $75,000.

### VENUE

9. All actions complained of herein took place within the jurisdiction of the United States District Court, Northern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. § 1391(a).

### INTRADISTRICT ASSIGNMENT

10. A substantial part of the events or omissions giving rise to the claims for relief set forth herein occurred in the City and County of San Francisco.

# FACTUAL BACKGROUND

11. On or about December 28, 2004, Familymeds, Valley Drug Company South, a Louisiana corporation ("Valley Drug"), and D&K entered into that certain written Prime Warehouse Supplier Agreement (the "First Agreement") for fair and valuable consideration, which provided, *inter alia*, for D&K to sell and Familymeds and Valley Drug to buy certain "Products" (as that term is defined therein).

12. The First Agreement provided for a term of two (2) years, commencing on December 28, 2004.

13. On or about December 27, 2005, DrugMax, Familymeds, and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement for fair and valuable consideration, which provided, *inter alia,* to amend certain terms of the First Agreement.

14. On or about February 2, 2007, Familymeds Group and McKesson entered into that certain written Supply Agreement (the "Second Agreement") for fair and valuable consideration, which provided, *inter alia*, for McKesson to sell and Familymeds Group to buy certain "Merchandise" and "Products" (as those terms are defined therein).

15. The Second Agreement provided for a term of three (3) years commencing on December 28, 2007.

16. In or about September 2007, McKesson made demand upon Familymeds Group for certain amounts allegedly due and owing under the Second Agreement without providing sufficient documentation to enable Familymeds Group to ascertain the validity of said demand.

17. On or about September 18, 2007, Familymeds Group requested from McKesson documentation pertaining to prior account statements, charges, credits, pricing adjustments, and payments made under the Second Agreement, as well as documentation supporting the amounts McKesson claimed were due and owing under the Second Agreement (the "Documentation") (the "Request").

18. The Documentation Familymeds Group sought in its Request is within the exclusive possession and control of McKesson.

19. McKesson wrongfully refused and wholly denied the Request.

20. Based on information within its possession and control, Familymeds Group is informed and believes that McKesson has wrongfully overcharged Familymeds Group certain amounts and has failed to properly issue to Familymeds Group credits due under the Second Agreement; however, the Documentation necessary to verify this is within McKession's exclusive possession and control and McKesson has wrongfully refused to release the same to Familymeds Group.

**FIRST CLAIM FOR RELIEF**
Familymeds Group against Mckesson
(Specific Performance of Contract)

21. Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

22. Under the Second Agreement an implied obligation exists for McKesson to provide Familymeds Group with the Documentation (the "Accounting Obligation").

23. The Accounting Obligation is necessary to make the Second Agreement reasonable and conformable to usage, and the Second Agreement manifests no contrary intention.

24. The terms of the Second Agreement, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

25. The terms of the Second Agreement, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

26. The terms of the Second Agreement, including the Accounting Obligation, are mutually available and can be enforced by and against either Familymeds Group or McKesson.

27. Familymeds Group has duly performed all conditions precedent on its part required to be performed under the terms of the Second Agreement, except as to those conditions for which performance was excused by McKesson's material breaches.

28. McKesson has breached the Second Agreement by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

29. Familymeds Group requests that this Court order McKesson to specifically perform

in accordance with the terms of the Second Agreement by providing the Documentation as required by the Accounting Obligation.

30. Familymeds Group has no adequate legal remedy.

WHEREFORE, Familymeds Group prays for judgment as set forth herein.

**SECOND CLAIM FOR RELIEF**
Familymeds Group against Mckesson
(Accounting)

31. Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

32. A relationship exists between Familymeds Group and McKesson, and circumstances require, that McKesson provide to Familymeds Group an accounting in equity.

33. An unknown balance is due from McKesson to Familymeds Group for unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of McKesson.

34. McKesson has the obligation and the ability to account to Familymeds Group.

35. No adequate remedy is available to Familymeds Group at law and thus an accounting is necessary to preserve Familymeds Group's rights.

WHEREFORE, Familymeds Group prays for judgment as set forth herein.

**THIRD CLAIM FOR RELIEF**
Familymeds against Mckesson
(Accounting)

36. Familymeds incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

37. A relationship exists between Familymeds and McKesson, and circumstances require, that McKesson provide to Familymeds an accounting in equity.

38. An unknown balance is due from McKesson to Familymeds for unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of McKesson.

39. McKesson has the obligation and the ability to account to Familymeds.

40. No adequate remedy is available to Familymeds at law and thus an accounting is necessary to preserve Familymeds' rights.

WHEREFORE, Familymeds prays for judgment as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Familymeds Group and Familymeds each pray for judgment against McKesson as follows:

**On The First Claim For Relief:**

1. For specific enforcement of the Second Agreement compelling McKesson to comply with its Accounting Obligation;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

**On the Second Claim For Relief:**

1. For an order compelling McKesson to provide to Familymeds Group an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

**On the Third Claim For Relief:**

1. For an order compelling McKesson to provide to Familymeds an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

DATED: December 17, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: /S/ Matthew S. Kenefick
　　　MATTHEW S. KENEFICK
Attorneys for Defendant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation and Cross-Complainant FAMILYMEDS, INC., a Connecticut corporation

## JURY DEMAND

Familymeds Group and Familymeds each demand a jury trial on all issues so triable.

DATED: December 17, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: /S/ Matthew S. Kenefick
    MATTHEW S. KENEFICK
Attorneys for Defendant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation and Cross-Complainant FAMILYMEDS, INC., a Connecticut corporation