1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:   (858) 756-6342
   Facsimile:   (858) 756-4732
5  E-mail: mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10
   McKESSON CORPORATION, a Delaware      Case No. 4:07-cv-05715 WDB
11 corporation,

12              Plaintiff,                **AMENDED**
         v.
13                                        **NOTICE OF MOTION, MOTION AND
   FAMILYMEDS GROUP, INC.,                MEMORANDUM OF POINTS AND
14   f/k/a Drugmax, Inc., a Connecticut corporation,  AUTHORITIES OF McKESSON
                                          CORPORATION SEEKING TO
15              Defendant.                DISMISS:**

16                                        **(1) COUNTERCLAIM FOR SPECIFIC
   FAMILYMEDS GROUP, INC.,                    PERFORMANCE OF CONTRACT
17   f/k/a Drugmax, Inc., a Connecticut corporation,  AND ACCOUNTING; AND**

18              Counterclaimant,          **(2) CROSS-COMPLAINT FOR
                                              ACCOUNTING**
19       v.

20 McKESSON CORPORATION, a Delaware      Complaint Filed: November 9, 2007
   corporation,                          Cross-Complaint Filed: December 17, 2007
21
                Counterdefendant.        Date: March 12, 2008
22                                       Time: 3:00 pm
                                         Place: Ctrm 4
23 FAMILYMEDS, INC.,                            1301 Clay St., 3d Floor
   a Connecticut corporation,                   Oakland, CA
24
                Cross-Complainant,
25       v.

26 McKESSON CORPORATION, a Delaware
   corporation,
27
                Cross-Defendant.
28

AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking
  to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for
                                                                                                  Accounting

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **March 12, 2008** at **3:00 p.m.** in the above referenced Court, or as soon thereafter as the matter may be called, McKESSON CORPORATION, a Delaware corporation ("McKesson") will move this Court for an order dismissing that certain "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Cross-Complaint & Counterclaim") filed by FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group") and FAMILYMEDS, INC., a Connecticut corporation ("Familymeds, Inc.").

## MOTION

McKesson hereby moves this Court for an order dismissing the Cross-Complaint & Counterclaim on the bases (among others) that:

(1) the joinder of a stranger to the action as a Cross-Complainant (not a third party defendant) against McKesson is not permitted pursuant to Federal Rule of Civil Procedure ("FRCP") 14 and the Cross-Complaint & Counterclaim must therefore be dismissed;

(2) the Cross-Complaint & Counterclaim violates FRCP 19 and FRCP 12(b)(7) because it fails to name D&K Healthcare Resources, Inc. ("D&K") as a party to the action notwithstanding that D&K (and not McKesson) is the entity that signed one of the contracts that Familymeds Group seeks to enforce through the Cross-Complaint & Counterclaim; and

(3) the Third Claim for Relief in the Cross-Complaint & Counterclaim fails to state a claim against McKesson for which relief can be granted such that dismissal thereof is mandated by FRCP 12(b)(6).

1

Case No. 4:07-cv-05715 WDB
AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED.

On November 9, 2007, McKESSON CORPORATION, a Delaware corporation ("McKesson") filed a complaint (the "Complaint") for breach of contract against a single defendant, FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group"). On or about December 17, 2007, McKesson was served not only with an answer to the Complaint, but also with a pleading entitled "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Cross-Complaint & Counterclaim"). Pursuant to its motion and this memorandum of points and authorities, McKesson requests that this Court dismiss the Cross-Complaint & Counterclaim. The bases for that request are that the Cross-Complaint & Counterclaim adds a new party to this action not as a third party defendant under FRCP 14, but rather as a *cross-complainant*. Specifically, the cross –complainant named in the Cross-Complaint & Counterclaim is not Familymeds Group, but rather is Familymeds, Inc., a Connecticut corporation, which according to the Cross-Complaint & Counterclaim is a subsidiary of Familymeds Group. In addition, the Cross-Complaint & Counterclaim should be dismissed for the failure to name a necessary party as a third party defendant: D&K Healthcare Resources, Inc. ("D&K"). D&K is a necessary party because the Cross-Complaint & Counterclaim purports to seek to enforce contract not mentioned in the Complaint, against McKesson, yet the contract at issue is not a contract to which McKesson is a party. The party to the contract is D&K. Contract parties are necessary parties to an action to enforce the contract. Finally, the Cross-Complaint & Counterclaim, or at least the third claim for relief asserted therein, should be dismissed pursuant to FRCP 12(b)(6) for failure to state an claim against McKesson for which relief may be granted.

2

Case No. 4:07-cv-05715  WDB
AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

## II. STATEMENT OF FACTS.

The Complaint filed by McKesson against Familymeds Group is a simple breach of contract complaint seeking to collect sums owing for the purchase by Familymeds Group of products from McKesson under the terms of a contract entitled "Supply Agreement" which was dated February 2, 2007 and executed by Familymeds Group and McKesson and no other parties. In response, McKesson received not only an answer from Familymeds Group, but the Cross-Complaint & Counterclaim which alleges three claims for relief against McKesson. The trouble is that at least one, possibly more, of those claims for relief are brought by an entirely new entity, Familymeds, Inc., and appear to be based on an agreement other than the contract that is the subject of the Complaint: a December 28, 2004 contract between Familymeds, Inc., Valley Drug Company and D&K, which is defined in the Cross-Complaint & Counterclaim as the "First Agreement." The result is a muddled pleading situation and a fatally defective Cross-Complaint & Counterclaim that should be dismissed.

## III. ARGUMENT.

### A. Defendant Cannot Add a Third Party Cross-Complainant to the Instant Action.

Federal Rule of Civil Procedure ("FRCP") 14 governs the addition of parties to an action by a defendant. As was summarized by the Ninth Circuit in *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988):

> Fed. R. Civ. P. 14(a) allows a defending party to bring in as third-party *defendant* a person not a party to the action *who is or may be liable to him* for all or part of plaintiff's claim against him. *Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.*

(Emphasis added.). The *Stewart* court continued, quoting Professors Wright and Miller:

> ... [the claim] cannot simply be an independent or related claim but *must be based upon plaintiff's claim against defendant*. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

3

Case No. 4:07-cv-05715 WDB
AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

*Id.* at 200 (emphasis added)(*citing* 6 FED. PRAC. & PROC. § 1446 at 257 (1971 ed.)).  Because the defendant in *Stewart* failed to meet the requirements of FRCP 14 in bringing a third party complaint, the Ninth Circuit affirmed the District Court's dismissal of the third party complaint.

Here, Familymeds Group has not added a third party *defendant* in filing the Cross-Complaint & Counterclaim, nor does the Cross-Complaint & Counterclaim relate to the facts of the original Complaint.  Instead, Familymeds Group has tacked on to the instant case an entirely new action brought by an entirely new entity, Familymeds, Inc., based on an entirely new contract, the so-called "First Agreement."  The instant Cross-Complaint & Counterclaim does not properly or permissibly add a party pursuant to FRCP 14 to this action and is not permitted by FRCP 7[1] or any of the other Federal Rules of Civil Procedure.  The Cross-Complaint & Counterclaim should be dismissed.

### B. Familymeds Group Cannot Assert Claims Against D&K Healthcare Resources Inc. Without Naming D&K Healthcare Resources Inc. as a Party.

In addition to the fatal defect relating to the improper application of FRCP 14, the Cross-Complaint & Counterclaim is fatally flawed in that it asserts claims against a new entity that is not named as a party in the Cross-Complaint & Counterclaim.  Specifically, in paragraph 11 of the Cross-Complaint & Counterclaim, the Cross-Complaint & Counterclaim makes reference to a contract defined as the "First Agreement" which is described as an agreement entered into on December 28, 2004 by and among Familymeds, Inc., Valley Drug Company and D&K Healthcare Resources Inc.  It appears that the Cross-Complaint & Counterclaim is making claims against McKesson based on that contract though the contract with D&K—an entity that still exists as a separate corporate entity.  FRCP 19(a) provides in pertinent part:

---

[1] FRCP 7(a) provides:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; and answer to a cross-claim, if the answer contains a cross-claim; **a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14**; and a third party answer, if a third party complaint is served.  No other pleading shall be allowed, except that the court may order a reply to an answer of a third-party answer.

(Emphasis added.)

4

> **(a) Persons Required to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:
>> (1) in that person's absence complete relief cannot be accorded among those already parties; or
>>
>> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect that interest or
>>>
>>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Court cannot accord complete relief to McKesson and Familymeds Group if D&K is not a participant to this action inasmuch as Familymeds Group cannot get relief with respect to the First Agreement against McKesson; remedies under the First Agreement, assuming it has been breached, will lie only against D&K.

Clearly, it is incumbent upon Familymeds Group to name D&K as a third party defendant in this action if it (or Familymeds, Inc. in a properly plead action) seeks to enforce any claims based on the First Agreement. "Generally, in breach of contract actions, all parties to the contract are necessary ones." *Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 361 (D.C. Puerto Rico 1998). Allegations that McKesson is somehow the alter ego of D&K do not cure this defect. *See, id.* at 363-64. Thus because Familymeds Group has failed to join D&K which is a necessary party pursuant to FRCP 19, the Cross-Complaint & Counterclaim should be dismissed pursuant to FRCP 12(b)(7). This should not be problematic in this action because joinder of D&K will not destroy diversity and it is feasible to join D&K.

### C. The Third Claim for Relief in the Cross-Complaint & Counterclaim Should be Dismissed or Stricken Pursuant to FRCP 12(b)(6).

Alternatively, if the entire Cross-Complaint & Counterclaim is not dismissed, the Third Claim for Relief should be dismissed or stricken. It appears to allege a claim by Familymeds, Inc. against McKesson based on the First Agreement. However, McKesson is not a party to the First

5

Agreement and therefore no relief may be had by Familymeds, Inc. against McKesson based on that agreement. The Third Claim for Relief should be dismissed or stricken.

## IV. CONCLUSION.

The Cross-Complaint & Counterclaim contains fatal defects. It should be dismissed in its entirety. At a minimum, all request for relief contained in the Third Claim for Relief should be dismissed or stricken.

DATED: January 14, 2008.        HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

6

Case No. 4:07-cv-05715 WDB
AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

# PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On January 14, 2008, I served the foregoing:

**AMENDED NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF McKESSON CORPORATION SEEKING TO DISMISS:**

**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**

**(2) CROSS-COMPLAINT FOR ACCOUNTING**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on January 14, 2008.

*Quynh N. Nguyen*

7

Case No. 4:07-cv-05715 WDB
AMENDED Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting