MARIA K. PUM (State Bar No. 120987)
KRISTEN E. CAVERLY (State Bar No. 175070)
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Telephone:   (858) 756-6342
Facsimile:   (858) 756-4732
Email: mpum@hcesq.com

Attorneys for Plaintiff
McKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br>v.<br><br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>　　　　　　Defendant. | Case No. 4:07-cv-05715 WDB<br><br>**JOINT DISCOVERY PLAN**<br><br>Complaint Filed: November 9, 2007<br><br>Counterclaim & Cross-Complaint Filed: December 17, 2007<br><br>CMC Date: February 21, 2008<br>Time:　　4:00 p.m.<br>Place:　　Ctrm 4 |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>　　　　　　Counterclaimant,<br>v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>　　　　　　Cross-Complainant,<br>v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Cross-Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, Counterdefendant and Cross-Defendant McKESSON CORPORATION ("McKesson") and Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("FM Group"), together with Cross-Complainant FAMILYMEDS, INC. ("FM Inc.") hereby submit this Joint Discovery Plan to the Court. FM Group and FM Inc. are hereinafter collectively referred to as "Familymeds."

## OVERVIEW OF CASE

McKesson submits that this is a breach of contract action alleging that FM Group failed to perform a contract between McKesson and FM Group by failing and refusing to pay McKesson the agreed upon purchase price for certain pharmaceutical products.

FM Group submits that it has defenses to the breach of contract claim asserted by McKesson and therefore in its answer asserted affirmative defenses of unclean hands, failure to perform conditions precedent and set off. FM Group also asserts that it has a separate right to an accounting from McKesson. Therefore FM Group, as well as FM Inc., which is a wholly-owned subsidiary of FM Group, filed a pleading entitled "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Counterclaim and Cross-Complaint") in response to the Complaint.

It is McKesson's position that in the Counterclaim and Cross-Complaint, Familymeds asserts a right to an accounting from McKesson and *also* a right to an accounting from D&K HEALTHCARE RESOURCES, INC. ("D&K"), which is a wholly-owned subsidiary of McKesson, but was not named in the Counterclaim and Cross-Complaint as a Cross-Defendant or at all. Familymeds, however, denies this. Familymeds, rather, contends the Counterclaim and Cross-Complaint is clear in that both FM Group and FM Inc. each seek an accounting from McKesson, not D&K, based on respective contractual relationships with McKesson.

McKesson has filed a motion seeking an order dismissing the Counterclaim and Cross-Complaint, which is due to be heard on March 12, 2008, and which Familymeds will oppose.

///

///

///

1

# DISCOVERY PLAN

1. The parties held their Rule 26(f) conference on January 23, 2008. Pursuant to that conference, the parties submit the following joint discovery and scheduling plan for consideration in this matter:

### Proposed Deadlines re Discovery:

| | |
|---|---|
| Factual discovery cut-off: | July 18, 2008 |
| Expert Designations: | August 1, 2008 |
| Expert Reports: | August 15, 2008 |
| Rebuttal Expert Reports: | August 29, 2008 |
| Expert deposition cut-off: | September 30, 2008 |

### Motion Cut-Off/Pretrial Dates:

| | |
|---|---|
| Motion hearing cut-off: | October 31, 2008 |
| Pretrial Conference: | Week of November 10, 2008 |

2. The parties have agreed to exchange their Rule 26(a) initial disclosures on February 14, 2008.

3. FM Group asserts that a key element of its defense to the Complaint concerns the manner in which McKesson calculated prices charged to FM Group for approximately $290,000,000 in pharmaceutical sales which have taken place since August, 2005, and therefore, this is a principal subject of discovery that FM Group asserts is needed. Familymeds anticipates discovery concerning FM Group's affirmative defenses and the right of Familymeds to an accounting.

4. With respect to apparent issues concerning disclosure or discovery of electronically stored information, the parties discussed the fact that pricing data of McKesson is both proprietary and subject to trade secret protection. Furthermore, McKesson contends that pricing data is not maintained by McKesson in the ordinary course of its business in such a manner that pricing data relevant to FM Group is segregated from pricing information relating to other customers of and suppliers to McKesson. According to McKesson, the pricing data is also voluminous. Familymeds and McKesson agree that a further conference is needed to discuss the means of

producing electronic data, including McKesson's ability or willingness to create, summaries and/or reports from its raw data. McKesson believes that it is also likely that email exchanges that FM Group has indicated it will seek in its discovery will be voluminous as will any transaction data. Further discussions will also be required on this topic.

5. The parties have agreed that a protective order will be required with regard to the pricing data that counsel for Familymeds has indicated it will be seeking. No other discovery has yet been identified that will require a protective order or a determination regarding privilege.

6. No changes to the limitations on discovery were required by either party.

7. The parties have not yet identified likely witnesses, nor the timing of depositions other than to agree upon a proposed discovery cut-off date. Neither party anticipates taking more than the statutorily permitted number of depositions.

8. McKesson's counsel estimates the trial length to be 2 days; counsel for Familymeds estimates the trial length will be 4 days.

DATED: January 31, 2008.   HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

DATED: January 31, 2008.   JEFFER, MANGELS, BUTLER & MARMARO LLP

By: _____
Robert C. Gebhardt
Attorneys for Familymeds Group, Inc. and Familymeds, Inc.

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On January 31, 2008, I served the foregoing:

JOINT DISCOVERY PLAN

on the following parties in this action in the manner set forth below:

Robert C. Gebhardt, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on January 31, 2008.

Quynh N. Nguyen

4

Case No. 4:07-cv-05715 WDB
Joint Discovery Plan