MARIA K. PUM (State Bar No. 120987)
KRISTEN E. CAVERLY (State Bar No. 175070)
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Telephone:   (858) 756-6342
Facsimile:   (858) 756-4732
Email: mpum@hcesq.com

Attorneys for Plaintiff
McKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br>v.<br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>　　　　　　Defendant. | Case No. 4:07-cv-05715 WDB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: November 9, 2007<br><br>Counterclaim & Cross-Complaint Filed: December 17, 2007<br><br>CMC Date: March 12, 2008<br>Time:　　　3:00 p.m.<br>Place:　　　Ctrm 4 |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>　　　　　　Counterclaimant,<br>v.<br>McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>　　　　　　Cross-Complainant,<br>v.<br>McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Cross-Defendant. | |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff (the "Standing CMC Order"), Plaintiff, Counterdefendant and Cross-Defendant McKESSON CORPORATION ("McKesson") and Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("FM Group"), together with Cross-Complainant FAMILYMEDS, INC. ("FM Inc.") hereby submit this Joint Case Management Statement to the Court. FM Group and FM Inc. are hereinafter collectively referred to as "Familymeds." Pursuant to the Standing CMC Order, the parties in this action state:

1. <u>Jurisdiction and Service</u>. The basis for the Court's subject matter jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332. There are no issues regarding personal jurisdiction or venue and all parties have been served.

2. <u>Facts</u>. McKesson and FM Group are parties to a contract entitled "Supply Agreement" (the "Agreement") which was dated as of February 2, 2007, but was effective commencing December 28, 2006. Pursuant to the Agreement, FM Group purchased pharmaceutical and related products defined in the Agreement as "Merchandise" from Plaintiff for which FM Group was obligated to pay Plaintiff in accordance with pricing terms contained in the Agreement. Familymeds does not dispute these facts.

In September, 2007, McKesson made demand upon FM Group to pay approximately $720,000 which McKesson asserted was owing and past due under the Agreement for the purchase of Merchandise. FM Group responded that it believed that it had been overcharged under the Agreement and, that therefore it was not going to pay McKesson the sums demanded. Further informal collection efforts by McKesson were not successful, even though the Agreement provides:

> Customer agrees to render payment in full to McKesson on the applicable due date as specified in this Agreement without (i) making any deductions, short payments, or other accounts payable adjustments to such payment obligation; or (ii) seeking to condition such remittance on any demand for or receipt of proofs of delivery. Any accounts payable adjustments claimed by Customer shall require prior written authorization of McKesson and must be supported by accompanying detail documenting the basis for any such requested adjustments.

Due to continued refusal to pay the sums that McKesson asserted were owing, on November 9, 2007, McKesson (which is a Delaware corporation) filed its complaint against FM Group (which is a Connecticut corporation) for breach of the Agreement.

FM Group contends that it is justified in refusing to pay McKesson the sums demanded and that it has a right to a credit or rights of set off that reduce, meet, or exceed the sums claimed by McKesson. Familymeds also contends that Familymeds requested documentation supporting the amounts claimed by McKesson to be due and owing and that McKesson refused such requests.

FM Group has filed a "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Counterclaim & Cross-Complaint") naming McKesson as Counterdefendent and seeking an accounting from McKesson. The Counterclaim & Cross-Complaint also names McKesson as a Cross-Defendant and adds FM Inc. as a Cross-Complainant against McKesson. McKesson has filed a motion to dismiss, which is set for hearing March 12. Familymeds intends to oppose that motion.

3. <u>Legal Issues</u>. There is an initial procedural point of law concerning whether FM Group may add FM Inc. as a Cross-Complainant in this action, and whether FM Group and FM Inc. may seek relief in this action under a contract executed by D&K (and not McKesson) without naming D&K as a party. Familymeds Group contends that D&K is the predecessor in interest to McKesson and that it need not name D&K as a separate defendant. These issues are the subjects of McKesson's motion to dismiss and Familymeds' anticipated opposition. Additional disputed legal issues are as follows:

    a. Whether McKesson is entitled to specific performance of the provisions of the Agreement that provide that FM Group must pay the sums invoiced by McKesson to FM Group without any set off or conditions to payment imposed by FM Group.

    b. Whether FM Group may withhold payment to McKesson based on allegations of improper pricing or set-off.

    c. Whether McKesson has an implied obligation under the Agreement to provide FM Group or FM Inc. with an accounting.

      d. Whether McKesson is obligated to provide to FM Group or FM Inc. an accounting in equity.

4. <u>Motions</u>.

    a. <u>Prior/Pending Motions</u>. McKesson has moved to dismiss the Counterclaim & Cross-Complaint in a motion that is scheduled to be heard on March 12, 2008.

    b. <u>Anticipated Motions</u>. McKesson intends to move for summary judgment on its Complaint.

5. <u>Amendment of Pleadings</u>. No amendments are anticipated at this time but this may change depending on the outcome of the pending motion to dismiss the Counterclaim & Cross-Complaint.

6. <u>Evidence Preservation</u>. McKesson has notified relevant personnel employed by McKesson not to destroy electronic data and to affirmatively preserve electronic and documentary evidence relating to Familymeds or the Agreement. Familymeds has notified relevant personnel employed by either FM Group or FM Inc. not to destroy electronic data and to affirmatively preserve electronic and documentary evidence relating to McKesson or the Agreement.

7. <u>Disclosures</u>. Initial disclosures are due on February 14, 2008 and are expected to be timely made.

8. <u>Discovery</u>. No discovery has been taken to date. The scope of anticipated discovery is likely to relate primarily to the defenses raised by FM Group concerning alleged errors in pricing of products sold to FM Group. No limitations on discovery are anticipated at this time. A proposed discovery plan was previously filed and is attached hereto as <u>Exhibit A.</u>

9. <u>Class Actions</u>. Not applicable.

10. <u>Related Cases</u>. None.

11. <u>Damages</u>.

    a. <u>Plaintiff</u>. McKesson seeks:

      (i) $724,574.80 as of October 31, 2007, plus service and other charges that continue to accrue under the express terms of the Agreement; plus

    (ii) an amount according to proof, representing the increased sums that FM Group should have been charged taking into account that FM Group failed to qualify for the lowest price level specified in the Agreement; plus

    (iii) interest, attorneys' fees and costs as permitted under the Agreement and/or by applicable law.

  b. <u>Defendant</u>. Defendant does not seek affirmative monetary recovery against McKesson.

 12. <u>Settlement and ADR</u>. McKesson believes the parties would benefit from Early Neutral Evaluation or "ENE." Familymeds does not believe an ENE would be beneficial and desire to conduct approximately 6 months of discovery and to then submit to private mediation.

 13. <u>Consent to Magistrate Judge for All Purposes</u>. The parties have submitted their consent to have a magistrate judge conduct all proceedings in this action, including trial and entry of judgment.

 14. <u>Other References</u>. The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

 15. <u>Narrowing of Issues</u>. McKesson believes that the issues can be narrowed through a motion for summary judgment based on the express language in the Agreement. Familymeds does not believe such a motion will be successful. No other opportunities for narrowing of issues are perceived at this time.

 16. <u>Expedited Schedule</u>. McKesson believe that this matter would benefit from an expedited schedule. Because of the voluminous nature of the underlying documentation, Familymeds does not.

 17. <u>Scheduling</u>. As is set forth in the Joint Discovery Plan, the parties have set forth the following proposed schedule:

**Proposed Deadlines re Discovery:**

| | |
|---|---|
| Factual discovery cut-off: | July 18, 2008 |
| Expert Designations: | August 1, 2008 |
| Expert Reports: | August 15, 2008 |
| Rebuttal Expert Reports: | August 29, 2008 |
| Expert deposition cut-off: | September 30, 2008 |

**Motion Cut-Off/Pretrial Dates:**

| | |
|---|---|
| Motion hearing cut-off: | October 31, 2008 |
| Pretrial Conference: | Week of November 10, 2008 |

18. <u>Trial</u>. McKesson's counsel estimates the trial length to be 2 days; counsel for Familymeds estimates the trial length will be 4 days. Jury trial is demanded

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. Each party has filed a separate "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. There are no changes to that status.

20. <u>Other Matters that Might Facilitate a Just, Speedy and Inexpensive Disposition of this Action</u>. None.

DATED: February 14, 2008.

HENDERSON & CAVERLY LLP

By: /s/ Maria K. Pum
Maria K. Pum
Attorneys for McKesson Corporation

DATED: February 14, 2008.

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: /s/ Robert C. Gebhardt
Robert C. Gebhardt
Attorneys for Familymeds Group, Inc. and Familymeds, Inc.

5

## PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On February 14, 2008, I served the foregoing:

JOINT CASE MANAGEMENT STATEMENT

on the following parties in this action in the manner set forth below:

Robert C. Gebhardt, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on February 14, 2008.

Quynh N. Nguyen

```
 1  MARIA K. PUM (State Bar No. 120987)
    KRISTEN E. CAVERLY (State Bar No. 175070)
 2  HENDERSON & CAVERLY LLP
    P.O. Box 9144 (all U.S. Mail)
 3  16236 San Dieguito Road, Suite 4-13
    Rancho Santa Fe, CA 92067-9144
 4  Telephone:   (858) 756-6342
    Facsimile:   (858) 756-4732
 5  Email: mpum@hcesq.com

 6  Attorneys for Plaintiff
    McKESSON CORPORATION
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation, | Case No. 4:07-cv-05715 WDB |
| Plaintiff, | **JOINT DISCOVERY PLAN** |
| v. | Complaint Filed: November 9, 2007 |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation, | Counterclaim & Cross-Complaint Filed: December 17, 2007 |
| Defendant. | CMC Date: February 21, 2008<br>Time:     4:00 p.m.<br>Place:    Ctrm 4 |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation, | |
| Counterclaimant, | |
| v. | |
| McKESSON CORPORATION, a Delaware corporation, | |
| Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation, | |
| Cross-Complainant, | |
| v. | |
| McKESSON CORPORATION, a Delaware corporation, | |
| Cross-Defendant. | |

Joint Discovery Plan

**EXHIBIT A**

1  Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, Counterdefendant and Cross-Defendant McKESSON CORPORATION ("McKesson") and Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("FM Group"), together with Cross-Complainant FAMILYMEDS, INC. ("FM Inc.") hereby submit this Joint Discovery Plan to the Court. FM Group and FM Inc. are hereinafter collectively referred to as "Familymeds."

**OVERVIEW OF CASE**

McKesson submits that this is a breach of contract action alleging that FM Group failed to perform a contract between McKesson and FM Group by failing and refusing to pay McKesson the agreed upon purchase price for certain pharmaceutical products.

FM Group submits that it has defenses to the breach of contract claim asserted by McKesson and therefore in its answer asserted affirmative defenses of unclean hands, failure to perform conditions precedent and set off. FM Group also asserts that it has a separate right to an accounting from McKesson. Therefore FM Group, as well as FM Inc., which is a wholly-owned subsidiary of FM Group, filed a pleading entitled "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Counterclaim and Cross-Complaint") in response to the Complaint.

It is McKesson's position that in the Counterclaim and Cross-Complaint, Familymeds asserts a right to an accounting from McKesson and *also* a right to an accounting from D&K HEALTHCARE RESOURCES, INC. ("D&K"), which is a wholly-owned subsidiary of McKesson, but was not named in the Counterclaim and Cross-Complaint as a Cross-Defendant or at all. Familymeds, however, denies this. Familymeds, rather, contends the Counterclaim and Cross-Complaint is clear in that both FM Group and FM Inc. each seek an accounting from McKesson, not D&K, based on respective contractual relationships with McKesson.

McKesson has filed a motion seeking an order dismissing the Counterclaim and Cross-Complaint, which is due to be heard on March 12, 2008, and which Familymeds will oppose.

///
///
///

1

Case No. 4:07-cv-05715 WDB
Joint Discovery Plan

**EXHIBIT A**

# DISCOVERY PLAN

1. The parties held their Rule 26(f) conference on January 23, 2008. Pursuant to that conference, the parties submit the following joint discovery and scheduling plan for consideration in this matter:

**Proposed Deadlines re Discovery:**

| | |
|---|---|
| Factual discovery cut-off: | July 18, 2008 |
| Expert Designations: | August 1, 2008 |
| Expert Reports: | August 15, 2008 |
| Rebuttal Expert Reports: | August 29, 2008 |
| Expert deposition cut-off: | September 30, 2008 |

**Motion Cut-Off/Pretrial Dates:**

| | |
|---|---|
| Motion hearing cut-off: | October 31, 2008 |
| Pretrial Conference: | Week of November 10, 2008 |

2. The parties have agreed to exchange their Rule 26(a) initial disclosures on February 14, 2008.

3. FM Group asserts that a key element of its defense to the Complaint concerns the manner in which McKesson calculated prices charged to FM Group for approximately $290,000,000 in pharmaceutical sales which have taken place since August, 2005, and therefore, this is a principal subject of discovery that FM Group asserts is needed. Familymeds anticipates discovery concerning FM Group's affirmative defenses and the right of Familymeds to an accounting.

4. With respect to apparent issues concerning disclosure or discovery of electronically stored information, the parties discussed the fact that pricing data of McKesson is both proprietary and subject to trade secret protection. Furthermore, McKesson contends that pricing data is not maintained by McKesson in the ordinary course of its business in such a manner that pricing data relevant to FM Group is segregated from pricing information relating to other customers of and suppliers to McKesson. According to McKesson, the pricing data is also voluminous. Familymeds and McKesson agree that a further conference is needed to discuss the means of

2

producing electronic data, including McKesson's ability or willingness to create, summaries and/or reports from its raw data. McKesson believes that it is also likely that email exchanges that FM Group has indicated it will seek in its discovery will be voluminous as will any transaction data. Further discussions will also be required on this topic.

5. The parties have agreed that a protective order will be required with regard to the pricing data that counsel for Familymeds has indicated it will be seeking. No other discovery has yet been identified that will require a protective order or a determination regarding privilege.

6. No changes to the limitations on discovery were required by either party.

7. The parties have not yet identified likely witnesses, nor the timing of depositions other than to agree upon a proposed discovery cut-off date. Neither party anticipates taking more than the statutorily permitted number of depositions.

8. McKesson's counsel estimates the trial length to be 2 days; counsel for Familymeds estimates the trial length will be 4 days.

DATED: January 31, 2008.

HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

DATED: January 31, 2008.

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: _____
Robert C. Gebhardt
Attorneys for Familymeds Group, Inc. and Familymeds, Inc.

3

**EXHIBIT A**

## PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On January 31, 2008, I served the foregoing:

JOINT DISCOVERY PLAN

on the following parties in this action in the manner set forth below:

Robert C. Gebhardt, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on January 31, 2008.

Quynh N. Nguyen

4

Case No. 4:07-cv-05715 WDB
Joint Discovery Plan

**EXHIBIT A**