JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation and Cross-Complainant FAMILYMEDS, INC., a Connecticut corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>Defendant. | CASE NO.    CV075715 WDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT AND COUNTERCLAIMANT FAMILYMEDS GROUP, INC. AND CROSS-COMPLAINANT FAMILYMEDS, INC. IN OPPOSITION TO MOTION OF MCKESSON CORPORATION SEEKING TO DISMISS: (1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACOUNTING; AND (2) CROSS-COMPLAINT FOR ACCOUNTING** |
| FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>Counterdefendant. | Time:   3:00 p.m.<br>Date:   March 12, 2008<br>Place:  Ctrm. 4<br>Judge:  The Hon. Wayne D. Brazil |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>Cross-Defendant. | Complaint filed:       Nov. 9, 2007<br>Counterclaim filed:    Dec. 17, 2007<br>Cross-Complaint Filed: Dec. 17, 2007 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. The Parties ................................................................................................................ 2

    B. The Agreements ........................................................................................................ 2

    C. The Disputes ............................................................................................................. 3

    D. The Complaint .......................................................................................................... 3

    E. The Counterclaim ..................................................................................................... 3

    F. This Motion ............................................................................................................... 4

III. LEGAL DISCUSSION ......................................................................................................... 4

    A. Because FM Inc. Is A Proper Cross-Complainant, This Court Should Deny McKesson's Motion Which Seeks The Absurd Result Of Having FM Inc. Re-File A Separate Action Which Would Be Deemed Related To And Likely Consolidated With This Action ................................................................................. 5

        1. FM Inc. Is A Proper Cross-Complainant Which Is A Joined Party Pursuant To Federal Rule Of Civil Procedure 20(a) ........................................ 5

        2. In The Event That The Court Dismisses FM Inc.'s Cross-Complaint, The Action That FM Inc. Will Separately Re-File Will Inevitably Be Designated Related To And Likely Consolidated With This Action ........... 7

        3. McKesson's Misplaced Reliance On Federal Rule Of Civil Procedure 14 Is Improper And Inapposite ................................................................... 7

    B. Because McKesson Has Not Demonstrated That D&K Is An Indispensable Party, And The Pum Declaration Establishes That It Is Possible To Join D&K, If Necessary, This Court Should Deny McKesson's Motion ....................... 8

        1. McKesson Has Not Carried Its Burden To Demonstrate That D&K Is An Indispensable Party To This Action ....................................................... 8

        2. McKesson's Motion Must Be Denied Because The Declaration Of Maria K. Pum Establishes That D&K Is Available To Be Joined ............... 9

    C. Because FM Inc. States A Claim Against McKesson Upon Which Relief May Be Granted, McKesson's Rule 12(b)(6) Motion Should Be Denied ................ 9

IV. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Arlington v. City of Fairfield, Ala., (414),
 F.2d 687 (5th Cir. 1969) ............................................................................................... 6

Blank v. Olcovich Shoe Corp.,
 20 Cal. App. 2d 456 (1937) ........................................................................................... 6

Cahill v. Liberty Mutual Insurance Co.,
 80 F.3d 336 (9th Cir. 1996) ........................................................................................... 9

Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier,
 17 F.3d 1292 (10th Cir. 1994) ....................................................................................... 8

Donovan v. Robbins,
 588 F. Supp. 1268 (ND IL 1984) ................................................................................... 5

Federman v. Empire Fire & Marine Insurance Co.,
 597 F.2d 798 (2nd Cir. 1979) ........................................................................................ 5

Gilligan v. Jamco Develop. Corp.,
 108 F.3d 246 (9th Cir. 1997) ......................................................................................... 4

Harris v. St. Louis Police Department,
 164 F.3d 1085 (8th Cir. 1998) ....................................................................................... 4

Henz v. Superior Trucking Co., Inc.,
 96 F.R.D. 219 (MD PA 1982) ....................................................................................... 7

Moore v. Comfed Sav. Bank,
 908 F.2d 834 (11th Cir. 1990) ....................................................................................... 6

Neitzke v. Williams,
 490 U.S. 319 (1989) ...................................................................................................... 9

Sever v. Glickman,
 298 F. Supp. 2d 267 (D.C. Conn. 2004) ........................................................................ 8

Shelton v. Exxon Corp.,
 843 F.2d 212 (5th Cir. 1988) ......................................................................................... 5

Shermoen v. United States,
 982 F.2d 1312 (9th Cir. 1992) ................................................................................... 5, 9

# TABLE OF AUTHORITIES
### [Continued]

Page(s)

Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.,
    79 F.3d 480, fn.2 (5th Cir. 1996) ........................................................................... 5

United States v. Redwood City,
    640 F.2d 963 (9th Cir. 1981) .................................................................................. 4

West Peninsular Title Co. v. Palm Beach County,
    41 F.3d 1490 (11th Cir. 1995) ................................................................................ 8

Whann v. Doell,
    192 Cal. 680 (1923) ................................................................................................ 9

**STATUTES**

California Uniform Commercial Code
    § 1303 ...................................................................................................................... 6

**RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ................................................................................................. 1, 9, 10
    Rule 12(b)(7) ..................................................................................................... 4, 8, 9
    Rule 13(g) ......................................................................................................... 5, 6, 7
    Rule 14 ..................................................................................................................... 8
    Rule 20(a) ......................................................................................................*passim*

Federal Rules of Evidence
    Rule 201 .............................................................................................................. 3, 4

United States District Court of California, Northern District Local Rules
    Rule 3-12(a) ............................................................................................................ 7

**TREATISES**

Shwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial § 9:210, p.9-59 (The
    Rutter Group 2007) ................................................................................................. 4

Wright, Miller & Kane, Federal Practice & Procedure § 1431
    at pp. 229-230 (1971) ............................................................................................. 5

1  Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a
2  Connecticut corporation ("FM Group") and Cross-Complainant Familymeds, Inc., a Connecticut
3  corporation ("FM Inc.") (collectively, "Familymeds"), hereby submit the following Memorandum
4  of Points and Authorities of Defendant and Counterclaimant Familymeds Group, Inc. and Cross-
5  Complainant Familymeds, Inc. in Opposition to Motion of McKesson Corporation Seeking to
6  Dismiss: (1) Counterclaim for Specific Performance of Contract and Acounting; and (2) Cross-
7  Complaint for Accounting:

**I.     INTRODUCTION**

McKesson seeks, by this Motion, an order which would have this Court dismiss the Cross-Complaint, thereby requiring FM Inc. to re-file a separate lawsuit that would invariably be designated related to this action. That action would also likely be consolidated with this action. Such a circular and inefficient result is entirely contrary to the intent of the federal pleading scheme which discards formalities and focuses on merits and substance. The only thing such on order would accomplish would be to improperly delay FM Inc.'s claims, increase FM Inc.'s attorneys' fees, and to afford McKesson an improper litigation advantage. Such improper delay tactics by McKesson should neither be tolerated nor condoned.

More importantly, McKesson's Motion is patently defective. The Declaration of Maria K. Pum establishes that D&K is possible to be joined as a party, which thereby mandates denial of McKesson's Rule 12(b)(7) motion. Even if the Pum Declaration did not accomplish this, which it does, McKesson has also failed to carry *its* burden to establish that D&K is an indispensable party, which likewise is another ground for denial of McKesson's Motion.

McKesson's challenge to FM Inc. as a cross-complainant, the procedural basis for which is not set forth in McKesson's Motion, is also deficient. FM Inc. can join as a party pursuant to Federal Rule of Civil Procedure 20(a) and McKesson's reliance on Rule 14 has no application in these circumstances. Further, FM Inc. properly states a claim for relief against McKesson as the successor-in-interest to D&K under the First Agreement.

Accordingly, this Court should deny McKesson's Motion.

///

## II. FACTUAL BACKGROUND

### A. The Parties

**FM Group** FM Group is a reseller of pharmaceutical products. See Counterclaim[1] p.3, ¶14, lines 12-15. FM Group is a Connecticut corporation with its principal place of business in Farmington, Connecticut. Counterclaim p.2, ¶2, lines 8-9. FM Group is the successor by merger to DrugMax, Inc. Counterclaim p.2, ¶7, line 19.

**FM Inc.** FM Inc. is a reseller of pharmaceutical products. See Counterclaim p.3, ¶11, lines 2-6. FM Inc. is a wholly owned subsidiary of FM Group. Counterclaim p.2, ¶7, line 19. FM Inc. is a Connecticut corporation with its principal place of business in Farmington, Connecticut. Counterclaim p.2, ¶3, lines 10-11.

**D&K** D&K Healthcare Resources, Inc. ("D&K") was a wholesale supplier of pharmaceutical products to re-sellers. See Counterclaim p.3, ¶11, lines 2-6. D&K is the predecessor-in-interest to McKesson Corporation ("McKesson") under one of the contractual relationships in issue in this lawsuit (the First Agreement - defined below). Counterclaim p.2, ¶6, lines 16-18.

**McKesson** McKesson is a wholesale supplier of pharmaceutical products to re-sellers. See Counterclaim p.3, ¶14, lines 12-15. McKesson is the successor-in-interest to D&K under the First Agreement (defined below). Counterclaim p.2, ¶6, lines 16-18.

### B. The Agreements

**The First Agreement** On or about December 28, 2004, FM Inc., Valley Drug Company South, and D&K entered into a written Prime Warehouse Supplier Agreement (the "First Agreement"), which provided for D&K to sell and Familymeds and Valley Drug to buy pharmaceutical products for re-sale. See Counterclaim p.3, ¶11, lines 2-6. The First Agreement was amended in writing on December 27, 2005, by and between DrugMax, Inc., FM Inc., and

---

[1] The Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting (the "Counterclaim") filed by FM Group and FM Inc. on December 17, 2007, of which, pursuant to Federal Rule of Evidence 201, Familymeds respectfully requests the Court take judicial notice.

D&K.  See Counterclaim p.3, ¶13, lines 9-11.  McKesson is the successor-in-interest to D&K under the First Agreement.  Counterclaim p.2, ¶6, lines 16-18.

**The Second Agreement**  On or about February 2, 2007, Familymeds Group and McKesson entered into a written Supply Agreement (the "Second Agreement") which provided for McKesson to sell and FM Group to buy pharmaceutical products for re-sale.  See Counterclaim p.3, ¶14, lines 12-15.

### C.    The Disputes

**FM Group and McKesson**  In September 2007, McKesson demanded from FM Group certain amounts allegedly due and owing under the Second Agreement.  See Counterclaim p.3, ¶16, lines 18-20.  FM Group, however, could not ascertain the validity of this demand, which appeared improper.  Id.  Accordingly, on September 18, 2007, FM Group requested from McKesson documentation supporting the amounts claimed to be due and owing - McKesson refused this request.  See Counterclaim p.3, ¶17, lines 21-25, ¶19, line 28.

**FM Inc. and McKesson**  At the time McKesson became D&K's successor-in-interest under the First Agreement (as drafted and amended), D&K owed to FM Inc. significant credits and off-sets.  See Counterclaim p.2, ¶6, lines 16-18, p.5 ¶38, lines 25-27.  McKesson, however, wrongfully withheld and refused to honor these credits.  Id.

### D.    The Complaint

On November 9, 2007, McKesson filed its Complaint for Breach of Contract against FM Group in the above-referenced court (the "Complaint").[2]  In the Complaint, McKesson seeks to enforce amounts allegedly due and owing from FM Group under the Second Agreement.  See Complaint.

### E.    The Counterclaim

On December 17, 2007, FM Group and FM Inc. filed the Counterclaim.  In the Counterclaim, FM Group seeks an accounting under contract and in equity from McKesson under

---

[2] Pursuant to Federal Rule of Evidence 201, Familymeds respectfully requests the Court take judicial notice of the Complaint.

1  the Second Agreement.  <u>See</u> Counterclaim p.4 line 7 through p.5 line 18, ¶¶ 21-35.  FM Inc.

2  likewise seeks an accounting in equity from McKesson for the credits McKesson improperly

3  withheld from FM Inc.  <u>See</u> Counterclaim p.5 line 19 through p.6 line 3, ¶¶ 36-40.

4  **F.    This Motion**

5  On January 14, 2008, McKesson filed its Motion to Dismiss: (1) Counterclaim for

6  Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting (the

7  "Motion").[3]  In the Motion, McKesson requests the Court dismiss the *entire* Counterclaim, arguing

8  that FM Inc. is not a proper Cross-Complainant.[4]  <u>See</u> Motion, p.3 line 8 through p.4 line 2.

9  McKesson argues that the *entire* Counterclaim should be dismissed for failure to join D&K as a

10 defendant.  <u>See</u> Motion, p.4 line 3 through p.5 line 10.  McKesson also argues that FM Inc.'s claim

11 against McKesson should be dismissed for failure to state a claim upon which relief may be granted.

12 <u>See</u> Motion, p.5 line 11 through line 17.

13 **III.   LEGAL DISCUSSION**

14 Motions to dismiss are disfavored because of the lesser role pleadings play in federal

15 practice and the liberal policy regarding amendment.  <u>See</u> Shwarzer, Tashima, & Wagstaffe, <u>Federal

16 Civil Procedure Before Trial</u> § 9:210, p.9-59 (The Rutter Group 2007); <u>Harris v. St. Louis Police

17 Dep't</u>, 164 F.3d 1085 (8th Cir. 1998).  A motion to dismiss under Federal Rule of Civil Procedure

18 12(b)(6) ("Rule 12(b)(6)") is only proper in "extraordinary" circumstances.  <u>United States v.

19 Redwood City,</u> 640 F2d 963, 966 (9th Cir. 1981).  As explained by the Ninth Circuit:

20    …The motion to dismiss for failure to state a claim is viewed with
      disfavor and is rarely granted.  <u>Gilligan v. Jamco Develop. Corp.</u>, 108
21    F.3d 246, 249 (9th Cir. 1997).

22 Similarly, a motion to dismiss for failure to join a party pursuant to Federal ` of Civil

23 Procedure 12(b)(7) will **<u>only</u>** be granted if the court determines:

24    (1)    The party is, in fact, "indispensable;" and

---

[3] Pursuant to Federal Rule of Evidence 201, Familymeds respectfully requests the Court take judicial notice of the Motion.

[4] McKesson, however, fails to indicate the procedural basis for this challenge.

PRINTED ON
RECYCLED PAPER
669864v1
- 4 -
CV075715 WDB
MEMO OF POINTS AND AUTH. IN OPP. TO
MOTION TO DISMISS

1	(2)	Joinder of the party is **not** possible.

2	Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992)

3	Thus, if the party is merely "necessary," a motion to dismiss will be denied "except
4	in the most exceptional cases" even if the necessary party cannot be joined. Shelton v. Exxon
5	Corp., 843 F.2d 212, 216 (5th Cir. 1988).

6	In this case, the drastic relief McKesson seeks simply is not warranted. FM Inc. is a
7	proper Cross-Complainant which is properly joined as a party pursuant to Federal Rule of Civil
8	Procedure 20(a). Further, McKesson has not demonstrated that D&K is an indispensable party, and
9	the Pum Declaration (defined herein) establishes that joinder of D&K is possible. Moreover, FM
10	Inc. sufficiently states a claim for relief against McKesson. As such, the Court should deny
11	McKesson's Motion.

12	**A.	Because FM Inc. Is A Proper Cross-Complainant, This Court Should Deny McKesson's Motion Which Seeks The Absurd Result Of Having FM Inc. Re-File A Separate Action Which Would Be Deemed Related To And Likely Consolidated With This Action**
13
14
15	**1.	FM Inc. Is A Proper Cross-Complainant Which Is A Joined Party Pursuant To Federal Rule Of Civil Procedure 20(a)**

16	A cross-complaint is a claim against a co-party which arises out of the transaction or
17	occurrence that is the subject matter of the action or counterclaim. Federal Rule of Civil Procedure
18	13(g). What constitutes the "same transaction or occurrence" is generally interpreted under the
19	same standards applied to compulsory counterclaims. Federman v. Empire Fire & Marine Ins. Co.,
20	597 F2d 798, 811 (2nd Cir. 1979). That is, a court looks to factors such as whether both claims
21	involve common evidence, common issues of law and fact, and if there is a logical relationship
22	between the claims. See Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix,
23	Ltd., 79 F.3d 480, 483, fn.2 (5th Cir. 1996).

24	Cross-complaints are intended to avoid a multiplicity of lawsuits and inconsistent
25	adjudications on related claims. See Donovan v. Robbins, 588 F.Supp. 1268 (ND IL 1984). In
26	keeping with this policy, courts generally construe Federal Rule of Civil Procedure 13(g) liberally
27	to settle as many related claims as possible in a single action. See Wright, Miller & Kane, Federal
28	Practice & Procedure § 1431 at pp. 229-230 (1971).

1  When a claim arises out of the same series of occurrences as a claim already brought,
2  and the claims present common questions of law or fact, it is proper for a court to allow a third-
3  party, such as FM Inc., to join as a party to the lawsuit. See Federal Rule of Civil Procedure 20(a);
4  Moore v. Comfed Sav. Bank, 908 F.2d 834, 839 (11th Cir. 1990). A court has discretion to allow
5  such a joinder to prevent delay or prejudice. See Arlington v. City of Fairfield, Ala., (414) F.2d
6  687, 693 (5th Cir. 1969).

7  In this case, the ongoing business relationship between the parties was virtually
8  seamless. FM Inc. is a wholly owned subsidiary of FM Group. Both FM Inc. and FM Group
9  purchased pharmaceutical products from McKesson, either directly, or as the successor-in-interest
10 to D&K.[5] The longstanding and ongoing business relationship amongst the parties involve the same
11 persons, facilities, and products - irrespective of what corporate shell/iteration was on contract at the
12 time. This is of significant import, because in situations involving the sales of goods, such as these,
13 the course of conduct of the parties guides contractual interpretation. See Cal. U. Com. Code §
14 1303.  Further, the nature of FM Inc.'s and FM Group's disputes with McKesson are parallel:
15 improperly withheld credits and pricing discrepancies. Thus, the dealings between FM Group and
16 McKesson, and the dealings between FM Inc. and McKesson (as successor-in-interest to D&K
17 under the First Agreement) are inextricably intertwined, involve common questions of law and fact,
18 and therefore, arise under the same transaction or occurrence. Separating these matters will
19 invariably require duplicative proceedings which will act to prejudice the parties and waste judicial
20 resources.

21 Accordingly, because the claims of FM Inc. and FM Group involve the same
22 transaction or occurrence, to conserve judicial resources and avoid prejudice to the parties, this
23 Court should find that FM Inc. is properly joined as a party pursuant to Federal Rule of Civil
24 Procedure 20(a) and that its Cross-Complaint against McKesson is proper pursuant to Federal Rule
25 of Civil Procedure 13(g).

---

[5] As a general rule, a successor corporation is liable for the debts, credits, and offsets of the predecessor corporation. See Blank v. Olcovich Shoe Corp., 20 Cal.App.2d 456, 461 (1937).

**2. In The Event That The Court Dismisses FM Inc.'s Cross-Complaint, The Action That FM Inc. Will Separately Re-File Will Inevitably Be Designated Related To And Likely Consolidated With This Action**

The dilatory nature of McKesson's challenge to FM Inc.'s Cross-Complaint becomes clear when evaluating the relief McKesson seeks: to have this Court dismiss FM Inc.'s Cross-Complaint, which will require FM Inc. to re-file its claim as a separate action which will inevitably be deemed related to and likely consolidated with this action.

In considering whether a case is related to another, the court examines whether the actions concern substantially the same parties, property, transaction or event, and if it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. See Local Rule 3-12(a).

In this case, as discussed above, the claims of FM Group and FM Inc. are inextricably intertwined, involve the same longstanding pharmaceutical purchasing relationship from McKesson, common witnesses, facts, legal issues, and the same series of events. Thus, if this Court were to dismiss FM Inc.'s Cross-Complaint, then FM Inc. would re-file a separate action which would be designated related to and consolidated with this action. Thus, the relief McKesson seeks is an idle act which will only create additional unnecessary proceedings and actions. This is contrary to the intent of Federal Rule of Civil Procedure 13(g) - which is to conserve resources and avoid duplicative and unnecessary proceedings. Accordingly, the Court should deny McKesson's Motion and let FM Inc.'s Cross-Complaint stand.

**3. McKesson's Misplaced Reliance On Federal Rule Of Civil Procedure 14 Is Improper And Inapposite**

It is worth noting that McKesson inaccurately argues that Federal Rule of Civil Procedure 14 ("Rule 14") governs whether FM Inc. can be added as a party. Rule 14 governs what third-parties can be implead into an action *by a defendant* - **not** what third-parties, such as FM Inc., can join an action to assert a claim against a party. See Henz v. Superior Trucking Co., Inc., 96 F.R.D. 219, 220 (MD PA 1982). McKesson's application of this rule to these circumstances is

inapposite.[6] FM Inc. is *not* a defendant and is *not* seeking to implead a non-party. FM Inc., rather, is a third-party seeking to join this action to assert a claim against party in this action. As such, McKesson's arguments based on Rule 14 are neither applicable nor persuasive and this Court should deny McKesson's Motion.

### B. Because McKesson Has Not Demonstrated That D&K Is An Indispensable Party, And The Pum Declaration Establishes That It Is Possible To Join D&K, If Necessary, This Court Should Deny McKesson's Motion

#### 1. McKesson Has Not Carried Its Burden To Demonstrate That D&K Is An Indispensable Party To This Action

In a motion pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), it is the burden of the moving party to show the nature of the unprotected interests of the absent individuals and the possibility of injury to them or the parties caused by their absence. West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490 (11th Cir. 1995). To satisfy this burden, the moving party must present affidavits of persons having knowledge of these interests as well as other relevant evidence. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292 (10th Cir. 1994).

McKesson has not made such a showing. McKesson, rather, has merely made the conclusory argument that D&K, as an original signatory to the First Agreement, should be joined as a party - this falls short. McKesson has not, and cannot, refute the fact that McKesson is the successor-in-interest to D&K under the First Agreement. This is what FM Inc. properly alleges. The fact that D&K may still exist as an empty corporate shell does not change this. A Rule 12(b)(7) motion will not be granted, in circumstances such as these, because of a vague possibility that persons who are not parties may have an interest in the action. See Sever v. Glickman, 298 F.Supp.2d 267 (D.C. Conn. 2004). McKesson simply has not carried its burden to establish that D&K is indispensable, and therefore, McKesson's Motion should be denied.

///

---

[6] Equally problematic is McKesson's failure to cite to the procedural basis for its challenge to FM Inc.'s Cross-Complaint.

### 2. McKesson's Motion Must Be Denied Because The Declaration Of Maria K. Pum Establishes That D&K Is Available To Be Joined

An essential element to a Rule 12(b)(7) motion is that the indispensable party cannot be joined. See Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992). McKesson, however, negates this very element with the Declaration of Maria K. Pum[7] submitted in support of its Motion. In that declaration, Ms. Pum declares "D&K continues to exists as a separate corporate entity." See Pum Declaration, p.2, ¶4, line 8. While this statement does not in any way establish that D&K is indispensable to this action, it does establish that D&K may still be joined as a party. This negates a crucial element of McKesson's Motion, which therefore, must be denied.

### C. Because FM Inc. States A Claim Against McKesson Upon Which Relief May Be Granted, McKesson's Rule 12(b)(6) Motion Should Be Denied

In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true - no matter how unlikely, and determine whether plaintiff can prove *any* set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F3d 336, 337–338 (9th Cir. 1996); Neitzke v. Williams, 490 US 319, 328–329 (1989).

In this case, FM Inc. seeks an accounting in equity from McKesson. To state a claim for an accounting, FM Inc. need only allege: 1) a relationship between the parties or other circumstances that require an accounting in equity; and 2) that an unknown balance is due and cannot be ascertained without an accounting, the means of which are in the knowledge of the defendant. See Whann v. Doell, 192 Cal. 680, 684 (1923). FM Inc. properly alleges these elements.

In the Counterclaim, FM Inc. alleges that it entered into the First Agreement with D&K. See Counterclaim p.3, ¶11, lines 2-6. FM Inc. alleges that McKesson became the successor-

---

[7] The Declaration of Maria K. Pum in Support of Amended Motion of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting (the "Pum Declaration"), of which, pursuant to Federal Rule of Evidence 201, Familymeds respectfully requests the Court take judicial notice.

1   in-interest to D&K under the First Agreement. Counterclaim p.2, ¶6, lines 16-18. FM Inc. further
2   alleges that at the time McKesson became D&K's successor-in-interest under the First Agreement
3   (as drafted and amended), D&K owed to FM Inc. significant credits and off-sets. See Counterclaim
4   p.2, ¶6, lines 16-18, p.5 ¶38, lines 25-27. FM Inc. further alleges McKesson wrongfully withheld
5   and refused to honor these credits. Id. FM Inc. alleges that the amounts of these credits due to FM
6   Inc. cannot be ascertained without an accounting, the means of which are in the knowledge of the
7   McKesson. Id. FM Inc. alleges that as a result, a relationship exists between FM Inc. and
8   McKesson, and circumstances require, that McKesson provide to FM Inc. an accounting in equity.
9   See Counterclaim p.5, ¶37, lines 23-24. FM Inc. also alleges that such an accounting is necessary,
10  that McKesson has the ability to provide such an accounting, and that no adequate remedy at law is
11  available to FM Inc. See Counterclaim p.5 line 28 through p.6 line 2, ¶¶ 39-40.

12  Accordingly, FM Inc. makes the requisite allegations to state a claim for relief
13  against McKesson for an accounting, and as such, this Court should deny McKesson's Motion.

## IV. CONCLUSION

15  McKesson's Motion is a dilatory tactic which seeks the outlandish result of this
16  Court dismissing FM Inc.'s Cross-Complaint, thereby requiring FM Inc. to re-file another lawsuit
17  which will inevitably be designated related to and consolidated with this action. Such a delay and
18  waste of judicial resources is contrary to the policies of federal practice. The only thing this would
19  accomplishe is to afford McKesson an improper litigation advantage by increasing Familymeds'
20  legal expenses - such a motive is neither proper nor should be condoned.

21  Additionally, McKesson has failed to carry its burden to establish that D&K is
22  indispensable party which cannot be joined. Point of fact, the Pum Declaration negates a key
23  element of McKesson's own motion by establishing that D&K is able to be joined. As such
24  McKesson's Rule 12(b)(7) challenge should be denied.

25  Further, McKesson's Rule 12(b)(6) challenge fails because FM Inc. clearly sets forth
26  a claim against McKesson - the successor-in-interest to D&K under the First Agreement.

27  ///
28  ///

- 10 -   CV075715 WDB
MEMO OF POINTS AND AUTH. IN OPP. TO
MOTION TO DISMISS

669864v1

1    Accordingly, this Court should deny McKesson's Motion, which is nothing more
2  than a transparent and improper delay tactic grounded in improper motive.

4  DATED: February 20, 2007              JEFFER, MANGELS, BUTLER & MARMARO LLP
                                          ROBERT C. GEBHARDT
                                          MICHAEL A. GOLD
                                          MATTHEW S. KENEFICK

                                          By: /s/ Matthew S. Kenefick
                                             MATTHEW S. KENEFICK
                                          Attorneys for Defendant FAMILYMEDS GROUP,
                                          INC., f/k/a DRUGMAX, INC., a Connecticut
                                          corporation and Cross-Complainant FAMILYMEDS,
                                          INC., a Connecticut corporation

PRINTED ON
RECYCLED PAPER
669864v1
- 11 -    CV075715 WDB
MEMO OF POINTS AND AUTH. IN OPP. TO
MOTION TO DISMISS