MARIA K. PUM (State Bar No. 120987)
KRISTEN E. CAVERLY (State Bar No. 175070)
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Telephone:   (858) 756-6342
Facsimile:    (858) 756-4732
E-mail: mpum@hcesq.com

Attorneys for Plaintiff
McKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>             Plaintiff,<br>v.<br><br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>             Defendant.<br>_____<br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>             Counterclaimant,<br>v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>             Counterdefendant. | Case No. 4:07-cv-05715 WDB<br><br>**ANSWER OF McKESSON CORPORATION TO:**<br><br>**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**<br><br>**(2) CROSS-COMPLAINT FOR ACCOUNTING**<br><br>Complaint Filed: November 9, 2007<br>Cross-Complaint Filed: December 17, 2007<br><br>Date: (No hearing necessary.) |

McKESSON CORPORATION, a Delaware corporation ("McKesson") responds to the allegations made by FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group") against McKesson in the "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Counterclaim & Cross-Complaint") filed by Familymeds Group and by its affiliate, FAMILYMEDS, INC., a Connecticut corporation ("Affliate"). This Answer does not answer (or assert affirmative defenses to) the allegations made by Affiliate in the

1

Counterclaim & Cross-Complaint, because the Court ruled at the Case Management Conference held on May 5, 2008 that Affiliate was not properly added as a party to the instant action.

## JURISDICTION

1. In answer to paragraph 1 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

2. In answer to paragraph 2 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

3. In answer to paragraph 3 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

4. In answer to paragraph 4 of the Counterclaim & Cross-Complaint, McKesson lacks sufficient information to admit or deny whether Affiliate is a wholly owned subsidiary of Familymeds Group and on that basis denies all of the allegations contained therein.

5. In answer to paragraph 5 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

6. In answer to paragraph 6 of the Counterclaim & Cross-Complaint, McKesson admits it acquired the stock of D&K Healthcare Resources, Inc. in 2005. Except as expressly admitted, McKesson denies each and every allegation of paragraph 6 of the Counterclaim & Cross-Complaint.

7. In answer to paragraph 7 of the Counterclaim & Cross-Complaint, McKesson lacks sufficient information and belief to admit or deny the allegations in said paragraph and on that basis denies each and every allegation contained therein.

8. In answer to paragraph 8 of the Counterclaim & Cross-Complaint, McKesson admits that Familymeds Group contends that it has claims against McKesson that exceed $75,000. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 8 of the Counterclaim & Cross-Complaint.

///

///

///

2

Case No. 4:07-cv-05715 WDB
Answer of McKesson Corporation

9. In answer to paragraph 9 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

10. In answer to paragraph 10 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

11. In answer to paragraph 11 of the Counterclaim & Cross-Complaint, McKesson lacks sufficient information and belief to admit or deny the allegations in said paragraph and on that basis denies each and every allegation contained therein.

12. In answer to paragraph 12 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

13. In answer to paragraph 13 of the Counterclaim & Cross-Complaint, McKesson lacks sufficient information and belief to admit or deny the allegations in said paragraph and on that basis denies each and every allegation contained therein.

14. In answer to paragraph 14 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

15. In answer to paragraph 15 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

16. In answer to paragraph 16 of the Counterclaim & Cross-Complaint, McKesson admits that in September, 2007 it made demand on Familymeds Group for an amount due and owing under the so-called Second Agreement. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 16 of the Counterclaim & Cross-Complaint.

17. In answer to paragraph 17 of the Counterclaim & Cross-Complaint, McKesson admits that Familymeds Group sent a letter on or about September 18, 2007 requesting documentation from McKesson. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 17 of the Counterclaim & Cross-Complaint.

18. In answer to paragraph 18 of the Counterclaim & Cross-Complaint, McKesson admits the allegations contained therein.

19. In answer to paragraph 19 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

20.    In answer to paragraph 20 of the Counterclaim & Cross-Complaint, McKesson denies the allegations contained therein.

**FIRST CLAIM FOR RELIEF**
Familymeds Group against McKesson
(Specific Performance of Contract)

21.    In answer to paragraph 21 of the Counterclaim & Cross-Complaint, McKesson incorporates by reference each of the responses it made in each of the preceding paragraphs 1 through 20 of this Answer to the corresponding paragraphs 1 through 20 of the Counterclaim & Cross-Complaint incorporated into Paragraph 21 of the Counterclaim & Cross-Complaint as though fully set forth herein.

22.    In answer to paragraph 22 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

23.    In answer to paragraph 23 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

24.    In answer to paragraph 24 of the Counterclaim & Cross-Complaint, McKesson admits that the terms of the so-called Second Agreement are sufficiently precise, certain, and definite for enforcement by this Court. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 24 of the Counterclaim & Cross-Complaint.

25.    In answer to paragraph 25 of the Counterclaim & Cross-Complaint, McKesson admits that the terms of the so-called Second Agreement are fair, just and reasonable under the circumstances known to McKesson, and that adequate consideration was provided by and to all parties. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 25 of the Counterclaim & Cross-Complaint.

26.    In answer to paragraph 26 of the Counterclaim & Cross-Complaint, McKesson admits that the terms of the so-called Second Agreement are mutually available and can be enforced by and against either Familymeds Group or McKesson. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 26 of the Counterclaim & Cross-Complaint.

27. In answer to paragraph 27 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

28. In answer to paragraph 28 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

29. In answer to paragraph 29 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

30. In answer to paragraph 30 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF
Familymeds Group against McKesson
(Accounting)

31. In answer to paragraph 31 of the Counterclaim & Cross-Complaint, McKesson incorporates by reference each of the responses it made in each of the preceding paragraphs 1 through 20 of this Answer to the corresponding paragraphs 1 through 20 of the Counterclaim & Cross-Complaint incorporated into paragraph 31 of the Counterclaim & Cross-Complaint as though fully set forth herein.

32. In answer to paragraph 32 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

33. In answer to paragraph 33 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

34. In answer to paragraph 34 of the Counterclaim & Cross-Complaint, McKesson admits that given enough resources it has the ability to account to Familymeds Group. Except as expressly admitted, McKesson denies each and every allegation contained in paragraph 34 of the Counterclaim & Cross-Complaint.

35. In answer to paragraph 35 of the Counterclaim & Cross-Complaint, McKesson denies each and every allegation contained therein.

///

///

### THIRD CLAIM FOR RELIEF
Affiliate against McKesson
(Accounting)

36. Based on the Court's ruling at the Case Management Conference held on May 5, 2008 that Affiliate was not properly added as a party to the instant action, and the allegations made in paragraphs 36 through 40 of the Counterclaim & Cross-Complaint are alleged solely by Affiliate against McKesson, no further response to the allegations made in paragraphs 36 through 40 of the Counterclaim & Cross-Complaint is required, though if it were, McKesson would (a) incorporate by reference the responses it made in each of the preceding paragraphs 1 through 20 of this Answer in response to paragraph 36, and would otherwise deny each and every allegations made in paragraphs 37 through 40 of the Counterclaim & Cross-Complaint.

### AFFIRMATIVE DEFENSES

37. In addition to the foregoing admissions and denials, McKesson is informed and believes that one or more of the following affirmative defenses are applicable to the Counterclaim & Cross-Complaint and each cause of action therein:

**First Affirmative Defense**
**(Failure to State a Claim)**

38. The Counterclaim & Cross-Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against McKesson and should be dismissed

**Second Affirmative Defense**
**(Waiver)**

39. Familymeds, by its acts, conduct and/or failure to act, has waived any and all claims as alleged in the Counterclaim & Cross-Complaint.

**Third Affirmative Defense**
**(Excuse)**

40. McKesson has been excused from performance of any of the obligations or agreements alleged by Familymeds as remaining owing by McKesson to Familymeds.

///

### Fourth Affirmative Defense
### (Laches)

41. Any and all claims as alleged in the Counterclaim & Cross-Complaint are barred by the doctrine of laches.

### Fifth Affirmative Defense
### (Estoppel)

42. Familymeds is estopped by action of law and/or conduct from maintaining the actions set forth in the Counterclaim & Cross-Complaint.

### Sixth Affirmative Defense
### (Statute of Limitations)

43. The Counterclaim & Cross-Complaint and each and every cause of action alleged therein are barred by the applicable statute of limitations.

### Seventh Affirmative Defense
### (Setoff)

44. If any liability is attributed to McKesson, which liability is expressly denied, Familymeds may not recover any damages because McKesson is entitled to a set-off and/or credit greater than the amount Familymeds now claims McKesson owes.

### Eighth Affirmative Defense
### (Bad Faith)

45. McKesson alleges, on information and belief, that the Counterclaim & Cross-Complaint was (and is) filed in bad faith, has no merit, is frivolous and is designed to cause unnecessary delay. As a result and/or pursuant to California Code of Civil Procedure § 128.5, McKesson is entitled to recover attorneys' fees and costs from Familymeds relating to the Counterclaim & Cross-Complaint and otherwise in defending the action commenced by the Complaint.

### Ninth Affirmative Defense
### (Unclean Hands)

46. The Counterclaim & Cross-Complaint and each and every cause of action alleged therein are barred by Familymeds' unclean hands.

///

### Tenth Affirmative Defense
### (Failure of Condition Precedent)

47. The Counterclaim & Cross-Complaint and each and every cause of action alleged therein are barred because as a condition precedent to raising any claims against McKesson, Familymeds must pay McKesson all sums claimed to be due and owing.

### **RESERVATION OF RIGHTS**

48. McKesson presently has insufficient knowledge or information on which to form a belief as to whether McKesson may have additional, as yet unstated, affirmative defenses available. McKesson hereby reserves the right to assert additional defenses in the event that discovery indicates that such would be appropriate.

### **PRAYER**

WHEREFORE, McKesson prays that:

1. Familymeds take nothing by the Counterclaim & Cross-Complaint;

2. The Counterclaim & Cross-Complaint be dismissed and McKesson be awarded costs incurred in defending the allegations in the Counterclaim & Cross-Complaint (including attorney's fees); and

3. For such other, further and different relief as the court may deem just and proper.

DATED: May 19, 2008.                      HENDERSON & CAVERLY LLP

By: _____
    Maria K. Pum
    Attorneys for McKesson Corporation

# PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On May 19, 2008, I served the foregoing:

**ANSWER OF McKESSON CORPORATION TO: (1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND (2) CROSS-COMPLAINT FOR ACCOUNTING**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on May 19, 2008.

_____
Quynh N. Nguyen