JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut corporation and FAMILYMEDS GROUP, INC. a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FAMILYMEDS, INC., a Connecticut corporation; and FAMILYMEDS GROUP, INC. a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, a Delaware corporation; and D&K HEALTHCARE RESOURCES LLC, a Delaware limited liability company, f/k/a D&K HEALTHCARE RESOURCES, INC., a Delaware corporation,<br><br>Defendants. | CASE NO.   CV082850 BZ<br>*RELATED* CASE NO.   CV075715 WDB<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br>**[Local Rule 3-12(b)]**<br><br>**Accompanying Papers**: Request for Judicial Notice; Kenefick Declaration; and (Proposed) Order<br><br>Complaint filed:   June 6, 2008<br>Trial date:   none set |

## I. INTRODUCTION

Plaintiffs Familymeds, Inc., a Connecticut corporation ("**Familymeds, Inc.**") and Familymeds Group, Inc. a Nevada corporation, f/k/a DrugMax, Inc., a Nevada corporation ("**Familymeds Group**") (collectively, "**Plaintiffs**"), pursuant to Local Rule 3-12, hereby request that the matter of *Familymeds Inc. etc., et al. v. McKesson Corporation etc., et al.*, Northern District of California Case Number CV082850 BZ, filed on June 6, 2008 (the "**Second Action**") be deemed related to the matter of *McKesson Corporation v. Familymeds Group etc.*, Northern District of California Case Number CV075715 WDB, filed on November 9, 2007 (the "**First Action**"),[1] and be re-assigned to Honorable Wayne D. Brazil, the Court before which the earlier filed and numbered First Action is pending.

## II. BACKGROUND

### A. The First Action

On November 9, 2007, McKesson Corporation ("**McKesson**") filed its Complaint for Breach of Contract against Familymeds Group in the above-referenced Court (the "**First Complaint**").[2]

**The Parties**. Familymeds Group, as well as Familymeds, Inc., its wholly owned subsidiary, are resellers of pharmaceutical products. See Counterclaim[3] ¶¶ 7, 11, 14, p.2, line 19, p.3, lines 2-6, 12-15. McKesson and its wholly owned subsidiary D&K Healthcare Resources, LLC ("**D&K**") are wholesale suppliers of pharmaceutical products to re-sellers. See Counterclaim ¶¶ 11, 14, p.3, lines 2-6, 12-15.

**The Agreements**. On or about December 28, 2004, Familymeds Inc., Valley Drug Company South, and D&K entered into a written Prime Warehouse Supplier Agreement (the "**First

---

[1] The First Action and Second Action are collectively referred to herein as the "**Actions**."

[2] See **Exhibit 1** to the accompanying Request for Judicial Notice in Support of Administrative Motion to Consider Whether Cases Should be Related [Local Rule 3-12(b)] (the "**Request for Judicial Notice**").

[3] The Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting (the "**Counterclaim**") attached as **Exhibit 2** to the Request for Judicial Notice.

1 **Agreement**"), which provided for D&K to sell and Familymeds Inc. and Valley Drug to buy
2 pharmaceutical products for re-sale.  See Counterclaim ¶11, p.3, lines 2-6.  The First Agreement
3 was amended in writing on December 27, 2005, by and between DrugMax, Inc. ("**DrugMax**"),
4 Familymeds Inc., and D&K (the First Agreement, as amended, the "**First Amendment**").  See
5 Counterclaim ¶13, p.3, lines 9-11.  On or about February 2, 2007, Familymeds Group and
6 McKesson entered into a written Supply Agreement (the "**Second Agreement**") which provided for
7 McKesson to sell and Familymeds Group to buy pharmaceutical products for re-sale.[4]  See
8 Counterclaim ¶14, p.3, lines 12-15.

9 **The Request**.  In a letter dated September 18, 2007, from James Searson, a director and
10 officer of both Familymeds Inc. and Familymeds Group, and addressed to Ana Schrank of
11 McKesson, Mr. Searson requested certain documentation pertaining to the accuracy of the pricing
12 extended in the transactions amongst the parties (the "**Request**") - this Request was refused.  See
13 Counterclaim ¶¶ 17, 19, p.3, lines 21- 28.

14 **The Complaint**.  On November 9, 2007, McKesson filed its complaint to enforce amounts
15 allegedly due and owing by Familymeds Group under the Second Agreement.  See First Complaint.

16 **The Counterclaim**.  On December 17, 2007, Familymeds Group and Familymeds Inc. filed
17 the Counterclaim seeking an accounting under contract and in equity.  See Counterclaim ¶¶ 21-40,
18 p.4, line 7 through p.6, line 3.

19 **The Motion To Dismiss**.  On January 14, 2008, McKesson filed its Motion to Dismiss: (1)
20 Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for
21 Accounting (the "**Motion**").[5]  On May 5, 2008, the Court denied the Motion without prejudice,
22 directing Familymeds Inc. to either file a motion to join in the First Action, or to file a separate
23 action.[6]

---

[4] It is worth noting that both the First Amendment and Second Agreement were executed by Paul C. Julian of McKesson Corporation.  See Second Complaint (defined herein) ¶19, p.4, lines 12-14.

[5] See **Exhibit 3** to Request for Judicial Notice.

[6] See **Exhibit 4** to Request for Judicial Notice.

**B.     The Second Action**

On June 6, 2008, Plaintiffs filed their Complaint for Specific Performance of Contract and Accounting (the "**Second Complaint**").[7]

**Parties**.  Familymeds Group and Familymeds Inc. are Plaintiffs in the Second Action.  See Second Complaint p.1 lines 20-25.  McKesson and D&K, its wholly-owned subsidiary, are the named defendants.  See Id.; Second Complaint ¶ 7, p.2, lines 21-25.

**The Agreement**.  The First Amendment is the agreement in-issue in the Second Action.  See Second Complaint ¶17, p.4, lines 3-9.  McKesson's San Francisco corporate and legal departments negotiated and drafted the First Amendment.  See Second Complaint ¶18, p.4, lines 10-11.  Under the First Amendment, Plaintiffs were required to participate in the McKesson OneStop Generics Program, invoices were originated from McKesson, notices were to be provided to McKesson, and payments were to be sent to McKesson.  See Second Complaint ¶¶ 20-25, p.4, line 15 through p.5 line 8.

**The Request**.  Under the First Amendment, D&K is contractually obligated to provide to Plaintiffs sufficient information to perform an accounting (the "**Accounting Obligation**").  See Second Complaint ¶ 23, p.4, line 23 through p.5 line 2.  Plaintiffs are also entitled to an accounting in equity from both D&K and McKesson.  See Second Complaint ¶¶ 48-67, p.7 line 20 through p.9 line 14.  On September 18, 2007, Plaintiffs made the Request, which was wrongfully denied.  See Second Complaint ¶¶ 26-29, p.5 lines 10-24.

Because the Actions concern substantially the same parties, property, transactions, events, and questions of law, the Actions are therefore related and the Second Action should be re-assigned to Honorable Wayne D. Brazil.

**III.    DISCUSSION**

In considering whether a case is related to another, and whether to re-assign the matter, the court examines whether:

   (1) The actions concern substantially the same parties, property,

---

[7] See **Exhibit 5** to Request for Judicial Notice

731792v1                                    - 3 -        CASE NO. CV082850 BZ
                                                          MOTION RE RELATED CASES

PRINTED ON
RECYCLED PAPER

transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Local Rule 3-12(a).

### A. The Actions Concern Substantially The Same Parties, Property, Transaction Or Event

**The Same Parties**.  The Actions involve the same parties: Familymeds Group and McKesson, as well as their respective wholly owned subsidiaries (Familymeds, Inc. and D&K).

**The Same Transactions or Events**.  The ongoing business relationship between the parties was virtually seamless.  Familymeds Inc. is a wholly owned subsidiary of Familymeds Group; likewise, D&K is a wholly owned subsidiary of McKesson.  Familymeds, Inc. and Familymeds Group purchased pharmaceutical products from McKesson and D&K.  The First Amendment was negotiated and drafted by McKesson, notices thereunder were required to be sent to McKesson, the First Amendment included as a term the mandatory participation in the McKesson OneStop Generics Program, and McKesson sent the invoices and received payment under the First Amendment - all of these aspects are also present in the Second Agreement.  The longstanding and ongoing business relationship amongst the parties involves the same persons, facilities, and products - irrespective of what corporate shell/iteration was on contract at the time.  This is of significant import, because in situations involving the sales of goods, such as these, the course of conduct of the parties guides contractual interpretation.  See Cal. U. Com. Code § 1303.  Further, the nature of Plaintiffs' respective disputes with D&K and McKesson are parallel: improperly withheld credits and pricing discrepancies.  Thus, the dealings between Familymeds Group and McKesson (as well as those of their respective wholly owned subsidiaries, Familymeds, Inc. and D&K) are inextricably intertwined, involve common questions of law and fact, and therefore, arise under the same transaction or occurrence.  Separating these matters will invariably require duplicative proceedings which will act to prejudice the parties and waste judicial resources.

**Same Questions of Law**.  Both Actions require the Court to interpret almost identical contractual language, as well as whether the September 18, 2007 Request was wrongfully denied.

Both Actions require the Court to determine if common circumstances give rise to a right to an accounting in equity.

Thus, the First Action and Second Action both concern substantially the same parties, property, transactions, events, and questions of law, and therefore are related.

### B. It Is Likely That There Will Be An Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Conducted Before Different Judges

The Actions involve the same parties, property, transactions, events, and questions of law. The main issues of the First Action - what Familymeds Group owes to McKesson and whether Familymeds Group is entitled to an accounting from McKesson directly overlap with those of the Second Action - whether Familymeds Group (and its wholly owned subsidiary Familymeds, Inc.) are entitled to an accounting from McKesson (and its wholly owned subsidiary D&K). Separate litigation of these issues risks a duplication of judicial and party resources, as well as inconsistent results. Thus, the Actions are related and the Second Action should be re-assigned to Honorable Wayne D. Brazil, the Court before which the earlier filed and numbered First Action is pending.

## IV. CONCLUSION

The First Action and the Second Action are related. Both Actions involve the same parties, property, transactions and events, and questions of law. The litigation of these Actions separately, before different Courts, subjects the parties and the Courts to the unnecessary expenditure of duplicative resources, as well as inconsistent results. As such, the First Action and Second Action are related and the Second Action should be re-assigned to Honorable Wayne D. Brazil, the Court before which the earlier filed and numbered First Action is pending.

DATED: June 16, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: /S/ Robert C. Gebhardt
ROBERT C. GEBHARDT
Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut corporation; and FAMILYMEDS GROUP, INC. a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation