1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3824
4  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
5

6  Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut
   corporation and FAMILYMEDS GROUP, INC. a Nevada
7  corporation, f/k/a DRUGMAX, INC., a Nevada corporation

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11
                                          CASE NO.    CV082850 BZ
12  FAMILYMEDS, INC., a Connecticut    *RELATED* CASE NO.   CV075715 WDB
    corporation; and FAMILYMEDS GROUP,
13  INC. a Nevada corporation, f/k/a DRUGMAX,   **REQUEST FOR JUDICIAL NOTICE IN
    INC., a Nevada corporation,         SUPPORT OF ADMINISTRATIVE
14                                       MOTION TO CONSIDER WHETHER
              Plaintiffs,                CASES SHOULD BE RELATED**
15                                       **[Local Rule 3-12(b)]**
          v.
16                                       <u>**Accompanying Papers**</u>: Motion; Kenefick
    MCKESSON CORPORATION, a Delaware     Declaration; and (Proposed) Order
17  corporation; and D&K HEALTHCARE
    RESOURCES LLC, a Delaware limited
18  liability company, f/k/a D&K HEALTHCARE
    RESOURCES, INC., a Delaware corporation,
19                                       Complaint filed:    June 6, 2008
              Defendants.                Trial date:         none set
20

21

22

23      Pursuant to Federal Rule of Evidence 201, Plaintiffs Familymeds, Inc., a Connecticut

24  corporation and Familymeds Group, Inc. a Nevada corporation, f/k/a DrugMax, Inc., a Nevada

25  corporation (collectively, "**Plaintiffs**") hereby submit the following Request for Judicial Notice in

26  Support of Administrative Motion to Consider Whether Cases Should be Related:

27      1.    Plaintiffs hereby request the Court take judicial notice of the Complaint for Breach

28  of Contract filed by McKesson Corporation in the above-referenced Court on November 9, 2007, in

1    matter of *McKesson Corporation v. Familymeds Group etc.*, Northern District of California Case

2    Number CV075715 WDB (the "**First Action**"), a true and correct copy of which is attached hereto

3    as **Exhibit 1**.

4         2.    Plaintiffs hereby request this Court take judicial notice of the Counterclaim for

5    Specific Performance of Contract and Accounting; Cross-Complaint for Accounting filed in the

6    First Action, a true and correct copy of which is attached hereto as **Exhibit 2**.

7         3.    Plaintiffs hereby request this Court take judicial notice of the Motion to Dismiss: (1)

8    Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for

9    Accounting filed on January 14, 2008, in the First Action, a true and correct copy of which is

10    attached hereto as **Exhibit 3**.

11         4.    Plaintiffs hereby request this Court take judicial notice of its Order Re May 5, 2008

12    Case Management Conference, a true and correct copy of which is attached hereto as **Exhibit 4**.

13         5.    Plaintiffs hereby request this Court take judicial notice of Plaintiffs' Complaint for

14    Specific Performance of Contract and Accounting, filed in the above-referenced Court on June 6,

15    2008, in Case Number CV082850 BZ, a true and correct copy of which is attached hereto as

16    **Exhibit 5**.

17

18    DATED: June 16, 2008                JEFFER, MANGELS, BUTLER & MARMARO LLP

19                                    ROBERT C. GEBHARDT
                                      MICHAEL A. GOLD

20                                    MATTHEW S. KENEFICK

21                            By: /S/ Robert C. Gebhardt

22                                  ROBERT C. GEBHARDT
                            Attorneys for Plaintiffs FAMILYMEDS, INC., a

23                          Connecticut corporation; and FAMILYMEDS
                            GROUP, INC. a Nevada corporation, f/k/a

24                          DRUGMAX, INC., a Nevada corporation

25

26

27

28

PRINTED ON
RECYCLED PAPER

736624v1               - 1 -          CASE NO. CV082850 BZ
                                        REQUEST FOR JUDICIAL NOTICE

JMBM  Jeffer Mangels Butler & Marmaro LLP

# EXHIBIT 1

1   MARIA K. PUM (State Bar No. 120987)
    KRISTEN E. CAVERLY (State Bar No. 175070)
2   HENDERSON & CAVERLY LLP
    P.O. Box 9144 (all U.S. Mail)
3   16236 San Dieguito Road, Suite 4-13
    Rancho Santa Fe, CA 92067-9144
4   Telephone:    (858) 756-6342
    Facsimile:    (858) 756-4732
5
    Attorneys for Plaintiff
6   McKESSON CORPORATION

7                                                              **WDB**

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
    McKESSON CORPORATION, a Delaware       **CV-07      5715**
11  corporation,

12                 Plaintiff,              **COMPLAINT FOR BREACH OF
                                           CONTRACT**
13        v.
                                           **(Diversity Jurisdiction: 28 U.S.C. § 1332)**
14  FAMILYMEDS GROUP, INC.,
    f/k/a Drugmax, Inc., a Connecticut corporation,   **DEMAND FOR JURY TRIAL**
15
                   Defendant.
16

17

18        Plaintiff, McKESSON CORPORATION ("Plaintiff") alleges as follows:

19                        **THE PARTIES**

20        1.      Plaintiff is a Delaware corporation with its principal place of business at One Post

21  Street, San Francisco, CA  94104.

22        2.      Plaintiff is informed and believes, and thereon alleges, that defendant

23  FAMILYMEDS GROUP, INC. f/k/a Drugmax, Inc. ("Familymeds") is a Connecticut corporation

24  with its principal place of business at 312 Farmington Avenue, Farmington, CT  06032.

25                   **VENUE AND JURISDICTION**

26        3.      Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a) because a

27  substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

28        4.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction in this matter.

EXHIBIT 1                    COPY

Complaint

**GENERAL ALLEGATIONS**

5.    Plaintiff is in the business of distributing pharmaceutical products manufactured by others to retailers and others.

6.    Defendants are in the business of operating pharmacies and selling pharmaceutical and other products to consumers and other persons and entities. Familymeds was formed by the merger on November 12, 2004, of DrugMax, Inc., and Familymeds Group, Inc.

7.    On February 2, 2007, Familymeds and Plaintiff entered into a contract entitled "Supply Agreement" (the "Agreement") for fair and valuable consideration, pursuant to which Plaintiff agreed to sell to Familymeds and Familymeds agreed to buy from Plaintiff certain "Merchandise" described therein.

8.    The Agreement provides that it lasts for a term of three years commencing on December 28, 2006. The Agreement currently remains in full force and effect.

9.    The Agreement provides:

> Customer agrees to render payment in full to McKesson on the applicable due date as specified in this Agreement without (i) making any deductions, short payments, or other accounts payable adjustments to such payment obligation; or (ii) seeking to condition such remittance on any demand for or receipt of proofs of delivery. Any accounts payable adjustments claimed by Customer shall require prior written authorization of McKesson and must be supported by accompanying detail documenting the basis for any such requested adjustments.

10.    Pursuant to the Agreement, Familymeds has purchased Merchandise from Plaintiff for which Familymeds is obligated to pay Plaintiff in accordance with pricing terms contained in the Agreement.

11.    Familymeds has failed to pay for Merchandise sold and/or delivered to Familymeds by Plaintiff pursuant to the Agreement. The amount owing by Familymeds to Plaintiff is now past due.

12.    The Agreement also provides:

> Any payments made after the due date indicated herein shall result in a two percent (2%) (or the maximum amount permissible under applicable law, if lower) increase in the purchase price of the Merchandise. A one percent (1%) service charge (or the maximum amount permissible under applicable

1

1    law, if lower) will be imposed semi-monthly on all balances delinquent
2    more than fifteen (15) days.

3    Thus, if Familymeds fails to make payment timely, the purchase price for the Merchandise for

4    which payment has not been timely received increases by 2 percent or the maximum amount

5    permissible by law, if lower (in either case, referred to herein as the "2% Price Increase").

6    Additionally, all balances delinquent more than 15 days result in Familymeds incurring a 1 percent

7    service charge (or the maximum amount permissible under applicable law, if lower) imposed

8    semimonthly on such delinquent balance (in either case, referred to herein as the "1% Service

9    Charge").

10         13.    In addition to the 2% Price Increase and the 1% Service Charge, the Agreement

11   provides the price that Familymeds must pay to Plaintiff for Merchandise increases as the volume

12   of purchases decreases, and vice versa, across several levels of purchase volumes. This adjustment

13   to the price that Familymeds must pay for Merchandise purchased from Plaintiff based on the

14   volume purchased is referred to herein as the "Volume Price Adjustment."

15         14.    After executing the Agreement, Familymeds failed to purchase a sufficient volume

16   of Merchandise to qualify for the lowest price level specified in the Agreement. Notwithstanding

17   that fact, to the extent Familymeds paid for Merchandise, it paid at the lowest pricing level

18   specified in the Agreement even though it was not entitled to do so.

19         15.    As of October 31, 2007, the past due amount owing by Familymeds to Plaintiff on

20   account of Merchandise sold to Familymeds pursuant to the Agreement aggregated at least

21   $724,574.80 (the "Past Due Amount"), which calculation takes into account the 2% Price Increase

22   and the 1% Service Charge through October 31, 2007, but does not take into account the price

23   increase that applies if the Volume Price Adjustment is made due to Familymeds' failure to qualify

24   for the lowest price level specified in the Agreement. Based on the volume of Merchandise

25   purchased by Familymeds in recent months, Familymeds should be paying the highest price set

26   forth in the Agreement. The $724,574.80 figure is calculated without applying the Volume Price

27   Adjustment to which Plaintiff is entitled.

28

16.  The 1% Service Charge continued to accrue after October 31, 2007, and continues to accrue.

17.  Plaintiff has made demand upon Familymeds to pay the Past Due Amount owing to Plaintiff, but Familymeds has advised Plaintiff that it will not pay the Past Due Amount to Plaintiff.

18.  Plaintiff has performed its obligations under the Agreement.

19.  The Agreement provides that it "shall be construed in accordance with the laws of the State of California without regard to the provisions of Section 1654 of the California Civil Code or the rules regarding conflict of laws."

**FIRST CAUSE OF ACTION**
**BREACH OF WRITTEN CONTRACT**
**(Against Familymeds)**

20.  Plaintiff refers to and incorporates herein by reference paragraphs 1 through 19 of this Complaint as though set forth in full herein.

21.  Familymeds has breached the Agreement, including by failing to pay the Past Due Amount when the same (or each portion thereof) was due to be paid under the terms of the Agreement.

22.  Familymeds has also breached the Agreement by failing to pay the Past Due Amount upon demand from Plaintiff.

23.  Familymeds has also breached the Agreement by failing to pay the proper purchase price for Merchandise after application of the Volume Price Adjustment to purchases made since the execution of the Agreement.

24.  The breaches by Familymeds were material and not excused.

25.  As a result of Familymeds' conduct alleged herein, Plaintiff has been damaged in an amount equal to at least $724,574.80, plus the 1% Service Charge on the Past Due Amount which accrues semimonthly after October 31, 2007.

26.  As a result of Familymeds' conduct alleged herein, Plaintiff has also been damaged in an amount to be determined in accordance with proof to the extent Familymeds has failed to pay to Plaintiff the proper purchase price for all Merchandise purchased by Plaintiff since execution of

3

1   the Agreement after the Volume Price Adjustment is properly applied to the purchases made by

2   Familymeds from Plaintiff pursuant to the Agreement.

3                                              **PRAYER**

4          WHEREFORE, Plaintiff prays for relief as follows:

5          27.      For monetary damages of at least $724,574.80, plus the 1% service Charge from and

6   after October 31, 2007;

7          28.      For additional monetary damages in an amount to be demonstrated by proof based

8   on Familymeds' having paid the incorrect purchase price for Merchandise due to its failure to

9   properly apply the Volume Price Adjustment to the Merchandise purchased from Plaintiff since

10  execution of the Agreement;

11         29.      For interest as may be allowed by law;

12         30.      For costs, including reasonable attorneys' fees; and,

13         31.      For such other and further relief as the Court deems proper.

14  DATED:  November  8 , 2007.              HENDERSON & CAVERLY LLP

15

16

17                                          By: _____
                                                Maria K. Pum
18                                              Attorneys for McKesson Corporation

19

20                                 **DEMAND FOR JURY TRIAL**

21         Plaintiff hereby demands trial by jury on all claims for which such right attaches.

22

23  DATED:  November  8 , 2007.              HENDERSON & CAVERLY LLP

24

25                                          By: _____
                                                Maria K. Pum
26                                              Attorneys for McKesson Corporation

27

28

                                              4

                                                                           Complaint

# EXHIBIT 2

1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3824
4  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
5

6  Attorneys for Defendant and Counterclaimant FAMILYMEDS
   GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation
7  and Cross-Complainant FAMILYMEDS, INC., a Connecticut
   corporation
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  MCKESSON CORPORATION, a Delaware        CASE NO.    CV075715 WDB
    corporation,
12                                          **COUNTERCLAIM FOR SPECIFIC
              Plaintiff,                    PERFORMANCE OF CONTRACT AND
13                                          ACCOUNTING; CROSS-COMPLAINT FOR
        v.                                  ACCOUNTING**
14
    FAMILYMEDS GROUP, INC., f/k/a
15  DRUGMAX, INC., a Connecticut corporation,
                                            **DEMAND FOR JURY TRIAL**
16            Defendant.

17  FAMILYMEDS GROUP, INC., f/k/a
    DRUGMAX, INC., a Connecticut corporation,
18
              Counterclaimant,
19
        v.
20
    MCKESSON CORPORATION, a Delaware
21  corporation,

22            Counterdefendant.

23  FAMILYMEDS, INC., a Connecticut
    corporation,
24
              Cross-Complainant,
25                                          Complaint filed:  November 9, 2007
        v.
26
    MCKESSON CORPORATION, a Delaware
27  corporation,

28            Cross-Defendant.



1    Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a

2    Connecticut corporation ("Familymeds Group") and Cross-Complainant Familymeds, Inc., a

3    Connecticut corporation ("Familymeds"), hereby each respectively complain against McKesson

4    Corporation, a Delaware corporation, ("McKesson"), as follows:

5                                    **GENERAL ALLEGATIONS**

6                                         **JURISDICTION**

7        1.    This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332.

8        2.    Familymeds Group is a Connecticut corporation with its principal place of business

9    at 2 Bridgewater Road, Farmington, Connecticut 06032.

10       3.    Familymeds is a Connecticut corporation with its principal place of business at 2

11   Bridgewater Road, Farmington, Connecticut 06032.

12       4.    Familymeds is the wholly-owned subsidiary of Familymeds Group.

13       5.    Familymeds Group and Familymeds are informed and believe, and on that basis

14   allege that at all times herein mentioned, McKesson is a Delaware corporation with its principal

15   place of business at One Post Street, San Francisco, California 94104.

16       6.    Familymeds Group and Familymeds are informed and believe, and on that basis

17   allege that McKesson became the successor-in-interest to D&K Healthcare Resources, Inc.

18   ("D&K") in 2005.

19       7.    Familymeds Group is the successor-by-merger to DrugMax, Inc. ("DrugMax").

20       8.    The amount in controversy under the respective claims of Familymeds and

21   Familymeds Group each exceed the sum or value of $75,000.

22                                            **VENUE**

23       9.    All actions complained of herein took place within the jurisdiction of the United

24   States District Court, Northern District of California.  Accordingly, venue is invoked pursuant to 28

25   U.S.C. § 1391(a).

26                              **INTRADISTRICT ASSIGNMENT**

27       10.   A substantial part of the events or omissions giving rise to the claims for relief set

28   forth herein occurred in the City and County of San Francisco.

PRINTED ON
RECYCLED PAPER

643537v1                                    - 2 -        CV075715 WDB
                                                         COUNTERCLAIM AND CROSS-COMPLAINT

## FACTUAL BACKGROUND

11.　　On or about December 28, 2004, Familymeds, Valley Drug Company South, a Louisiana corporation ("Valley Drug"), and D&K entered into that certain written Prime Warehouse Supplier Agreement (the "First Agreement") for fair and valuable consideration, which provided, *inter alia*, for D&K to sell and Familymeds and Valley Drug to buy certain "Products" (as that term is defined therein).

12.　　The First Agreement provided for a term of two (2) years, commencing on December 28, 2004.

13.　　On or about December 27, 2005, DrugMax, Familymeds, and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement for fair and valuable consideration, which provided, *inter alia,* to amend certain terms of the First Agreement.

14.　　On or about February 2, 2007, Familymeds Group and McKesson entered into that certain written Supply Agreement (the "Second Agreement") for fair and valuable consideration, which provided, *inter alia*, for McKesson to sell and Familymeds Group to buy certain "Merchandise" and "Products" (as those terms are defined therein).

15.　　The Second Agreement provided for a term of three (3) years commencing on December 28, 2007.

16.　　In or about September 2007, McKesson made demand upon Familymeds Group for certain amounts allegedly due and owing under the Second Agreement without providing sufficient documentation to enable Familymeds Group to ascertain the validity of said demand.

17.　　On or about September 18, 2007, Familymeds Group requested from McKesson documentation pertaining to prior account statements, charges, credits, pricing adjustments, and payments made under the Second Agreement, as well as documentation supporting the amounts McKesson claimed were due and owing under the Second Agreement (the "Documentation") (the "Request").

18.　　The Documentation Familymeds Group sought in its Request is within the exclusive possession and control of McKesson.

19.　　McKesson wrongfully refused and wholly denied the Request.

PRINTED ON
RECYCLED PAPER

643537v1

JMBM　Jeffer Mangels Butler & Marmaro LLP

20.    Based on information within its possession and control, Familymeds Group is informed and believes that McKesson has wrongfully overcharged Familymeds Group certain amounts and has failed to properly issue to Familymeds Group credits due under the Second Agreement; however, the Documentation necessary to verify this is within McKession's exclusive possession and control and McKesson has wrongfully refused to release the same to Familymeds Group.

### FIRST CLAIM FOR RELIEF
Familymeds Group against Mckesson
(Specific Performance of Contract)

21.    Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

22.    Under the Second Agreement an implied obligation exists for McKesson to provide Familymeds Group with the Documentation (the "Accounting Obligation").

23.    The Accounting Obligation is necessary to make the Second Agreement reasonable and conformable to usage, and the Second Agreement manifests no contrary intention.

24.    The terms of the Second Agreement, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

25.    The terms of the Second Agreement, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

26.    The terms of the Second Agreement, including the Accounting Obligation, are mutually available and can be enforced by and against either Familymeds Group or McKesson.

27.    Familymeds Group has duly performed all conditions precedent on its part required to be performed under the terms of the Second Agreement, except as to those conditions for which performance was excused by McKesson's material breaches.

28.    McKesson has breached the Second Agreement by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

29.    Familymeds Group requests that this Court order McKesson to specifically perform

JMBM    Jeffer Mangels
Butler & Marmaro LLP

Case 4:07-cv-05715-WDB    Document 6-2    Filed 12/17/2007    Page 5 of 7

1  in accordance with the terms of the Second Agreement by providing the Documentation as required

2  by the Accounting Obligation.

3    30.    Familymeds Group has no adequate legal remedy.

4    WHEREFORE, Familymeds Group prays for judgment as set forth herein.

5  **SECOND CLAIM FOR RELIEF**
Familymeds Group against Mckesson
6  (Accounting)

7

8    31.    Familymeds Group incorporates by reference the allegations contained in Paragraphs
1 through 20 above.

9
    32.    A relationship exists between Familymeds Group and McKesson, and circumstances
10  require, that McKesson provide to Familymeds Group an accounting in equity.

11
    33.    An unknown balance is due from McKesson to Familymeds Group for unissued and
12  improperly withheld credits and overcharges which cannot be ascertained without an accounting,
13  the means of which are in the exclusive knowledge and control of McKesson.

14    34.    McKesson has the obligation and the ability to account to Familymeds Group.

15
    35.    No adequate remedy is available to Familymeds Group at law and thus an accounting
16  is necessary to preserve Familymeds Group's rights.

17    WHEREFORE, Familymeds Group prays for judgment as set forth herein.

18  **THIRD CLAIM FOR RELIEF**
Familymeds against Mckesson
19  (Accounting)

20

21    36.    Familymeds incorporates by reference the allegations contained in Paragraphs 1
22  through 20 above.

23    37.    A relationship exists between Familymeds and McKesson, and circumstances
24  require, that McKesson provide to Familymeds an accounting in equity.

25    38.    An unknown balance is due from McKesson to Familymeds for unissued and
26  improperly withheld credits and overcharges which cannot be ascertained without an accounting,
27  the means of which are in the exclusive knowledge and control of McKesson.

28    39.    McKesson has the obligation and the ability to account to Familymeds.

1      40.    No adequate remedy is available to Familymeds at law and thus an accounting is

2   necessary to preserve Familymeds' rights.

3      WHEREFORE, Familymeds prays for judgment as set forth herein.

4                              **PRAYER FOR RELIEF**

5      WHEREFORE, Familymeds Group and Familymeds each pray for judgment against

6   McKesson as follows:

7      **On The First Claim For Relief:**

8      1.    For specific enforcement of the Second Agreement compelling McKesson to comply

9   with its Accounting Obligation;

10     2.    For costs of suit herein incurred; and

11     3.    For such other and further relief as the Court may deem proper.

12     **On the Second Claim For Relief:**

13     1.    For an order compelling McKesson to provide to Familymeds Group an accounting

14   in equity;

15     2.    For costs of suit herein incurred; and

16     3.    For such other and further relief as the Court may deem proper.

17     **On the Third Claim For Relief:**

18     1.    For an order compelling McKesson to provide to Familymeds an accounting in

19   equity;

20     2.    For costs of suit herein incurred; and

21     3.    For such other and further relief as the Court may deem proper.

22   DATED: December 17, 2007              JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           ROBERT C. GEBHARDT
23                                         MICHAEL A. GOLD
                                           MATTHEW S. KENEFICK
24

25                                         By: /S/ Matthew S. Kenefick
                                               MATTHEW S. KENEFICK
26                                         Attorneys for Defendant FAMILYMEDS GROUP,
                                           INC., f/k/a DRUGMAX, INC., a Connecticut
27                                         corporation and Cross-Complainant FAMILYMEDS,
                                           INC., a Connecticut corporation
28

PRINTED ON
RECYCLED PAPER

643537v1

                                    - 6 -    CV075715 WDB
                                             COUNTERCLAIM AND CROSS-COMPLAINT

1

## JURY DEMAND

2          Familymeds Group and Familymeds each demand a jury trial on all issues so triable.

3    DATED: December 17, 2007          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                       ROBERT C. GEBHARDT
4                                      MICHAEL A. GOLD
                                       MATTHEW S. KENEFICK
5

6                                      By: /S/ Matthew S. Kenefick
                                              MATTHEW S. KENEFICK
7                                      Attorneys for Defendant FAMILYMEDS GROUP,
                                       INC., f/k/a DRUGMAX, INC., a Connecticut
8                                      corporation and Cross-Complainant FAMILYMEDS,
                                       INC., a Connecticut corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

643537v1                              - 7 -    CV075715 WDB
                                               COUNTERCLAIM AND CROSS-COMPLAINT

# EXHIBIT 3

1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:     (858) 756-6342
   Facsimile:      (858) 756-4732
5  E-mail: mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  McKESSON CORPORATION, a Delaware          Case No. 4:07-cv-05715 WDB
    corporation,

12                    Plaintiff,              NOTICE OF MOTION, MOTION AND
                                              MEMORANDUM OF POINTS AND
13        v.                                  AUTHORITIES OF McKESSON
                                              CORPORATION SEEKING TO
14  FAMILYMEDS GROUP, INC.,                   DISMISS:
    f/k/a Drugmax, Inc., a Connecticut corporation,
15                                            (1) COUNTERCLAIM FOR SPECIFIC
                    Defendant.                    PERFORMANCE OF CONTRACT
16                                                AND ACCOUNTING; AND
    _____
17  FAMILYMEDS GROUP, INC.,                   (2) CROSS-COMPLAINT FOR
    f/k/a Drugmax, Inc., a Connecticut corporation,   ACCOUNTING
18
                    Counterclaimant,
19
          v.                                  Complaint Filed:  November 9, 2007
20                                            Cross-Complaint Filed: December 17, 2007
    McKESSON CORPORATION, a Delaware
    corporation,                              Date:  March 12, 2008
21                                            Time:  3:00 pm
                    Counterdefendant.         Place: Ctrm 4
22                                                   1301 Clay St., 3d Floor
    _____           Oakland, CA
23  FAMILYMEDS, INC.,
    a Connecticut corporation,
24
                    Cross-Complainant,
25
          v.
26
    McKESSON CORPORATION, a Delaware
    corporation,
27
                    Cross-Defendant.
28  _____

EXHIBIT 3

1

## NOTICE OF MOTION

2      PLEASE TAKE NOTICE that on February _____, 2008 at ___ ___.m. in the above

3   referenced Court, or as soon thereafter as the matter may be called, McKESSON CORPORATION,

4   a Delaware corporation ("McKesson") will move this Court for an order dismissing that certain

5   "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for

6   Accounting" (the "Cross-Complaint") filed by FAMILYMEDS GROUP, INC., f/k/a Drugmax,

7   Inc. ("Familymeds Group") and FAMILYMEDS, INC., a Connecticut corporation ("Familymeds,

8   Inc.").

9

## MOTION

10      McKesson hereby moves this Court for an order dismissing the Cross-Complaint on the

11   bases (among others) that:

12          (1) the joinder of a stranger to the action as a Cross-Complainant (not a third party

13       defendant) against McKesson is not permitted pursuant to Federal Rule of Civil Procedure

14       ("FRCP") 14 and the Cross-Complaint must therefore be dismissed;

15          (2) the Cross-Complaint violates FRCP 19 and FRCP 12(b)(7) because it fails to name

16       D&K Healthcare Resources, Inc. ("D&K") as a party to the action notwithstanding that D&K

17       (and not McKesson) is the entity that signed one of the contracts that Familymeds Group seeks

18       to enforce through the Cross-Complaint; and

19          (3) the Third Claim for Relief in the Cross-Complaint fails to state a claim against

20       McKesson for which relief can be granted such that dismissal thereof is mandated by FRCP

21       12(b)(6).

22

23

24

25

26

27

28

1

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED.

On November 9, 2007, McKESSON CORPORATION, a Delaware corporation ("McKesson") filed a complaint (the "Complaint") for breach of contract against a single defendant, FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group").  On or about December 17, 2007, McKesson was served not only with an answer to the Complaint, but also with a pleading entitled "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Corss-Complaint").  Pursuant to its motion and this memorandum of points and authorities, McKesson requests that this Court dismiss the Cross-Complaint.  The bases for that request are that the Cross-Complaint adds a new party to this action not as a third party defendant under FRCP 14, but rather as a *cross-complainant*.  Specifically, the Cross-Complaint is purportedly brought not by Familymeds Group, but by Familymeds, Inc., a Connecticut corporation, which according to the Cross-Complaint is a subsidiary of Familymeds Group.  In addition, the Cross-Complaint should be dismissed for the failure to name a necessary party as a third party defendant: D&K Healthcare Resources, Inc. ("D&K").  D&K is a necessary party because the Cross-Complaint purports to seek to enforce contract not mentioned in the Complaint, against McKesson, yet the contract at issue is not a contract to which McKesson is a party.  The party to the contract is D&K.  Contract parties are necessary parties to an action to enforce the contract.  Finally, the Cross-Complaint, or at least the third claim for relief asserted therein, should be dismissed pursuant to FRCP 12(b)(6) for failure to state an claim against McKesson for which relief may be granted.

### II. STATEMENT OF FACTS.

The Complaint filed by McKesson against Familymeds Group is a simple breach of contract complaint seeking to collect sums owing for the purchase by Familymeds Group of products from McKesson under the terms of a contract entitled "Supply Agreement" which was dated February 2, 2007 and executed by Familymeds Group and McKesson and no other parties.  In response, McKesson received not only an answer from Familymeds Group, but the Cross-

2

Case No. 4:07-cv-05715  WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting: and (2) Cross-Complaint for Accounting

1   Complaint which alleges three claims for relief against McKesson. The trouble is that at least one,

2   possibly more, of those claims for relief are brought by an entirely new entity, Familymeds, Inc.,

3   and appear to be based on an agreement other than the contract that is the subject of the Complaint:

4   a December 28, 2004 contract between Familymeds, Inc., Valley Drug Company and D&K, which

5   is defined in the Cross-Complaint as the "First Agreement."   The result is a muddled pleading

6   situation and a fatally defective Cross-Complaint that should be dismissed.

7                            **III. ARGUMENT.**

8   **A. Defendant Cannot Add a Third Party Cross-Complainant to the Instant Action.**

9         Federal Rule of Civil Procedure ("FRCP") 14 governs the addition of parties to an action by

10   a defendant. As was summarized by the Ninth Circuit in *Stewart v. Am. Int'l Oil & Gas Co.*, 845

11   F.2d 196, 199 (9th Cir. 1988):

12         Fed. R. Civ. P. 14(a) allows a defending party to bring in as third-party
        *defendant* a person not a party to the action *who is or may be liable to him*
13        for all or part of plaintiff's claim against him. *Thus, a third-party claim may*
        *be asserted only when the third party's liability is in some way dependent on*
14        *the outcome of the main claim and is secondary or derivative thereto.*

15   (Emphasis added.). The *Stewart* court continued, quoting Professors Wright and Miller:

16         . . . [the claim] cannot simply be an independent or related claim but *must be*
        *based upon plaintiff's claim against defendant.* The crucial characteristic of
17        a Rule 14 claim is that defendant is attempting to transfer to the third-party
        defendant the liability asserted against him by the original plaintiff. The
18        mere fact that the alleged third-party claim arises from the same transaction
        or set of facts as the original claim is not enough.
19

20   *Id.* at 200 (emphasis added)(*citing* 6 FED. PRAC. & PROC. § 1446 at 257 (1971 ed.)). Because the

21   defendant in *Stewart* failed to meet the requirements of FRCP 14 in bringing a third party

22   complaint, the Ninth Circuit affirmed the District Court's dismissal of the third party complaint.

23         Here, Familymeds Group has not added a third party *defendant* in filing the Cross-

24   Complaint, nor does the Cross-Complaint relate to the facts of the original Complaint. Instead,

25   Familymeds Group has tacked on to the instant case an entirely new action brought by an entirely

26   new entity, Familymeds, Inc., based on an entirely new contract, the so-called "First Agreement."

27   The instant Cross-Complaint does not properly or permissibly add a party pursuant to FRCP 14 to

28

3

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

Case 4:07-cv-05715-WDB    Document 10    Filed 01/14/2008    Page 5 of 7

1  this action and is not permitted by FRCP 7[1] or any of the other Federal Rules of Civil Procedure.

2  The Cross-Complaint should be dismissed.

3  **B. Familymeds Group Cannot Assert Claims Against D&K Healthcare Resources**

4  **Inc. Without Naming D&K Healthcare Resources Inc. as a Party.**

5  In addition to the fatal defect relating to the improper application of FRCP 14, the Cross-

6  Complaint is fatally flawed in that it asserts claims against a new entity that is not named as a party

7  in the Cross-Complaint. Specifically, in paragraph 11 of the Cross-Complaint, the Cross-

8  Complaint makes reference to a contract defined as the "First Agreement" which is described as an

9  agreement entered into on December 28, 2004 by and among Familymeds, Inc., Valley Drug

10  Company and D&K Healthcare Resources Inc. It appears that the Cross-Complaint is making

11  claims against McKesson based on that contract though the contract with D&K—an entity that still

12  exists as a separate corporate entity.  FRCP 19(a) provides in pertinent part:

13      **(a) Persons Required to Be Joined if Feasible.** A person who is subject to service of
process and whose joinder will not deprive the court of jurisdiction over the subject

14      matter of the action shall be joined as a party in the action if:

15          (1) in that person's absence complete relief cannot be accorded among those already
parties; or

16          (2) the person claims an interest relating to the subject of the action and is so

17          situated that the disposition of the action in the person's absence may:

18              (i) as a practical matter impair or impede the person's ability to protect that
interest or

19              (ii) leave any of the persons already parties subject to a substantial risk of

20              incurring double, multiple, or otherwise inconsistent obligations by reason of the
claimed interest.

21  The Court cannot accord complete relief to McKesson and Familymeds Group if D&K is not a

22  participant to this action inasmuch as Familymeds Group cannot get relief with respect to the First

23  Agreement against McKesson; remedies under the First Agreement, assuming it has been breached,

24

25  [1] FRCP 7(a) provides:

26      There shall be a complaint and an answer; a reply to a counterclaim denominated as such; and answer to a cross-
claim, if the answer contains a cross-claim; **a third party complaint, if a person who was not an original party**

27      **is summoned under the provisions of Rule 14;** and a third party answer, if a third party complaint is served. No
other pleading shall be allowed, except that the court may order a reply to an answer of a third-party answer.

28  (Emphasis added.)

4

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

1 | will lie only against D&K.

2 |      Clearly, it is incumbent upon Familymeds Group to name D&K as a third party defendant

3 | in this action if it (or Familymeds, Inc. in a properly plead action) seeks to enforce any claims

4 | based on the First Agreement. "Generally, in breach of contract actions, all parties to the contract

5 | are necessary ones." *Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 361 (D.C. Puerto Rico 1998).

6 | Allegations that McKesson is somehow the alter ego of D&K do not cure this defect. *See, id.* at

7 | 363-64. Thus because Familymeds Group has failed to join D&K which is a necessary party

8 | pursuant to FRCP 19, the Cross-Complaint should be dismissed pursuant to FRCP 12(b)(7). This

9 | should not be problematic in this action because joinder of D&K will not destroy diversity and it is

10 | feasible to join D&K.

11
12 | **C. The Third Claim for Relief in the Cross-Complaint Should be Dismissed or Stricken Pursuant to FRCP 12(b)(6).**

13 |      Alternatively, if the entire Cross-Complaint is not dismissed, the Third Claim for Relief

14 | should be dismissed or stricken. It appears to allege a claim by Familymeds, Inc. against

15 | McKesson based on the First Agreement. However, McKesson is not a party to the First

16 | Agreement and therefore no relief may be had by Familymeds, Inc. against McKesson based on

17 | that agreement. The Third Claim for Relief should be dismissed or stricken.

18 | **IV. CONCLUSION.**

19 |      The Cross-Complaint contains fatal defects. It should be dismissed in its entirety. At a

20 | minimum, all request for relief contained in the Third Claim for Relief should be dismissed or

21 | stricken.

22 | DATED: January 14, 2008.          HENDERSON & CAVERLY LLP

23
24 |           By: _____

25 |             Maria K. Pum
               Attorneys for McKesson Corporation

26
27
28

5

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

Case 4:07-cv-05715-WDB    Document 10    Filed 01/14/2008    Page 7 of 7

**PROOF OF SERVICE**

I am employed in the County of San Diego, California.  I am over the age of 18 years and not a party to the within action.  My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On January 14, 2008, I served the foregoing:

**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF McKESSON CORPORATION SEEKING TO DISMISS:**

**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**

**(2) CROSS-COMPLAINT FOR ACCOUNTING**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California  94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices.  I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile.  The transmission was reported complete and without error.  The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on January 14, 2008.

Quynh N. Nguyen

6

Case No. 4:07-cv-05715  WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

McKesson Corp., a Delaware Corp.,                    No. C-07-5715 WDB

               Plaintiff,

      v.                                      **ORDER RE MAY 5, 2008, CASE
MANAGEMENT CONFERENCE**

Familymeds Group, Inc., f/k/a
Drugmax, Inc., a Connecticut
corporation,

              Defendants.
_____/

Familymeds Group, Inc., f/k/a
Drugmax, Inc., a Connecticut
corporation,

              Counterclaimant

      v.

McKesson Corp., a Delaware
corporation,

              Counterdefendant.
_____/

    On May 5, 2008, the Court conducted a case management conference.

    For the reasons stated on the record, the Court ORDERS as follows.

    1.    The Court RULES that informal production of additional materials by
McKesson to Familymeds may not serve as the basis for an argument by
Familymeds that McKesson has waived rights or objections.

1

EXHIBIT 4

1    2.    For the reasons explained on the record, the Court DENIES

2  WITHOUT PREJUDICE McKesson's Motion to Dismiss, filed January 14, 2008.

3    3.    The Court LIFTS the stay of discovery and further motions practice

4  entered in its March 13, 2008 Order.

5    Familymeds Group may, <u>using an appropriate procedural device</u>, seek to add

6  Familymeds Inc., and/or D&K as a party in this or a separate lawsuit.

7    McKesson may file a substantive motion seeking to enforce its breach of

8  contract claim. **By Wednesday, June 4, 2008,** McKesson must file with the Court

9  its substantive motion <u>or</u> inform the Court that McKesson does not intend to file a

10  substantive motion.  If McKesson notifies the Court that it does not intend to file a

11  substantive motion the Court promptly will convene a follow up case management

12  conference to discuss scheduling.

13  IT IS SO ORDERED.

14  Dated: May 5, 2008

15

16                                        WAYNE D. BRAZIL
                                          United States Magistrate Judge

17  Copies to: parties, wdb, stats

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2   MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
    MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3   Two Embarcadero Center, Fifth Floor
    San Francisco, California 94111-3824
4   Telephone:    (415) 398-8080
    Facsimile:    (415) 398-5584
5

6   Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut
    corporation and FAMILYMEDS GROUP, INC. a Nevada
7   corporation, f/k/a DRUGMAX, INC., a Nevada corporation

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
11  FAMILYMEDS, INC., a Connecticut          CASE NO.  CV 08  2850
    corporation; and FAMILYMEDS GROUP,
12  INC. a Nevada corporation, f/k/a DRUGMAX,   COMPLAINT FOR:
    INC., a Nevada corporation,
13                                            1)   SPECIFIC PERFORMANCE OF
            Plaintiffs,                            CONTRACT (Two Counts); and
14
        v.                                    2)   ACCOUNTING (Four Counts).
15
    MCKESSON CORPORATION, a Delaware          DEMAND FOR JURY TRIAL
16  corporation; and D&K HEALTHCARE
    RESOURCES LLC, a Delaware limited
17  liability company, f/k/a D&K HEALTHCARE
    RESOURCES, INC., a Delaware corporation,
18
            Defendants.
19

20         Plaintiffs Familymeds, Inc., a Connecticut corporation ("**Familymeds, Inc.**") and

21  Familymeds Group, Inc. a Nevada corporation, f/k/a DrugMax, Inc., a Nevada corporation

22  ("**Familymeds Group**") (collectively, "**Plaintiffs**") hereby complain against McKesson

23  Corporation, a Delaware corporation ("**McKesson**") and D&K Healthcare Resources LLC, a

24  Delaware limited liability company, f/k/a D&K Healthcare Resources, Inc., a Delaware corporation

25  ("**D&K**") (collectively, "**Defendants**") as follows:

26  ///

27  ///

28  ///

PRINTED ON
RECYCLED PAPER

731790v1
                                            COMPLAINT FOR SPECIFIC PERFORMANCE
                                            OF CONTRACT AND ACCOUNTING

EXHIBIT 5

I.

## GENERAL ALLEGATIONS

### JURISDICTION

1.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Plaintiffs**

2.      Familymeds, Inc. is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

3.      Familymeds Group is a Nevada corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

4.      On or about November 12, 2004, Familymeds Group, Inc., a Connecticut corporation merged with and into DrugMax, Inc., a Nevada corporation ("**DrugMax**"), leaving DrugMax as the surviving corporation, and thereafter, on or about July 10, 2006, DrugMax amended its articles of incorporation to change its name to Familymeds Group, Inc., a Nevada corporation.

5.      Familymeds, Inc. is the wholly-owned subsidiary of Familymeds Group.

**Defendants**

6.      Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, McKesson is and was a Delaware corporation with its principal place of business at One Post Street, San Francisco, California 94104.

7.      Plaintiffs are informed and believe, and on that basis allege, that on or about August 30, 2005, McKesson's wholly owned subsidiary, Spirit Acquisition Corporation, a Delaware corporation, merged with and into D&K Healthcare Resources, Inc., leaving D&K Healthcare Resources, Inc. as the surviving corporation and thereby rendering D&K Healthcare Resources, Inc. a wholly-owned subsidiary of McKesson.

8.      Plaintiffs are informed and believe, and on that basis allege, that from the date of its formation December 16, 1987, until December 31, 2005, D&K was a corporation formed under the laws of Delaware.

9.      Plaintiffs are informed and believe, and on that basis allege, that on or about January 1, 2006, D&K converted from being a Delaware corporation into a Delaware limited liability company, and has thereafter remained as a Delaware limited liability company with McKesson as its sole member.

10.     Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, D&K's principal place of business is and was at 8235 Forsyth Blvd., St. Louis, Missouri 63105.

11.     Plaintiffs are informed and believe, and on that basis allege, that McKesson and D&K share, and are controlled by, an interlocking directorate.

**Amount in Controversy**

12.     The amount in controversy of each of the claims of Familymeds, Inc. and Familymeds Group against McKesson and D&K each respectively exceed the sum or value of $75,000.

**VENUE**

13.     All actions complained of herein took place within the jurisdiction of the United States District Court, Northern District of California.  Accordingly, venue is invoked pursuant to 28 U.S.C. § 1391(a).

**INTRADISTRICT ASSIGNMENT**

14.     A substantial part of the events, acts or omissions giving rise to the claims for relief set forth herein occurred in the City and County of San Francisco.

**II.**

**FACTUAL BACKGROUND**

**The First Agreement**

15.     On or about December 28, 2004, Familymeds, Inc., Valley Drug Company South, a Louisiana corporation ("**Valley Drug**") and D&K entered into that certain written Prime Warehouse Supplier Agreement (the "**First Agreement**") for fair and valuable consideration, which provided, *inter alia*, for D&K to sell and Familymeds, Inc. and Valley Drug to buy certain "Products" (as that term is defined therein).

JMBM   Jeffer Mangels Butler & Marmaro LLP

16.    The First Agreement provided for a term of two (2) years, commencing on December 28, 2004.

**The First Amendment**

17.    On or about December 27, 2005, DrugMax (which amended its articles of incorporation on July 10, 2006, to change its name to Familymeds Group, Inc., a Nevada corporation and is referred to herein as "Familymeds Group"), Familymeds, Inc., and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement for fair and valuable consideration, which provided, *inter alia,* to amend certain terms of the First Agreement (the First Agreement, as amended, shall be referred to herein as the **"First Amendment"**).

18.    The First Amendment was negotiated and drafted by McKesson's San Francisco corporate office and legal department.

19.    Plaintiffs are informed and believe, and on that basis allege, that the First Amendment was executed by Paul C. Julian, who was also a director and/or officer of McKesson at the time of execution of the First Amendment.

20.    The First Amendment provided, *inter alia*, that Familymeds, Inc. and Familymeds Group were obligated to "fully participate in the McKesson OneStop Generics Program through its auto-substitution feature and to thereby designate this program as Customer's primary source of generic pharmaceuticals..." (the **"McKesson OneStop Generics Program"**).

21.    Both Familymeds, Inc. and Familymeds Group fully participated in the McKesson OneStop Generics Program, as required under the First Amendment.

22.    The First Amendment provided, *inter alia*, that all notices thereunder shall be served on McKesson Corporation, One Post Street, San Francisco, California 94104.

23.    The First Amendment in Paragraph 10 (amending Section 8 of the First Agreement), provided that Familymeds, Inc. and Familymeds Group were entitled to audit documentation pertaining to Specially Priced Products (as that term is defined therein) (the **"Accounting Obligation"**):

> ...Customer [Familymeds, Inc. and Familymeds Group] may audit Customer's purchase history and pricing of Specially Priced Products charged to Customer by D&K as reasonably requested.  D&K agrees

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1   to provide Customer with the above-referenced purchase history upon
2   Customer's written request.

3       24.    Beginning in or around February 2006, and until the end of the term of the First
4   Amendment in December 2006, McKesson sent to Familymeds, Inc. and Familymeds Group all
5   invoices for payment which arose under the First Amendment.

6       25.    Beginning in or around February 2006, and until the end of the term of the First
7   Amendment in December 2006, Familymeds, Inc. and Familymeds Group, by direction, request,
8   and demand of D&K, sent all payments arising under the First Amendment to McKesson.

9   **The Request**

10      26.    In a letter dated September 18, 2007, and addressed to Ana Schrank, Vice President
11  of Financial Services, McKesson Corporation, One Post Street, San Francisco, CA 94104, James E.
12  Searson, an officer and director of both Familymeds, Inc. and Familymeds Group, requested
13  documentation pertaining to prior account statements, Specially Priced Products (as that term is
14  defined in the First Amendment), charges, credits, pricing adjustments, and payments (the
15  "**Documentation**") (the "**Request**").

16      27.    The Documentation sought in the Request is within the exclusive possession and
17  control of D&K and/or McKesson.

18      28.    The Request was wrongfully refused and wholly denied.

19      29.    Familymeds is informed and believes, and based thereon alleges, that Familymeds,
20  Inc. and Familymeds Group have been wrongfully overcharged certain amounts under the First
21  Amendment and credits due under the First Amendment were improperly withheld; however, the
22  Documentation necessary to determine the amount of these improper overcharges and improperly
23  withheld credits is within D&K's and/or McKesson's exclusive possession and control and the
24  September 18, 2007 Request for such information was wrongfully denied.

25  ///
26  ///
27  ///
28  ///

JMBM Jeffer Mangels Butler & Marmaro LLP

III.

**FIRST CLAIM FOR RELIEF**

(Specific Performance of Contract)

**Count One - Familymeds, Inc. against D&K**

30.     Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

31.     The Accounting Obligation under the First Amendment created an express obligation for D&K to provide the Documentation to Familymeds, Inc.

32.     The terms of the First Amendment, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

33.     The terms of the First Amendment, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

34.     The terms of the First Amendment, including the Accounting Obligation, are mutually available and can be enforced by and against any party to the First Amendment.

35.     Familymeds, Inc. has duly performed all conditions precedent on its part required to be performed under the terms of the First Amendment, except as to those conditions for which performance was excused by D&K's material breaches.

36.     D&K has breached the First Amendment by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

37.     Familymeds, Inc. requests that this Court order D&K to specifically perform in accordance with the terms of the First Amendment by providing the Documentation as required by the Accounting Obligation.

38.     No adequate remedy at law is available to Familymeds, Inc.

WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

**Count Two - Familymeds Group against D&K**

39.     Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

JMBM    Jeffer Mangels Butler & Marmaro LLP

1      40.    The Accounting Obligation under the First Amendment created an express obligation

2   for D&K to provide to Familymeds Group the Documentation.

3      41.    The terms of the First Amendment, including the Accounting Obligation, are

4   sufficiently precise, certain, and definite for enforcement by this Court.

5      42.    The terms of the First Amendment, including the Accounting Obligation, are fair,

6   just, and reasonable under all of the circumstances, and adequate consideration was provided by and

7   to all parties.

8      43.    The terms of the First Amendment, including the Accounting Obligation, are

9   mutually available and can be enforced by and against any party to the First Amendment.

10      44.    Familymeds Group has duly performed all conditions precedent on its part required

11   to be performed under the terms of the First Amendment, except as to those conditions for which

12   performance was excused by D&K's material breaches.

13      45.    D&K has breached the First Amendment by wrongfully refusing the Request,

14   thereby breaching its Accounting Obligation.

15      46.    Familymeds Group requests that this Court order D&K to specifically perform in

16   accordance with the terms of the First Amendment by providing the Documentation as required by

17   the Accounting Obligation.

18      47.    No adequate remedy at law is available to Familymeds Group.

19      WHEREFORE, Familymeds Group prays for judgment as set forth herein.

20                                 IV.

21                      **SECOND CLAIM FOR RELIEF**

22                      (Accounting in Equity - Four Counts)

23              **Count One - Familymeds, Inc. against D&K**

24      48.    Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1

25   through 29 above.

26      49.    A relationship exists between Familymeds, Inc. and D&K, and circumstances

27   require, that D&K provide to Familymeds, Inc. an accounting in equity.

28      50.    An unknown balance is due under the First Amendment to Familymeds, Inc. for

JMBM  Jeffer Mangels Butler & Marmaro LLP

1  unissued and improperly withheld credits and overcharges which cannot be ascertained without an

2  accounting, the means of which are in the exclusive knowledge and control of D&K.

3       51.  D&K has the obligation and the ability to account to Familymeds, Inc.

4       52.  No adequate remedy is available to Familymeds, Inc. at law and thus an accounting

5  is necessary to preserve Familymeds, Inc.'s rights.

6       WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

7       **Count Two - Familymeds, Inc. against McKesson**

8       53.  Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1

9  through 29 above.

10       54.  A relationship exists between Familymeds, Inc. and McKesson, and circumstances

11  require, that McKesson provide to Familymeds, Inc. an accounting in equity.

12       55.  An unknown balance is due under the First Amendment to Familymeds, Inc. for

13  unissued and improperly withheld credits and overcharges which cannot be ascertained without an

14  accounting, the means of which are in the exclusive knowledge and control of McKesson.

15       56.  McKesson has the obligation and the ability to account to Familymeds, Inc.

16       57.  No adequate remedy is available to Familymeds, Inc. at law and thus an accounting

17  is necessary to preserve Familymeds, Inc.'s rights.

18       WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

19       **Count Three - Familymeds Group against D&K**

20       58.  Familymeds Group incorporates by reference the allegations contained in Paragraphs

21  1 through 29 above.

22       59.  A relationship exists between Familymeds Group and D&K, and circumstances

23  require, that D&K provide to Familymeds Group an accounting in equity.

24       60.  An unknown balance is due under the First Amendment to Familymeds Group for

25  unissued and improperly withheld credits and overcharges which cannot be ascertained without an

26  accounting, the means of which are in the exclusive knowledge and control of D&K.

27       61.  D&K has the obligation and the ability to account to Familymeds Group.

28       62.  No adequate remedy is available to Familymeds Group at law and thus an accounting

JMBM  Jeffer Mangels
Butler & Marmaro LLP

1    is necessary to preserve Familymeds Group's rights.

2        WHEREFORE, Familymeds Group prays for judgment as set forth herein.

3            **Count Four - Familymeds Group against McKesson**

4        63.    Familymeds Group incorporates by reference the allegations contained in Paragraphs

5    1 through 29 above.

6        64.    A relationship exists between Familymeds Group and McKesson, and circumstances

7    require, that McKesson provide to Familymeds Group an accounting in equity.

8        65.    An unknown balance is due under the First Amendment to Familymeds Group for

9    unissued and improperly withheld credits and overcharges which cannot be ascertained without an

10   accounting, the means of which are in the exclusive knowledge and control of McKesson.

11       66.    McKesson has the obligation and the ability to account to Familymeds Group.

12       67.    No adequate remedy is available to Familymeds Group at law and thus an accounting

13   is necessary to preserve Familymeds Group's rights.

14       WHEREFORE, Familymeds Group prays for judgment as set forth herein.

15                              V.

16                    <u>**PRAYER FOR RELIEF**</u>

17       WHEREFORE, Plaintiffs pray for judgment against D&K and McKesson as follows:

18   <u>**On The First Claim For Relief For Specific Performance Of Contract:**</u>

19            **Count One - Familymeds, Inc. against D&K**

20       1.    For specific enforcement of the First Amendment compelling D&K to comply with

21   its Accounting Obligation;

22       2.    For costs of suit herein incurred; and

23       3.    For such other and further relief as the Court may deem proper.

24            **Count Two - Familymeds Group against D&K**

25       1.    For specific enforcement of the First Amendment compelling D&K to comply with

26   its Accounting Obligation;

27       2.    For costs of suit herein incurred; and

28       3.    For such other and further relief as the Court may deem proper.

JMBM    Jeffer Mangels
        Butler & Marmaro LLP

**On the Second Claim For Relief Accounting In Equity:**

           **Count One - Familymeds, Inc. against D&K**

1.    For an order compelling D&K to provide to Familymeds, Inc. an accounting in equity;

2.    For costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem proper.

           **Count Two - Familymeds, Inc. against McKesson**

1.    For an order compelling McKesson to provide to Familymeds, Inc. an accounting in equity;

2.    For costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem proper.

           **Count Three - Familymeds Group against D&K**

1.    For an order compelling D&K to provide to Familymeds Group an accounting in equity;

2.    For costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem proper.

           **Count Four - Familymeds Group against McKesson**

1.    For an order compelling McKesson to provide to Familymeds Group an accounting in equity;

2.    For costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem proper.

///
///
///
///
///
///

JMBM   Jeffer Mangels
Butler & Marmaro LLP

1  DATED: June 6, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                          ROBERT C. GEBHARDT
2                                         MICHAEL A. GOLD
                                          MATTHEW S. KENEFICK
3

4                                         By: _____
                                                    MATTHEW S. KENEFICK
5                                         Attorneys for Plaintiffs FAMILYMEDS, INC., a
                                          Connecticut corporation and FAMILYMEDS GROUP,
6                                         INC., a Nevada corporation, f/k/a DRUGMAX, INC., a
                                          Nevada corporation
7

8

9                              **JURY DEMAND**

10      Plaintiffs demand a jury trial on all issues so triable.

11  DATED: June 6, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                          ROBERT C. GEBHARDT
12                                        MICHAEL A. GOLD
                                          MATTHEW S. KENEFICK
13

14                                        By: _____
                                                    MATTHEW S. KENEFICK
15                                        Attorneys for Plaintiffs FAMILYMEDS, INC., a
                                          Connecticut corporation and FAMILYMEDS GROUP,
16                                        INC., a Nevada corporation, f/k/a DRUGMAX, INC., a
                                          Nevada corporation
17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

731790v1