1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:    (858) 756-6342
   Facsimile:    (858) 756-4732
5  Email: mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br> v.<br><br>FAMILYMEDS GROUP, INC.,<br> f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>    Defendant. | Case No. 4:07-cv-05715 WDB<br><br>**OPPOSITION OF McKESSON CORPORATION TO FAMILYMEDS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Complaint filed: November 9, 2007 |
| FAMILYMEDS GROUP, INC.,<br> f/k/a Drugmax, Inc., a Connecticut corporation,<br><br>    Counter-Claimant,<br> v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>    Counterdefendant. | Counterclaim and Cross-Complaint filed:<br> December 17, 2007 |
| FAMILYMEDS, INC.,<br>a Connecticut corporation,<br><br>    Cross-Complainant,<br> v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>    Cross-Defendant. | |

1    Plaintiff McKESSON CORPORATION ("McKesson") hereby opposes the "Administrative Motion to Consider Whether Cases Should be Related" ("Motion") filed pursuant to pursuant to Civil Local Rule 3-12(b) by FAMILYMEDS GROUP, INC. f/k/a Drugmax, Inc ("FM Group") and FAMILYMEDS, INC. ("FM Inc." and together with FM Group, called "Familymeds") following their complaint commencing Case No. 08-CV-02850 filed by Familymeds on June 6, 2008 (the "Second Action").  McKesson does not object to a coordination of the two actions referred to in the Motion, nor that both actions proceed before this Court.  However, McKesson does object to consolidation of the actions and to any procedural device that would delay litigation in Case No. 07-CV-05715 WDB (the "First Action") commenced by McKesson on November 9, 2007, which is now poised for disposition through a motion for summary judgment scheduled to be heard on August 6, 2008.  In truth, the Second Action does not meet the criteria for a "Related Action" as is set forth in Civ. L.R.3-12(a) and therefore, unless treating the two cases as "related" will not delay the litigation in the First Action, the Motion should be denied.

## I. THE FIRST ACTION (CASE NO. 07-CV-05715 WDB).

On November 9, 2007, McKesson filed a Complaint For Breach of Contract ("Complaint") against FM Group ("First Action").  The Complaint alleges a single claim for breach of contract against FM Group, and seeks to recover all amounts past due to McKesson for merchandise sold to FM Group pursuant to a duly-executed "Supply Agreement" dated February 2, 2007 (the "Supply Agreement").  McKesson and FM Group were the only parties to the Supply Agreement.

On or about December 17, 2007, FM Group served its Answer to the Complaint.  McKesson was also served with a "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Counterclaim & Cross-Complaint").  The Counterclaim & Cross-Complaint names FM Group as a Counter-Claimant against McKesson, and names FM, Inc. as a Cross-Complainant against McKesson.  The Counterclaim & Cross-Complaint does not name any other party.

In the Counterclaim & Cross-Complaint (i) FM Group appears to allege that it has an implied right to an accounting under the Supply Agreement and seeks specific performance of that implied covenant, (ii) FM Group demands an accounting from McKesson based on equitable

1

1 principles, and (iii) FM Inc. purports to demand an accounting from McKesson based on a contract
2 it entered into with D&K Healthcare Resources Inc. ("D&K") and a third party not relevant here.
3       On January 14, 2008, McKesson moved to dismiss the Counterclaim & Cross-Complaint.
4 On May 5, 2008, the Court denied McKesson's motion to dismiss "without prejudice" but also
5 found that FM Inc. was not a proper party to First Action. In its written order signed on May 5,
6 2008 the Court ruled that FM Group "may, using an appropriate procedural device, seek to add
7 Familymeds, Inc., and/or D&K as a party in this or a separate lawsuit." (See "May 5 Order" at p. 2;
8 lls. 5-6 attached to the Request for Judicial Notice filed by Familymeds in support of the Motion as
9 Exhibit 4 (underscoring in original).)
10       On June 4, 2008, McKesson filed its motion for summary judgment in the First Action
11 based in part on the express language in the Supply Agreement that is the sole contract at issue in
12 the First Action, which reads:

> [FM Group] agrees to render payment in full to McKesson on the applicable due date as specified in this Agreement without (i) making any deductions, short payments, or other accounts payable adjustments to such obligation; or (ii) seeking to condition such remittance on any demand for or receipt of proofs of delivery.

16 In addition, the motion demonstrates that there is no genuine issue of fact that FM Group received
17 all the goods for which it is being charged over $700,000, nor is there any genuine issue of fact that
18 the vast majority of the sums owing to McKesson totaling over $642,000 is attributable to two
19 invoices due on April 7, 2007 and March 5, 2007, respectively. Nor is there any dispute that the
20 Supply Agreement contains no express language imposing an accounting obligation on McKesson.
21 McKesson's motion for summary judgment is scheduled to be heard on August 6, 2008. If the
22 motion for summary judgment is granted, that order would end the First Action.
23       **II.  SECOND ACTION (CASE NO. 08CV2850 BZ)**
24       On June 6, 2008, Familymeds filed a complaint against McKesson and D&K commencing
25 the Second Action. The Second Action has nothing to do with the Supply Agreement that is the
26 subject of the First Action. Instead, the Second Action relates to the "Prime Warehouse Supplier
27 Agreement" executed by FM Inc., D&K and Valley Drug Company South on December 28, 2004
28 (the "Original D&K Agreement"). The Original D&K Agreement was later amended by a "First

2

1  Amendment Prime Warehouse Supplier Agreement" to which Drugmax, Inc. (later known as FM
2  Group), FM Inc. and D&K were parties.  The Original D&K Agreement as amended is referred to
3  herein as the "D&K Contract. McKesson is not a party to the D&K Contract.
4      In the complaint commencing the Second Action, Familymeds asserts the following claims
5  for relief
6      (i) FM Inc. asserts as "Count One" of the First Claim for Relief that there is an
7      implied right to an accounting in the D&K Contract and then seeks specific performance of
8      that obligation,
9      (ii) FM Group asserts as "Count Two" of the First Claim for Relief that the alleged
10     implied accounting obligation also imposes a duty on D&K to provide it with certain
11     "Documents,"
12     (iii) FM, Inc. asserts as "Count One" of the Second Claim for Relief a right to an
13     accounting from D&K based in equity under the D&K Contract,
14     (iv) FM, Inc. asserts as "Count Two" of the Second Claim for Relief a right to an
15     accounting from McKesson based in equity under the D&K Contract,
16     (v) FM Group asserts as "Count Three" of the Second Claim for Relief a right to an
17     accounting from D&K based in equity under the D&K Contract, and
18     (vi) FM Group asserts as "Count Four" of the Second Claim for Relief a right to an
19     accounting from McKesson based in equity under the D&K Contract.
20     Familymeds has now moved to have the Second Action determined to be Related to the
21 Second Action but has not elaborated on what Familymeds intends by that determination.
22 McKesson opposes any consolidation of the two actions or any consequence that would further
23 delay prosecution of the First Action and collection of sums that have been due for over a year.
24 However, McKesson does not object to the two cases being coordinated, notwithstanding that the
25 Second Action is not truly related to the First Action within the meaning of Civ. L.R. 3-12(a).
26 *///*
27 *///*
28

3

### III. **DISCUSSION**

Local Rule 3-12 allows courts to relate matters where they (1) "concern substantially the same parties, property, transaction or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Here, the factual underpinnings of the two cases simply do not have enough in common with each other to warrant transfer under Local Rule 3-12(b).

The parties in the first action are solely McKesson and FM Group. The First Action relates solely to the Supply Agreement, and to invoices issued and goods shipped under the Supply Agreement. None of those matters is at issue in the Second Action. Nor should McKesson be considered to truly be a proper party in the Second Action since McKesson is not a party to the D&K Contract.

The plaintiffs in the Second Action are FM, Inc. and FM Group. Those plaintiffs seek to enforce purported rights in connection with the D&K Contract. Thus, they make claims against D&K. The Second Action also names McKesson as a party and seeks to make claims against McKesson relating to purported obligations McKesson has under the D&K Contract. But McKesson is not a party to the D&K Contract. Thus, McKesson should be disregarded as a party in the Second Action for purposes of determining if the First Action and the Second Action are related under Civ. L.R. 3-12(a)(1).

Nor does the Second Action meet the criteria of being related to the First Action under the second test in Civ. L.R. 3-12. That test examines whether it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." In fact, treating the actions as related will cause the greater delay and judicial burden than would allowing the actions to proceed separately. The First Action is already poised for resolution based on the pending motion for summary judgment. A trial and discovery schedule has been proffered and, depending on what occurs with the motion for summary judgment, contemplates resolution this year. If being "related" implies that the two actions should be consolidated or if being "related" means that the pending motion for summary judgment cannot go forward on August 6, 2008 for any reason then treating the cases as "related"

4

will not fulfill the second goal of Civ L.R. 3-12(a): avoiding undue burden and prejudice to a party. Coordinating the two actions may result in judicial economy and so McKesson does not oppose such coordination so long as the actions remain separate actions and the existence of the Second Action does not impair expeditious resolution of the First Action.

## IV. CONCLUSION

Although McKesson does not oppose the coordination of the Second Action with the First Action such that both are before this Court, McKesson does oppose consolidation of the two actions and the imposition of any procedural device that would delay resolution of the First Action. McKesson has already waited over a year to collect the sums due to it. It has been obliged to commence the First Action and to incur legal fees and costs in doing so. This in the face of a contract that imposes an obligation on FM Group to pay invoices without any adjustment whatsoever, and without even a scintilla of evidence that McKesson has in any way breached the Supply Agreement that is the subject of the First Action. In the meantime, FM Group is winding up its affairs. To consolidate the actions would lead, not to efficiency, but to delay and added expense. The actions are in vastly differing stages, and there is no justification for delaying judgment in the First Action due to the addition of the Second Action. Furthermore, the record does not truly support that the cases are sufficiently related for transfer under Local Rule 3-12(b). Accordingly, McKesson opposes the Motion if the result is consolidation or any delay of proceedings in the First Action. McKesson has submitted an alternative proposed order that allows the actions to be coordinated, but avoids consolidation of the actions and also avoids delay of the First Action. McKesson asks that if the Court is inclined to treat the actions as related, that it do so pursuant to the order submitted by McKesson.

Respectfully submitted,

DATED: June 18, 2008.    HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

5

## PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On June 18, 2008, I served the foregoing:

OPPOSITION OF McKESSON CORPORATION TO FAMILYMEDS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on June 18, 2008.

Quynh N. Nguyen