UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>       Defendant. | CASE NO.  CV 07-5715 WDB<br><br>**STIPULATED PROTECTIVE ORDER** |
| FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Connecticut corporation,<br><br>       Counterclaimant,<br><br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>       Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>       Cross-Complainant,<br><br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>       Cross-Defendant. | Complaint filed:      Nov. 9, 2007<br>Counterclaim filed:   Dec. 17, 2007<br>Cross-Complaint Filed: Dec. 17, 2007 |

1.     PURPOSES AND LIMITATIONS

The parties stipulate that disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Party:  any party to this action, including all of its present or past officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

- 2 -

STIPULATED PROTECTIVE ORDER                    CV 07-5715 WDB

1    2.7    Designating Party: a Party or non-party that designates information or

2    items that it produces in disclosures or in responses to discovery as "Confidential," or "Highly

3    Confidential – Attorneys' Eyes Only."

4    2.8    Protected Material: any Disclosure or Discovery Material that is

5    designated as "Confidential."

6    2.9    Outside Counsel: attorneys who are not employees of a Party but who are

7    retained to represent or advise a Party in this action.

8    2.10    House Counsel: attorneys who are employees of a Party.

9    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

10    as their support staffs).

11    2.12    Expert: a person with specialized knowledge or experience in a matter

12    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

13    witness or as a consultant in this action and who is not a past or current employee of a Party or a

14    competitor of a Party's and who, at the time of retention, is not anticipated to become an

15    employee of a Party or a competitor of a Party's. This definition includes a professional jury or

16    trial consultant retained in connection with this litigation.

17    2.13    Professional Vendors: persons or entities that provide litigation support

18    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

19    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

20    subcontractors.

21    3.    SCOPE

22    The protections conferred by this Stipulated Protective Order ("Order") cover not only

23    Protected Material (as defined above), but also any information copied or extracted therefrom, as

24    well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

25    presentations by parties or counsel to or in court or in other settings that might reveal Protected

26    Material.

27

28

- 3 -

STIPULATED PROTECTIVE ORDER                    CV 07-5715 WDB

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions and other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material. If only a portion or portions of the material on a

- 4 -

1    page qualifies for protection, the Producing Party also must clearly identify the protected

2    portions(s) (e.g., by making appropriate markings in the margins) and must specify, for each

3    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5            A Party or non-party that makes original documents or materials available

6    for inspection need not designate them for protection until after the inspecting Party has indicated

7    which material it would like copied and produced.  During the inspection and before the

8    designation, all of the material made available for inspection shall be deemed "HIGHLY

9    CONFIDENTIAL ATTORNEYS' EYES ONLY."  After the inspecting party has identified the

10   documents it wants copied and produced, the Producing Party must determine which documents,

11   or portions thereof, qualify for protection under this Order, then, before producing the specified

12   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

13   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

14   contains Protected Material.  If only a portion or portions of the material on a page qualifies for

15   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

16   appropriate markings in the margins) and must specify, for each portion, the level of protection

17   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY").  For documents disclosed before execution of this Order, the parties agree that

19   such documents may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

21            (b)    for testimony given in deposition or in other pretrial or trial

22   proceedings,  that the Party or non-party offering or sponsoring the testimony identify on the

23   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

24   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

26   testimony that is entitled to protection, and when it appears that substantial portions of the

27   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

28   testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

1    have up to 20 days to identify the specific portions of the testimony as to which protection is

2    sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

4    are appropriately designated for protection within the 20 days shall be covered by the provisions

5    of this Order.

6           Transcript pages containing Protected Material must be separately bound by the

7    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or non-

9    party offering or sponsoring the witness or presenting the testimony.

10          (c)    for information produced in some form other than documentary,

11   and for any other tangible items, that the Producing Party affix in a prominent place on the

12   exterior of the container or containers in which the information or item is stored the legend

13   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

14   portions of the information or item warrant protection, the Producing Party, to the extent

15   practicable, shall identify the protected portions, specifying whether they qualify as

16   "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

18   failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

20   Designating Party's right to secure protection under this Order for such material. If material is

21   appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

23   timely notification of the designation, must make reasonable efforts to assure that the material is

24   treated in accordance with the provisions of this Order.

25

26

27

28

STIPULATED PROTECTIVE ORDER                           CV 07-5715 WDB

1      6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

2         6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

3 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4 economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5 waive its right to challenge a confidentiality designation by electing not to mount a challenge

6 promptly after the original designation is disclosed.

7         6.2    Meet and Confer. A Party that elects to initiate a challenge to a

8 Designating Party's confidentiality designation must do so in good faith and must begin the

9 process by conferring directly (in voice to voice dialogue; other forms of communication are not

10 sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

11 explain the basis for its belief that the confidentiality designation was not proper and must give

12 the Designating Party an opportunity to review the designated material, to reconsider the

13 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

14 designation. A challenging Party may proceed to the next stage of the challenge process only if it

15 has engaged in this meet and confer process first.

16         6.3    Judicial Intervention. A Party that elects to press a challenge to a

17 confidentiality designation after considering the justification offered by the Designating Party

18 may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

19 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

20 challenge. Each such motion must be accompanied by a competent declaration that affirms that

21 the movant has complied with the meet and confer requirements imposed in the preceding

22 paragraph and that sets forth with specificity the justification for the confidentiality designation

23 that was given by the Designating Party in the meet and confer dialogue.

24         The burden of persuasion in any such challenge proceeding shall be on the

25 Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

26 material in question the level of protection to which it is entitled under the Producing Party's

27 designation.

28

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" that is attached hereto as Exhibit A;

        (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

1    (f)    during their depositions, witnesses in the action to whom disclosure

2    is reasonably necessary and who have signed the "Acknowledgement And Agreement To

3    Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

4    depositions that reveal Protected Material must be separately bound by the court reporter

5    and may not be disclosed to anyone except as permitted under this Order.

6    (g)    the author of the document or the original source of the

7    information.

8    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    information or Items. Unless otherwise ordered by the court or permitted in writing by the

10    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

11    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

12    (a)    the Receiving Party's Outside Counsel of record in this action, as

13    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

14    for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

15    is attached hereto as Exhibit A;

16    (b)    House Counsel of a Receiving Party (1) who has no involvement in

17    competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

18    and (3) who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

19    (c)    Experts (as defined in this Order) (1) to whom disclosure is

20    reasonably necessary for this litigation, (2) who have signed the "Acknowledgment of Agreement

21    to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below,

22    have been followed;

23    (d)    the Court and its personnel;

24    (e)    court reporters, their staffs, and professional vendors to whom

25    disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

26    of Agreement to Be Bound" (Exhibit A); and

27    (f)    the author of the document or the original source of the

28    information.

- 9 -

STIPULATED PROTECTIVE ORDER                    CV 07-5715 WDB

1        7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

3                      (a)     Unless otherwise ordered by the court or agreed in writing by the

4    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

5    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY" first must make a written request to the Designated Party that (1) identifies the

7    specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

8    disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

9    primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

10   current employer(s), (5) identifies each person or entity from whom the Expert has received

11   compensation for work in his or her areas of expertise or to whom the expert has provided

12   professional services at any time during the preceding five years, and (6) identifies (by name and

13   number of the case, filing date, and location of court) any litigation in connection with which the

14   Expert has provided any professional services during the preceding five years.

15                     (b)     A Party that makes a request and provides the information specified

16   in the preceding paragraph may disclose the subject Protected Material to the identified Expert

17   unless, within seven court days of delivering the request, the Party receives a written objection

18   from the Designating Party. Any such objection must set forth in detail the grounds on which it is

19   based.

20                     (c)     A Party that receives a timely written objection must meet and

21   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

22   matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

23   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

24   Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

25   describe the circumstances with specificity, set forth in detail the reason for which the disclosure

26   to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

27   suggest any additional means that might be used to reduce that risk. In addition, any such motion

28   must be accompanied by a competent declaration in which the movant describes the parties'

- 10 -

STIPULATED PROTECTIVE ORDER          CV 07-5715 WDB

1    efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

2    discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

3    approve the disclosure.

4            In any such proceeding the Party opposing disclosure to the Expert shall

5    bear the burden of proving that the risk of harm that the disclosure would entail (under the

6    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

7    its Expert.

8        8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

9    <u>OTHER LITIGATION</u>.

10            If a Receiving Party is served with a subpoena or an order issued in other litigation

11    that would compel disclosure of any information or items designated in this action as

12    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

14    and in no event more than three (3) court days after receiving the subpoena or order.  Such

15    notification must include a copy of the subpoena or court order.

16            The Receiving Party also must immediately inform in writing the Party who caused the

17    subpoena or order to issue in the other litigation that some or all of the material covered by the

18    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

19    deliver a copy of this Stipulated Protective Order to the Party in the other action that caused the

20    subpoena or order to issue.

21            The purpose of imposing these duties is to alert the interested parties to the existence of

22    this Protective Order and to afford the Designating Party in this case an opportunity to try to

23    protect its confidentiality interests in the court from which the subpoena or order issued.  The

24    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

25    confidential material – and nothing in these provisions should be construed as authorizing or

26    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27

28

1     9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3     Material to any person or in any circumstance not authorized under this Stipulated Protective

4     Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5     unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

6     inform the person or persons to whom unauthorized disclosures were made of all the terms of this

7     Order, and (d) request such person or persons to execute the "Acknowledgment And Agreement

8     To Be Bound" that is attached hereto as Exhibit A.

9     10.     FILING PROTECTED MATERIAL

10          Without written permission from the Designating Party or a court order secured after

11    appropriate notice to all interested persons, a Party may not file in the public record in this action

12    any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

13    with Civil Local Rule 79-5.

14    11.     FINAL DISPOSITION

15          Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after

16    the final termination of this action, each Receiving Party must return all Protected Material to the

17    Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

18    abstracts, analyses, compilations, summaries or any other form of reproducing or capturing any of

19    the Protected Material and expressly excludes material which qualifies as work product protected

20    by the attorney work product privilege.  With permission in writing from the Designating Party,

21    the Receiving Party may destroy some or all of the Protected Material instead of returning it.

22    Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

23    written certification to the Producing Party (and, if not the same person or entity, to the

24    Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the

25    Protected Material that was returned or destroyed and that affirms that the Receiving Party has

26    not retained any copies, abstracts, analyses, compilations, summaries or other forms of

27    reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

28    are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

- 12 -

1  memoranda, correspondence or attorney work product, even if such materials contain Protected

2  Material for the purpose of keeping a legal file. Any such archival copies that contain or

3  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

4  above.

5      12.    <u>MISCELLANEOUS</u>

6          12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8          12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

9  Protective Order no Party waives any right it otherwise would have to object to disclosing or

10  producing any information or item on any ground not addressed in this Stipulated Protective

11  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

12  the material covered by this Protective Order.

13      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

15  Dated: July 7, 2008

16          Robert C. Gebhardt, Esq.
            Matthew S. Kenefick, Esq.
17          Jeffer, Mangels, Butler, Marmaro, LLP
            Two Embarcadero Center, Fifth Floor
18          San Francisco, CA  94111-3824
            Phone: (415) 398-8080
19          *Attorneys for Defendant and Counterclaimant*
            *Familymeds Group, Inc., f/k/a Drugmax, Inc., a*
20          *Connecticut corporation and Cross-Complainant*
            *Familymeds Inc., a Connecticut corporation*
21

22

23  Dated: July 1, 2008

24          Maria K. Pum, Esq.
            Kristen E. Caverly, Esq.
25          Henderson & Caverly LLP
            16236 Via De Santa Fe, Suite 4-13
26          Rancho Santa Fe, CA 92067-9144
            Phone: (858) 756-6342
27          *Attorneys for Plaintiff McKesson Corporation*

28

- 13 -

STIPULATED PROTECTIVE ORDER                    CV 07-5715 WDB

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   Dated: _____

3                            Honorable Wayne D. Brazil
                                United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

STIPULATED PROTECTIVE ORDER                 CV 07-5715 WDB

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of McKesson Corporation v. Familymeds Group, Inc. etc., et al., Case No. CV 07-5715 WDB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

673830.1