1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3824
4  Telephone:   (415) 398-8080
   Facsimile:   (415) 398-5584

Attorneys for Defendant and Counterclaimant FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and Cross-Complainant FAMILYMEDS, INC., a Connecticut corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br>    v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>    Defendant. | CASE NO.   CV07-5715 WDB<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FAMILYMEDS, INC. LEAVE TO DISMISS CROSS-COMPLAINT WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FRCP 41(a)(2)** |
| FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>    Counterclaimant,<br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>    Counterdefendant. | **Accompanying papers**: Kenefick Declaration; and (Proposed) Order<br><br>Time:   August 20, 2008<br>Date:   1:30 p.m.<br>Place:   Ctrm. 4<br>       1301 Clay St., 3d Floor<br>       Oakland, CA<br>Judge:   The Hon. Wayne D. Brazil |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>    Cross-Complainant,<br>    v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>    Cross-Defendant. | Complaint filed:   Nov. 9, 2007<br>Counterclaim filed:   Dec. 17, 2007<br>Cross-Complaint Filed:   Dec. 17, 2007<br>Trial date:   none set |

752839v1

CV07-5715 WDB
MOTION FOR LEAVE TO DISMISS CLAIMS
WITHOUT PREJUDICE

PRINTED ON RECYCLED PAPER

### NOTICE OF MOTION

PLEASE TAKE NOTICE: that on August 20, 2008, at 1:30 p.m., before the Honorable Wayne D. Brazil in Court Room 4 of the above-referenced court located at 1301 Clay St., 3d Floor, Oakland, California, Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada corporation ("**FM Group**") and Cross-Complainant Familymeds, Inc., a Connecticut corporation ("**FM Inc**.") (collectively, "**Familymeds**") will make a motion to this Court for an order granting FM Inc. leave to dismiss its Cross-Complaint without prejudice.

### MOTION

Familymeds hereby make a motion to this Court for an order granting leave to dismiss from the matter of *McKesson Corp. v. Familymeds etc.*, United States District Court, Northern District of California Case Number CV07-5715 WDB, filed on November 9, 2007 (the "**First Action**") the Cross-Complaint of FM Inc. against McKesson Corporation ("**McKesson**") for an accounting in equity (the "**Cross-Complaint**") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) in light of this Court's Order Re May 5, 2008, Case Management Conference (the "**May 5 Order**") and the related matter of *Familymeds Inc. etc. et al. v. McKesson etc. et al.*, United States District Court, Northern District of California Case Number *CV08-2850 WBD*, filed on June 6, 2008 (the "**Second Action**") (this "**Motion**").

///
///
///

- 1 -   CV07-5715 WDB
MOTION FOR LEAVE TO DISMISS CLAIMS WITHOUT PREJUDICE

752839v1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

McKesson filed in the First Action a motion to dismiss, requesting this Court order FM Inc. to either file a motion to join the First Action, or to re-file the claims asserted in the Cross-Complaint as a second lawsuit. The invariable result of FM Inc. filing a second lawsuit would be that FM Inc. would dismiss its Cross-Complaint from the First Action without prejudice.

In ruling on McKesson's motion to dismiss, this Court directed FM Inc. to either file a motion to join the First Action, or to file a separate lawsuit. FM Inc., therefore, filed its claims against McKesson as a separate lawsuit. FM Inc. now seeks to dismiss the Cross-Complaint from the First Action - the inevitable result of the relief requested by McKesson's motion to dismiss. McKesson, however, will not stipulate to FM Inc. dismissing its Cross-Complaint without prejudice, thereby necessitating this Motion.

By this Motion, Familymeds requests that this Court allow FM Inc. to dismiss the Cross-Complaint from the First Action without prejudice so that the claims which were asserted therein may proceed in the Second Action. This is the exact result McKesson requested in its motion to dismiss, is the next step in effectuating this Court's May 5 Order, and will not prejudice McKesson.

**II.   BACKGROUND**

**A.   The First Action**

**The Complaint**. On November 9, 2007, McKesson filed in the First Action its Complaint for Breach of Contract against FM Group to enforce amounts allegedly due and owing from FM Group to McKesson (the "**Complaint**"). See Complaint attached as Exh. 1 to the Kenefick Decl.[1]

**The Counterclaim**. On December 17, 2007, Familymeds filed their Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting seeking an accounting under contract and in equity (the "**Counterclaim**"). See Counterclaim attached as Exh. 2 to the Kenefick Decl. at ¶¶ 21-40, p.4, line 7 through p.6, line 3.

---

[1] The accompanying Declaration of Matthew S. Kenefick and Request for Judicial Notice in Support of Motion for Order Granting Familymeds, Inc. Leave to Dismiss Cross-Complaint Without Prejudice (the **"Kenefick Decl."**).

752839v1

- 2 -   CV07-5715 WDB
MOTION FOR LEAVE TO DISMISS CLAIMS
WITHOUT PREJUDICE

1    The Counterclaim includes, among other things, a Cross-Complaint by FM Inc. against
2  McKesson for an accounting in equity (the "**Cross-Complaint**").  See Counterclaim ¶¶ 36-40, p.5
3  line 18 through p.6 line 3.

4    **The Motion To Dismiss**.  On January 14, 2008, McKesson filed its Motion to Dismiss
5  Counterclaim for Specific Performance of Contract and Accounting and Cross-Complaint for
6  Accounting (the "**Motion to Dismiss**").  See Kenefick Decl. Exh. 3.  In the Motion to Dismiss,
7  McKesson requested the Court to order FM Inc. to either file its claims as a separate lawsuit or to
8  file a motion for FM Inc. to join the First Action:

9    …If FM Inc. would like to sue McKesson, it can bring a lawsuit or
     move to intervene in this action…
10
     See Reply[2] at p.10 lines 15-16.
11

12   Thus, McKesson requested this Court to order FM Inc. to bring its claims in a second
13 lawsuit.  The invariable result of such an order is that FM Inc. would then need to dismiss its Cross-
14 Complaint from the First Action without prejudice.

15   **May 5 Order**.  On May 5, 2008, the Court heard and denied McKesson's Motion to Dismiss
16 without prejudice, and issued its May 5 Order which, as McKesson requested in its Motion to
17 Dismiss, directed FM Inc. to either file a motion to join the First Action, or to file a separate action.
18 See Kenefick Decl. Exh. 4.

19   **Motion For Summary Judgment**.  On June 4, 2008, McKesson filed its Motion for
20 Summary Judgment, or, in the Alternative, Summary Adjudication (the "**MSJ**").  Kenefick Decl.
21 Exh. 5.  In the MSJ, McKesson seeks, among other things, adjudication of the Cross-Complaint.  Id.

22   B.   **The Second Action**

23   **Second Complaint**.  On June 6, 2008, Familymeds filed in the Second Action (the First
24 Action and Second Action are collectively referred to herein as the "**Actions**") their Complaint for
25 Specific Performance of Contract and Accounting (the "**Second Complaint**").  See Kenefick Decl.

---

[2] The Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss Counterclaim for Specific Performance of Contract and Accounting, and Cross-Complaint for Accounting attached as Exh. 3 to the Kenefick Decl.

- 3 -   CV07-5715 WDB
752839v1   MOTION FOR LEAVE TO DISMISS CLAIMS
           WITHOUT PREJUDICE

PRINTED ON RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

1   Exh. 6. This is precisely what McKesson asked the Court to order in its Motion to Dismiss.

2        The Second Complaint includes a cause of action by FM Inc. against McKesson for an
3   accounting in equity. <u>See</u> Kenefick Decl. Exh. 6. Thus, as McKesson requested in its Motion to
4   Dismiss, and the Court ordered in its May 5 Order, FM Inc. brought its claims in a second lawsuit.
5   FM Inc. was then left to dismiss the Cross-Complaint from the First Action without prejudice to
6   effectuate the procedure contemplated by this Court's May 5 Order.

7        **C.**    **<u>Motion To Consider Whether Cases Should Be Related</u>**

8        On June 12, 2008, Familymeds requested McKesson stipulate to the First Action being
9   designated as related to the Second Action. Kenefick Decl. ¶ 8, Exh. 7. McKesson would not
10  stipulate. <u>Id</u>. Accordingly, on June 16, 2008, Familymeds filed its Administrative Motion to
11  Consider Whether Cases Should be Related (the "**Administrative Motion**") on the ground that the
12  Actions involve common and overlapping issues of fact and law, and will involve common
13  evidence, witnesses, experts and parties. <u>Id</u>. On June 18, 2008, McKesson filed its opposition to
14  Familymeds' Administrative Motion. <u>Id</u>. On June 18, 2008, the Court entered its order granting
15  Familymeds' Administrative Motion, thereby designating the Actions as related and re-assigning the
16  Second Action to Judge Brazil. <u>Id</u>.

17       **D.**    **<u>The Request For A Stipulation To Dismiss The Cross-Complaint</u>**

18       FM Inc. had re-filed its claims in the Second Action, as McKesson requested this Court
19  order FM Inc. to do. FM Inc., therefore, sought to dismiss the Cross-Complaint without prejudice,
20  leaving the Second Action to proceed.

21       Accordingly, on July 14, 2008, Familymeds requested that McKesson stipulate to FM Inc.
22  dismissing the Cross-Complaint from the First Action without prejudice. Kenefick Decl. ¶ 9, Exh.
23  8. Even though McKesson requested in its Motion to Dismiss that this Court direct FM Inc. to file
24  the Second Action, McKesson refused to stipulate to the dismissal of the Cross-Complaint without
25  prejudice, thereby necessitating this Motion.

26       Because portions of the MSJ address the Cross-Complaint, Familymeds requested
27  McKesson continue hearing on the MSJ to allow sufficient time for the Court to address
28  Familymeds' request for leave to dismiss the Cross-Complaint without prejudice. Kenefick Decl. ¶

1  10, Exh. 9. McKesson denied this request as well. Id. McKesson, however, agreed to have this

2  Motion heard concurrently with the hearing on the MSJ. Id.

3  **III.   LEGAL ARGUMENT**

4  A plaintiff has the absolute right and power to dismiss an action until the defendant serves

5  an answer or summary judgment motion. Federal Rules of Civil Procedure 41(a)(1) and 41(c).

6  Thereafter, the action may be dismissed at any time by stipulation of the parties. Federal Rule of

7  Civil Procedure 41(a)(1)(A)(ii); McCall-Bey v. Franzen, (7th Cir. 1985) 777 F.2d 1178, 1185. If,

8  however, the defendant will not stipulate to the dismissal, then the plaintiff may seek leave to

9  dismiss the action by motion to the court. Federal Rule of Civil Procedure 41(a)(2).

10  The primary purpose of requiring a court order for a dismissal following the service of a

11  motion for summary judgment is to prevent voluntary dismissals which unfairly affect the other

12  side. See Alamance Industries, Inc. v. Filene's, (1st Cir. 1961) 291 F.2d 142, 146. Thus, courts

13  generally allow dismissals without prejudice, unless the defendant will suffer "some plain legal

14  prejudice" as a result thereof. See Hamilton v. Firestone Tire & Rubber Co., Inc., (9th Cir. 1982)

15  679 F.2d 143, 145; Fisher v. Puerto Rico Marine Management, Inc., (11th Cir. 1991) 940 F.2d

16  1502, 1503; Brown v. Baeke, (10th Cir. 2005) 413 F.3d 1121, 1123.

17

18  **A.   Familymeds Appropriately Seeks Leave To Dismiss Its Cross-Complaint To Effectuate This Court's May 5 Order And The Relief McKesson Requested In Its Motion To Dismiss**

19

20  In the May 5, Order, this Court directed FM Inc. to either file a motion to join its claims in

21  the First Action, or to file a separate action containing those claims. This is the result McKesson

22  requested in its Motion to Dismiss. FM Inc. did the latter with the Second Action. FM Inc. now

23  seeks the practical remedy of dismissing the Cross-Complaint from the First Action without

24  prejudice to clean-up the pleadings. This is the next step in effectuating this Court's May 5 Order.

25  This is entirely appropriate and will allow the First Action and Second Actions to proceed in the

26  manner that McKesson requested in its Motion to Dismiss.

27  ///

28  ///

### B. Granting FM Inc. Leave To Dismiss The Counter-Claim Without Prejudice Will Not Prejudice McKesson

Granting this Motion will not prejudice McKesson. The First Action is still in its early stages, discovery has only been open for approximately two (2) months, and McKesson has not even filed an answer in the Second Action. Any litigation of the issues in the Cross-Complaint will directly transfer to the Second Action. Further, McKesson requested in its Motion to Dismiss that this Court order FM Inc. to file the Second Action, which invariably involved FM. Inc. dismissing the Cross-Complaint from the First Action. McKesson therefore should not be allowed to argue that it is prejudiced by the very result it requested.

## IV. CONCLUSION

McKesson requested that this Court order FM Inc. to re-file its claims against McKesson as a separate lawsuit. This request invariably required FM Inc. to dismiss its Cross-Complaint from the First Action without prejudice. In ruling on McKesson's Motion to Dismiss, this Court directed FM Inc. to do as McKesson requested and file a separate lawsuit.

FM Inc. now seeks to dismiss its Cross-Complaint from the First Action without prejudice. This is the exact result that McKesson requested in its Motion to Dismiss, and what was contemplated by this Court's May 5 Order. McKesson, however, will not stipulate to this, and therefore, Familymeds was required to bring this Motion.

This Court has the discretion to allow FM Inc. to dismiss the Cross-Complaint without prejudice, and given the circumstances involved, should do so. This is the practical next step to effectuating this Court's May 5 Order and the relief McKesson requested in its Motion to Dismiss. McKesson will not be prejudiced by FM Inc. dismissing the Cross-Complaint without prejudice and should not be allowed to argue otherwise because this is the precise result it requested in its Motion to Dismiss.

Accordingly, this Court should grant Familymeds' Motion and should allow FM Inc. to dismiss the Cross-Complaint from the First Action without prejudice.

752839v1

- 6 -

CV07-5715 WDB
MOTION FOR LEAVE TO DISMISS CLAIMS WITHOUT PREJUDICE

| | |
|---|---|
| DATED: July 16, 2008 | JEFFER, MANGELS, BUTLER & MARMARO LLP<br>ROBERT C. GEBHARDT<br>MICHAEL A. GOLD<br>MATTHEW S. KENEFICK<br><br>By: /s/ Robert C. Gebhardt<br>　　　ROBERT C. GEBHARDT<br>Attorneys for FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and FAMILYMEDS, INC., a Connecticut corporation |

752839v1

- 7 -　CV07-5715 WDB
MOTION FOR LEAVE TO DISMISS CLAIMS
WITHOUT PREJUDICE