# EXHIBIT 1

1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:   (858) 756-6342
   Facsimile:   (858) 756-4732
5
   Attorneys for Plaintiff
6  McKESSON CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
   McKESSON CORPORATION, a Delaware          Case No. CV 07 5715
11 corporation,

12              Plaintiff,                    **COMPLAINT FOR BREACH OF CONTRACT**

13      v.
                                              (Diversity Jurisdiction: 28 U.S.C. § 1332)
14 FAMILYMEDS GROUP, INC.,
     f/k/a Drugmax, Inc., a Connecticut corporation,   **DEMAND FOR JURY TRIAL**
15
                Defendant.
16

17

18      Plaintiff, McKESSON CORPORATION ("Plaintiff") alleges as follows:

19                           **THE PARTIES**

20      1.  Plaintiff is a Delaware corporation with its principal place of business at One Post

21 Street, San Francisco, CA 94104.

22      2.  Plaintiff is informed and believes, and thereon alleges, that defendant

23 FAMILYMEDS GROUP, INC. f/k/a Drugmax, Inc. ("Familymeds") is a Connecticut corporation

24 with its principal place of business at 312 Farmington Avenue, Farmington, CT 06032.

25                      **VENUE AND JURISDICTION**

26      3.  Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a) because a

27 substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

28      4.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction in this matter.

EXHIBIT 1   COPY

Complaint

# GENERAL ALLEGATIONS

5. Plaintiff is in the business of distributing pharmaceutical products manufactured by others to retailers and others.

6. Defendants are in the business of operating pharmacies and selling pharmaceutical and other products to consumers and other persons and entities. Familymeds was formed by the merger on November 12, 2004, of DrugMax, Inc., and Familymeds Group, Inc.

7. On February 2, 2007, Familymeds and Plaintiff entered into a contract entitled "Supply Agreement" (the "Agreement") for fair and valuable consideration, pursuant to which Plaintiff agreed to sell to Familymeds and Familymeds agreed to buy from Plaintiff certain "Merchandise" described therein.

8. The Agreement provides that it lasts for a term of three years commencing on December 28, 2006. The Agreement currently remains in full force and effect.

9. The Agreement provides:

> Customer agrees to render payment in full to McKesson on the applicable due date as specified in this Agreement without (i) making any deductions, short payments, or other accounts payable adjustments to such payment obligation; or (ii) seeking to condition such remittance on any demand for or receipt of proofs of delivery. Any accounts payable adjustments claimed by Customer shall require prior written authorization of McKesson and must be supported by accompanying detail documenting the basis for any such requested adjustments.

10. Pursuant to the Agreement, Familymeds has purchased Merchandise from Plaintiff for which Familymeds is obligated to pay Plaintiff in accordance with pricing terms contained in the Agreement.

11. Familymeds has failed to pay for Merchandise sold and/or delivered to Familymeds by Plaintiff pursuant to the Agreement. The amount owing by Familymeds to Plaintiff is now past due.

12. The Agreement also provides:

> Any payments made after the due date indicated herein shall result in a two percent (2%) (or the maximum amount permissible under applicable law, if lower) increase in the purchase price of the Merchandise. A one percent (1%) service charge (or the maximum amount permissible under applicable

1  law, if lower) will be imposed semi-monthly on all balances delinquent more than fifteen (15) days.

2  13. Thus, if Familymeds fails to make payment timely, the purchase price for the Merchandise for which payment has not been timely received increases by 2 percent or the maximum amount permissible by law, if lower (in either case, referred to herein as the "2% Price Increase"). Additionally, all balances delinquent more than 15 days result in Familymeds incurring a 1 percent service charge (or the maximum amount permissible under applicable law, if lower) imposed semimonthly on such delinquent balance (in either case, referred to herein as the "1% Service Charge").

13. In addition to the 2% Price Increase and the 1% Service Charge, the Agreement provides the price that Familymeds must pay to Plaintiff for Merchandise increases as the volume of purchases decreases, and vice versa, across several levels of purchase volumes. This adjustment to the price that Familymeds must pay for Merchandise purchased from Plaintiff based on the volume purchased is referred to herein as the "Volume Price Adjustment."

14. After executing the Agreement, Familymeds failed to purchase a sufficient volume of Merchandise to qualify for the lowest price level specified in the Agreement. Notwithstanding that fact, to the extent Familymeds paid for Merchandise, it paid at the lowest pricing level specified in the Agreement even though it was not entitled to do so.

15. As of October 31, 2007, the past due amount owing by Familymeds to Plaintiff on account of Merchandise sold to Familymeds pursuant to the Agreement aggregated at least $724,574.80 (the "Past Due Amount"), which calculation takes into account the 2% Price Increase and the 1% Service Charge through October 31, 2007, but does not take into account the price increase that applies if the Volume Price Adjustment is made due to Familymeds' failure to qualify for the lowest price level specified in the Agreement. Based on the volume of Merchandise purchased by Familymeds in recent months, Familymeds should be paying the highest price set forth in the Agreement. The $724,574.80 figure is calculated without applying the Volume Price Adjustment to which Plaintiff is entitled.

16. The 1% Service Charge continued to accrue after October 31, 2007, and continues to accrue.

17. Plaintiff has made demand upon Familymeds to pay the Past Due Amount owing to Plaintiff, but Familymeds has advised Plaintiff that it will not pay the Past Due Amount to Plaintiff.

18. Plaintiff has performed its obligations under the Agreement.

19. The Agreement provides that it "shall be construed in accordance with the laws of the State of California without regard to the provisions of Section 1654 of the California Civil Code or the rules regarding conflict of laws."

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### (Against Familymeds)

20. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 19 of this Complaint as though set forth in full herein.

21. Familymeds has breached the Agreement, including by failing to pay the Past Due Amount when the same (or each portion thereof) was due to be paid under the terms of the Agreement.

22. Familymeds has also breached the Agreement by failing to pay the Past Due Amount upon demand from Plaintiff.

23. Familymeds has also breached the Agreement by failing to pay the proper purchase price for Merchandise after application of the Volume Price Adjustment to purchases made since the execution of the Agreement.

24. The breaches by Familymeds were material and not excused.

25. As a result of Familymeds' conduct alleged herein, Plaintiff has been damaged in an amount equal to at least $724,574.80, plus the 1% Service Charge on the Past Due Amount which accrues semimonthly after October 31, 2007.

26. As a result of Familymeds' conduct alleged herein, Plaintiff has also been damaged in an amount to be determined in accordance with proof to the extent Familymeds has failed to pay to Plaintiff the proper purchase price for all Merchandise purchased by Plaintiff since execution of

the Agreement after the Volume Price Adjustment is properly applied to the purchases made by Familymeds from Plaintiff pursuant to the Agreement.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

27. For monetary damages of at least $724,574.80, plus the 1% service Charge from and after October 31, 2007;

28. For additional monetary damages in an amount to be demonstrated by proof based on Familymeds' having paid the incorrect purchase price for Merchandise due to its failure to properly apply the Volume Price Adjustment to the Merchandise purchased from Plaintiff since execution of the Agreement;

29. For interest as may be allowed by law;

30. For costs, including reasonable attorneys' fees; and,

31. For such other and further relief as the Court deems proper.

DATED: November 8, 2007.

HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims for which such right attaches.

DATED: November 8, 2007.

HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation