**EXHIBIT 3**

1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:   (858) 756-6342
   Facsimile:   (858) 756-4732
5  E-mail: mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  McKESSON CORPORATION, a Delaware corporation, | Case No. 4:07-cv-05715 WDB |
| 12              Plaintiff,<br>     v.<br>13<br>    FAMILYMEDS GROUP, INC.,<br>14  f/k/a Drugmax, Inc., a Connecticut corporation,<br>15              Defendant. | **NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF McKESSON CORPORATION SEEKING TO DISMISS:**<br><br>(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND |
| 16<br>    FAMILYMEDS GROUP, INC.,<br>17  f/k/a Drugmax, Inc., a Connecticut corporation,<br>18              Counterclaimant,<br>19       v.<br>20  McKESSON CORPORATION, a Delaware corporation,<br>21              Counterdefendant. | (2) CROSS-COMPLAINT FOR ACCOUNTING<br><br>Complaint Filed: November 9, 2007<br>Cross-Complaint Filed: December 17, 2007<br><br>Date: March 12, 2008<br>Time: 3:00 pm<br>Place: Ctrm 4<br>       1301 Clay St., 3d Floor<br>       Oakland, CA |
| 23  FAMILYMEDS, INC.,<br>    a Connecticut corporation,<br>24<br>                Cross-Complainant,<br>25       v.<br>26  McKESSON CORPORATION, a Delaware corporation,<br>27<br>                Cross-Defendant. | |

28                                                                 **EXHIBIT 3**

Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February ____, 2008 at ____ __.m. in the above referenced Court, or as soon thereafter as the matter may be called, McKESSON CORPORATION, a Delaware corporation ("McKesson") will move this Court for an order dismissing that certain "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Cross-Complaint") filed by FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group") and FAMILYMEDS, INC., a Connecticut corporation ("Familymeds, Inc.").

## MOTION

McKesson hereby moves this Court for an order dismissing the Cross-Complaint on the bases (among others) that:

(1) the joinder of a stranger to the action as a Cross-Complainant (not a third party defendant) against McKesson is not permitted pursuant to Federal Rule of Civil Procedure ("FRCP") 14 and the Cross-Complaint must therefore be dismissed;

(2) the Cross-Complaint violates FRCP 19 and FRCP 12(b)(7) because it fails to name D&K Healthcare Resources, Inc. ("D&K") as a party to the action notwithstanding that D&K (and not McKesson) is the entity that signed one of the contracts that Familymeds Group seeks to enforce through the Cross-Complaint; and

(3) the Third Claim for Relief in the Cross-Complaint fails to state a claim against McKesson for which relief can be granted such that dismissal thereof is mandated by FRCP 12(b)(6).

1

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. STATEMENT OF ISSUES TO BE DECIDED.

On November 9, 2007, McKESSON CORPORATION, a Delaware corporation ("McKesson") filed a complaint (the "Complaint") for breach of contract against a single defendant, FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("Familymeds Group"). On or about December 17, 2007, McKesson was served not only with an answer to the Complaint, but also with a pleading entitled "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for Accounting" (the "Corss-Complaint"). Pursuant to its motion and this memorandum of points and authorities, McKesson requests that this Court dismiss the Cross-Complaint. The bases for that request are that the Cross-Complaint adds a new party to this action not as a third party defendant under FRCP 14, but rather as a *cross-complainant*. Specifically, the Cross-Complaint is purportedly brought not by Familymeds Group, but by Familymeds, Inc., a Connecticut corporation, which according to the Cross-Complaint is a subsidiary of Familymeds Group. In addition, the Cross-Complaint should be dismissed for the failure to name a necessary party as a third party defendant: D&K Healthcare Resources, Inc. ("D&K"). D&K is a necessary party because the Cross-Complaint purports to seek to enforce contract not mentioned in the Complaint, against McKesson, yet the contract at issue is not a contract to which McKesson is a party. The party to the contract is D&K. Contract parties are necessary parties to an action to enforce the contract. Finally, the Cross-Complaint, or at least the third claim for relief asserted therein, should be dismissed pursuant to FRCP 12(b)(6) for failure to state an claim against McKesson for which relief may be granted.

### II. STATEMENT OF FACTS.

The Complaint filed by McKesson against Familymeds Group is a simple breach of contract complaint seeking to collect sums owing for the purchase by Familymeds Group of products from McKesson under the terms of a contract entitled "Supply Agreement" which was dated February 2, 2007 and executed by Familymeds Group and McKesson and no other parties. In response, McKesson received not only an answer from Familymeds Group, but the Cross-

2

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

Complaint which alleges three claims for relief against McKesson. The trouble is that at least one, possibly more, of those claims for relief are brought by an entirely new entity, Familymeds, Inc., and appear to be based on an agreement other than the contract that is the subject of the Complaint: a December 28, 2004 contract between Familymeds, Inc., Valley Drug Company and D&K, which is defined in the Cross-Complaint as the "First Agreement." The result is a muddled pleading situation and a fatally defective Cross-Complaint that should be dismissed.

### III.  ARGUMENT.

#### A. Defendant Cannot Add a Third Party Cross-Complainant to the Instant Action.

Federal Rule of Civil Procedure ("FRCP") 14 governs the addition of parties to an action by a defendant. As was summarized by the Ninth Circuit in *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988):

> Fed. R. Civ. P. 14(a) allows a defending party to bring in as third-party *defendant* a person not a party to the action *who is or may be liable to him* for all or part of plaintiff's claim against him. *Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.*

(Emphasis added.). The *Stewart* court continued, quoting Professors Wright and Miller:

> ... [the claim] cannot simply be an independent or related claim but *must be based upon plaintiff's claim against defendant*. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Id.* at 200 (emphasis added)(*citing* 6 FED. PRAC. & PROC. § 1446 at 257 (1971 ed.)). Because the defendant in *Stewart* failed to meet the requirements of FRCP 14 in bringing a third party complaint, the Ninth Circuit affirmed the District Court's dismissal of the third party complaint.

Here, Familymeds Group has not added a third party *defendant* in filing the Cross-Complaint, nor does the Cross-Complaint relate to the facts of the original Complaint. Instead, Familymeds Group has tacked on to the instant case an entirely new action brought by an entirely new entity, Familymeds, Inc., based on an entirely new contract, the so-called "First Agreement." The instant Cross-Complaint does not properly or permissibly add a party pursuant to FRCP 14 to

3

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

this action and is not permitted by FRCP 7[1] or any of the other Federal Rules of Civil Procedure. The Cross-Complaint should be dismissed.

### B. Familymeds Group Cannot Assert Claims Against D&K Healthcare Resources Inc. Without Naming D&K Healthcare Resources Inc. as a Party.

In addition to the fatal defect relating to the improper application of FRCP 14, the Cross-Complaint is fatally flawed in that it asserts claims against a new entity that is not named as a party in the Cross-Complaint. Specifically, in paragraph 11 of the Cross-Complaint, the Cross-Complaint makes reference to a contract defined as the "First Agreement" which is described as an agreement entered into on December 28, 2004 by and among Familymeds, Inc., Valley Drug Company and D&K Healthcare Resources Inc. It appears that the Cross-Complaint is making claims against McKesson based on that contract though the contract with D&K—an entity that still exists as a separate corporate entity. FRCP 19(a) provides in pertinent part:

> **(a) Persons Required to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:
>
> (1) in that person's absence complete relief cannot be accorded among those already parties; or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect that interest or
>
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Court cannot accord complete relief to McKesson and Familymeds Group if D&K is not a participant to this action inasmuch as Familymeds Group cannot get relief with respect to the First Agreement against McKesson; remedies under the First Agreement, assuming it has been breached,

---

[1] FRCP 7(a) provides:

There shall be a complaint and an answer; a reply to a counterclaim denominated as such; and answer to a cross-claim, if the answer contains a cross-claim; **a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14;** and a third party answer, if a third party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer of a third-party answer.

(Emphasis added.)

4

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

will lie only against D&K.

Clearly, it is incumbent upon Familymeds Group to name D&K as a third party defendant in this action if it (or Familymeds, Inc. in a properly plead action) seeks to enforce any claims based on the First Agreement. "Generally, in breach of contract actions, all parties to the contract are necessary ones." *Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 361 (D.C. Puerto Rico 1998). Allegations that McKesson is somehow the alter ego of D&K do not cure this defect. *See, id.* at 363-64. Thus because Familymeds Group has failed to join D&K which is a necessary party pursuant to FRCP 19, the Cross-Complaint should be dismissed pursuant to FRCP 12(b)(7). This should not be problematic in this action because joinder of D&K will not destroy diversity and it is feasible to join D&K.

### C. The Third Claim for Relief in the Cross-Complaint Should be Dismissed or Stricken Pursuant to FRCP 12(b)(6).

Alternatively, if the entire Cross-Complaint is not dismissed, the Third Claim for Relief should be dismissed or stricken. It appears to allege a claim by Familymeds, Inc. against McKesson based on the First Agreement. However, McKesson is not a party to the First Agreement and therefore no relief may be had by Familymeds, Inc. against McKesson based on that agreement. The Third Claim for Relief should be dismissed or stricken.

### IV. CONCLUSION.

The Cross-Complaint contains fatal defects. It should be dismissed in its entirety. At a minimum, all request for relief contained in the Third Claim for Relief should be dismissed or stricken.

DATED: January 14, 2008.

HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

5

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

## PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On January 14, 2008, I served the foregoing:

**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF McKESSON CORPORATION SEEKING TO DISMISS:**

**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**

**(2) CROSS-COMPLAINT FOR ACCOUNTING**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on January 14, 2008.

Quynh N. Nguyen

6

Case No. 4:07-cv-05715 WDB
Notice of Motion, Motion and Memorandum of Points and Authorities of McKesson Corporation Seeking to Dismiss:
(1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:    (858) 756-6342
   Facsimile:    (858) 756-4732
5  E-mail:  mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br>v.<br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br>            Defendant.<br><br>FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation,<br>            Counterclaimant,<br>v.<br>McKESSON CORPORATION, a Delaware corporation,<br>            Counterdefendant.<br><br>FAMILYMEDS, INC., a Connecticut corporation,<br>            Cross-Complainant,<br>v.<br>McKESSON CORPORATION, a Delaware corporation,<br>            Cross-Defendant. | Case No. 4:07-cv-05715 WDB<br><br>**REPLY OF McKESSON CORPORATION TO OPPOSITION TO MOTION SEEKING TO DISMISS:**<br><br>**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**<br><br>**(2) CROSS-COMPLAINT FOR ACCOUNTING**<br><br>Complaint Filed: November 9, 2007<br>Cross-Complaint Filed: December 17, 2007<br><br>Date: March 12, 2008<br>Time: 3:00 pm<br>Place: Ctrm 4<br>       1301 Clay St., 3d Floor<br>       Oakland, CA |

1    Defendant FAMILYMEDS GROUP, INC. ("FM Group") and Cross-Complainant
2    FAMILYMEDS, INC. ("FM Inc.") have opposed the pending motion to dismiss (the "Motion")
3    filed by McKESSON CORPORATION ("McKesson"), claiming that McKesson's demands that
4    FM Group and FM Inc. (together, "Familymeds") comply with the Federal Rules of Civil
5    Procedure are "improper delay tactics" that should "neither be tolerated nor condoned."[1]
6    McKesson neither seeks delay nor has it unnecessarily delayed these proceedings in any way. In
7    fact, McKesson has on at least three separate occasions invited FM Group to amend the
8    "Counterclaim for Specific Performance of Contract and Accounting; Cross-Complaint for
9    Accounting" (the "Cross-Complaint & Counterclaim") which it filed with FM Inc. to correct the
10   defects in that pleading without the need to respond to the Motion. FM Group declined that
11   invitation, asserting that the Cross-Complaint & Counterclaim was properly pled. No legal
12   authority or justification was given for that view during those discussions. Nor has any legal
13   authority or justification been provided in the Opposition Memorandum. McKesson hereby replies
14   to the Opposition Memorandum.

**REPLY**

16   Though it may seem "circular and inefficient"[2] to Familymeds that FM Inc. cannot insert
17   itself into McKesson's breach of contract action against FM Group by dubbing itself a "Cross-
18   Complainant" and adding itself to the caption of the pleadings, and that Familymeds cannot bring
19   an action seeking to enforce a contract without naming the counter-party to that contract as a party
20   in that action, that is nevertheless what the law provides. FM Group and FM Inc., like scores of
21   litigants before them, are not free to circumvent the Federal Rules of Civil Procedure (the "Rules")
22   merely because *they* deem it efficient for them to do so. Under the Rules and other applicable law,
23   the Cross-Complaint & Counterclaim must be dismissed.

---

[1] *See* the "Memorandum of Points and Authorities of Defendant and Counterclaimant Familymeds Group, Inc. and Cross-Complainant Familymeds, Inc. in Opposition to Motion of McKesson Corporation Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting" filed in this case on or about February 20, 2008 (the "Opposition Memorandum") at p. 1; lls. 15-16.

[2] Opposition Memorandum at p. 1; lls. 12.

1

A.  **No Rule or Authority Allows FM Inc. to Insert Itself into this Action.**

The Motion to dismiss the Cross-Complaint & Counterclaim was based in part on McKesson's assumption that it was *FM Group* that took the initiative to add its wholly-owned subsidiary to this action. The Motion therefore points out that a defendant such as FM Group cannot recruit a stranger to the action, that is, FM Inc., to sue McKesson and label that new party as a Cross-Complainant. As McKesson pointed out in the Motion, FM Group may have been permitted under Rule 14 to add a new *third-party defendant* to this action, but not a new "Cross-Complainant." FM Group and FM Inc. do not dispute that interpretation of Rule 14, arguing that "Rule 14 has no application in these circumstances."[3] Instead, Familymeds asserts that FM Inc. may join in this action under Rule 20(a).[4] Familymeds is mistaken. Rule 20(a) provides in part:

> (a) Persons Who May Join or Be Joined.
>
> (1) Plaintiffs.
>
> Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) Defendants.
>
> Persons ... may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

The plain language of Rule 20(a) demonstrates that a *plaintiff* may elect to have another *plaintiff* join in its suit against a defendant, and that a *plaintiff* may choose to sue more than one *defendant*. It does not permit a non-party to insert itself into pending litigation as a purported Cross-Complainant. FM Inc. is neither a "plaintiff" nor a "defendant" in this action. Consequently, Rule 20(a) has no relevance to FM Inc.'s desire to insert itself into this action. In

---

[3] Opposition Memorandum at p. 1; lls. 24-25.

[4] Opposition Memorandum at p. 1; lls. 23-24 ("FM Inc. can join as a party pursuant to Federal Rule of Civil Procedure 20(a).")

2

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

1  fact, no Rule gives FM Inc. that power. If FM inc. believes it should become a parting in this
2  action, it may move to intervene under Rule 24. *See*, WILLIM W. SCHWARTZER, A. WALLACE
3  TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group
4  2004) at 7-45, ¶7:162 ("Intervention is a procedure by which someone not a party to a pending
5  lawsuit can gain party states without the consent of the original parties.") But otherwise, there is no
6  means by which FM Inc. can elect on its own initiative to become a party in this case. It certainly
7  cannot do so by adding its name to a caption and pronouncing itself to be a "Cross-Complainant."

8  In support of their contention that FM Inc. may join in this action as a Cross-Complainant
9  under Rule 20(a), Familymeds cites *Moore v. Comfed Sav. Bank*, 908 F2. 834, 839 (11th Cir. 1990).
10 But that case has no application here. *Moore* involved a class action where a group of plaintiffs
11 was suing a group of defendant banks and the Court *sua sponte* joined several additional banks to
12 the action as parties defendant, rather than certifying a defendant class. *Id.* at 837. That situation
13 has no relevance here. The fact is there is no case where a stranger to an action has successfully
14 added itself to litigation against an existing plaintiff by styling itself as a new "Cross-
15 Complainant." The procedure is not sanctioned by the Rules, nor is it permitted even under the
16 most liberal reading of Rule 20(a).

17 Familymeds also seeks to justify the ability of FM Inc. to bring a cross-complaint against
18 McKesson by reliance on Rule 13(g). But Familymeds misquotes and misapplies that Rule. In the
19 Opposition Memorandum, Familymeds states, citing Rule 13(g) that a "cross-complaint is a claim
20 against a co-party which arises out of the transaction or occurrence that is the subject matter of the
21 action or counterclaim."[5] In fact, Rule 13(g) reads, in part:

> A pleading may state as *a crossclaim* any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

25 Familymeds' substitution of the word "cross-complaint" for "crossclaim" in Rule 13(g) is
26 not without import and it reveals the fundamental problem with the Cross-Complaint &

---

[5] Opposition Memorandum at p. 5; lls. 16-17.

3

Counterclaim which obliged McKesson to bring its Motion to dismiss. Rule 13(g) allows crossclaims, not cross-complaints. As an initial consideration, it is important to recognize that in Federal practice, there is no "cross-complaint" *per se*. Rule 7(a) limits the pleadings that may be filed as follows:

> **Rule 7. Pleadings Allowed; Form of Motions and Other Papers**
> (a) Pleadings.
>> Only these pleadings are allowed:
>> (1) a complaint;
>> (2) an answer to a complaint;
>> (3) an answer to a counterclaim designated as a counterclaim;
>> (4) an answer to a crossclaim;
>> (5) a third-party complaint;
>> (6) an answer to a third-party complaint; and
>> (7) if the court orders one, a reply to an answer.

So when Familymeds states that a "cross-*complaint*" is a claim against a co-party, Familymeds is cloaking itself with authority it does not have. This would not be so critical, if Familymeds merely used the wrong terminology, and used the term "cross-complaint" as a synonym for "crossclaim." But that is not what Familymeds has done. Instead, Familymeds ignores what a "crossclaim" is under applicable law and compounds that error by mischaracterizing its relationship to McKesson.

    First, a "crossclaim" is a claim brought "by one *party* against a *co-party*." *See* Rule 13(g)(emphasis added). Yet, until it inserted itself into this case, FM Inc. was not a party at all in this action. Second, and more importantly, the term "co-party" refers to "any party that is not an opposing party." *Mauney v. Boyle*, 865 F. Supp. 142, 153 (S.D.N.Y. 1994)(quoting from to *Earle M. Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 474 (E.D. Pa. 1991)). This means, that in order to bring a crossclaim against McKesson, FM Inc. would have to have been a party in this action that was not opposed to McKesson. But FM Inc. has never at any time not been an "opposing party" to McKesson. Crossclaims are reserved for situations where, for example, one defendant wishes to make claims against another defendant in the action. FM Inc. does not fall

4

within that category. In no sense is FM Inc. a "co-party" with McKesson. Rule 13(g) therefore provides FM Inc. with no authority to bring a crossclaim, let alone a "cross-complaint" against McKesson. Indeed, the Rules do not contemplate cross-complaints at all. *See* Rule 7(a), *supra*.

Even apart from the defects described above, FM Inc.'s attempt to insert itself in this action by naming itself a "Cross-Complainant" could not succeed under any reading of Rule 20 (or Rule 13(g)) because FM Inc. is not asserting claims that arise "out of the same transaction, occurrence, or series of transactions or occurrences" as do the claims made by McKesson in the Complaint against FM Group. FM Inc. by its own admission was not a party to the contract upon which McKesson is suing FM Group.[6] It was a party to a contract (defined in the Cross-Complaint & Counterclaim as the "First Agreement"[7]) with D&K Healthcare Resources, Inc. ("D&K"), but that contract is not the subject of the Complaint. FM Inc. is proceeding (and can only proceed) to enforce the First Agreement inasmuch as it is not a party to the Second Agreement. Consequently, the claims of FM Inc. do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." And if FM Inc. believes it has claims against McKesson under the First Agreement even though McKesson is not a party to that contract, it is free to sue McKesson. But it cannot invite itself into this litigation relating to a different contract by the expedient of adding its name to the caption of the Cross-Complaint & Counterclaim. To do so only creates confusion and delay in what otherwise is a simple collection action on a contract for the sale of goods to FM Group. In fact, it is completely disingenuous for Familymeds to contend that its use of the Cross-Complaint & Counterclaim will "conserve resources and avoid duplicative and unnecessary proceedings."[8] The opposite is true. McKesson's complaint asserts a single cause of action under a single contract against a single defendant for damages for failure to pay for purchased merchandise. The Cross-Complaint & Counterclaim creates not only procedural pitfalls, but it adds a new party, a new contract and conduct predating the contract that McKesson is seeking to

---

[6] Cross-Complaint & Counterclaim at ¶14. The contract at issue in the Complaint is defined by Familymeds as the "Second Agreement." *Id.*
[7] Cross-Complaint & Counterclaim at ¶11.
[8] Opposition Memorandum at p. 7; lls. 17-18.

5

enforce that have nothing to do with the issues raised in the Complaint, but which McKesson will be forced to address in its simple breach of contract suit if the Cross-Complaint & Counterclaim is not dismissed. At a minimum, the Cross-Complaint & Counterclaim should be amended (as McKesson invited Familymeds to do) to delete FM Inc. and its claims from the action.

### B. The Cross-Complaint & Counterclaim Should be Dismissed for Failure to Name D&K as a Party.

Familymeds' persistent refusal to name D&K as a party in this action is inexplicable. In the Opposition Memorandum, Familymeds argues that "McKesson simply has not carried its burden to establish that D&K is indispensable, and therefore, McKesson's Motion should be denied."[9] But lack of "indispensability" does not excuse Familymeds from joining D&K in this action. Rule 19 requires that D&K be joined. That Rule provides, in pertinent part:

(a) Persons Required to Be Joined if Feasible.

    (1) Required Party.

        A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction ***must be joined as a party*** if:

        (A) in that person's absence, the court cannot accord complete relief among existing parties; or

        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

            (i) as a practical matter impair or impede the person's ability to protect the interest; or

            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(Emphasis added.) Thus, contrary to what the Opposition Memorandum implies, Familymeds cannot simply elect to leave D&K out of this action as is clear from the face of the allegations in the Cross-Complaint & Counterclaim.

---

[9] Opposition Memorandum at p. 8; lls. 23-24.

6

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

1      Pursuant to the Cross-Complaint & Counterclaim as it has been presented to this Court, FM Inc.[10] asserts that the First Agreement was breached. It also asserts that it has an implied right to an accounting under that agreement. However, the signatory to the First Agreement was D&K, and not McKesson. As such, case law has recognized that D&K *at a minimum* is a necessary party in any action brought to enforce the First Agreement, if not an indispensable one. *See, e.g., Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 361 (D.C. Puerto Rico 1998) ("Generally, in breach of contract actions, all parties to the contract are necessary ones.") and *Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994)("joint obligees are indispensable parties to action for enforcement of that obligation")(citing *Harrell & Sumner Contracting v. Peabody Petersen*, 546 F.2d 1227, 1229 (5th Cir. 1977)). Given its role as the sole counterparty to the First Agreement, if D&K remains absent from this proceeding, the Court will be unable to accord complete relief either to FM Inc. (because its claims, if any, lie against D&K) or to McKesson (because McKesson has no obligations to anyone under the First Agreement). In addition, the absence of D&K may cause a jury to hold McKesson liable for improper actions (if any) taken by D&K. Thus, both prongs of Rule 19, D&K must be joined in any action brought by FM inc. to enforce the First Agreement. Furthermore, Familymeds concedes[11] that D&K is subject to service or process and *can* be named as a party. And adding D&K as a party[12] will not deprive this Court of subject matter (or diversity) jurisdiction in this case because D&K is a Delaware corporation and FM Group is a Connecticut corporation (as is FM Inc.).[13] So the question is: Why is Familymeds refusing to name D&K as a party in its action to enforce the First

---

[10] It appears from the Opposition Memorandum that only FM Inc. and not FM Group is asserting claims against McKesson under the First Agreement because each reference in Section B of the Opposition Memorandum to one of the Familymeds parties is to FM Inc. and not to FM Group. *See, e.g.*, Opposition Memorandum at p. 8; lls.19 ("This is what FM Inc. properly alleges.").

[11] Opposition Memorandum at p. 9; lls 8.

[12] Tellingly, the "Factual Background" section of the Opposition Memorandum lists four entities as "The Parties" in this action: FM Group, FM Inc., McKesson, and D&K. Opposition Memorandum at p. 2; lls 11-15. This is peculiar because D&K is not a party in this action and that is one of the objections McKesson has to the Counterclaim & Cross-Complaint.

[13] See Cross-Complaint & Counterclaim at p. 1; lls. 2-3.

7

1  Agreement, notwithstanding McKesson's invitation to allow it to do so? Familymeds' arguments
2  to the contrary based on the contention that D&K has not been shown to be "indispensable" do not
3  solve the riddle and are completely ineffective. Under the clear language of Rule 19—which is
4  completely ignored in the Opposition Memorandum—Familymeds is required to join D&K in this
5  action, assuming it is not dismissed because FM Inc. cannot bring a "cross-complaint" against
6  McKesson.

7      Familymeds attempts to side-step the requirement that D&K be joined as a party by arguing
8  that McKesson "is the successor-in-interest to D&K under the First Agreement." Somehow, this is
9  thought to avoid the need to sue D&K directly. Of course, Familymeds cites no authority for that
10 proposition, and, in fact, similar arguments made by litigants seeking to avoid naming a subsidiary
11 as a party to preserve diversity jurisdiction have been unsuccessful. In *Freeman v. Northwest*
12 *Acceptance Corporation*, 754 F.2d 553 (5th Cir. 1985), for example, the Fifth Circuit concluded
13 that a subsidiary had to be named as a party *even if diversity would be defeated* on the
14 circumstances before it which it summarized as follows:

> First Commercial is clearly a person "to be joined if feasible" under Rule 19(a). Its "presence is critical to the disposition of the important issues in the litigation. [Its] evidence will either support the complaint or bolster the defense." *Haas v. Jefferson National Bank*, 442 F.2d 394, 398 (5th Cir.1971). The Freemans seek to impose liability on Northwest not for its own acts, but for those of First Commercial; thus, as in Haas, First Commercial "becomes more than a key witness whose testimony would be of inestimable value. Instead [it] emerges as an active participant in the alleged conversion." *Id.* 442 F.2d at 398. First Commercial was more than an active participant in the conversion alleged by the Freemans; it was the primary participant. Case law in this and other circuits uniformly supports the proposition that joinder of the subsidiary is required in such a situation. [Citations omitted.]

22 754 F.2d at 559. One can only presume that if diversity were not in jeopardy, the subsidiary would
23 still have been found to be an indispensable party—and certainly a necessary one. Here,
24 Familymeds is asserting claims in the Cross-Complaint & Counterclaim based on a contract to
25 which D&K, not McKesson, was a party. Any misconduct as may have occurred under that
26 contract was that of D&K, not McKesson. D&K should be named as a party in any action seeking
27 redress with respect to the First Agreement. This was essentially the conclusion of the court in

28

8

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific
Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

*Schweyer Import-Schnittholz v. Genesis Capital Fund, L.P.*, 220 F.R.D. 582, 588 (S.D. Iowa 2004). In that case, the court rejected the contention of the plaintiff "Schweyer," that the corporation ("GADC") that signed the contract at issue was not an indispensable party in the action because, according to Schweyer, "the real parties in interest, the shareholders, are named as Defendants." *Id.* The court continued:

> However, Schweyer does not explain how, ***as signatory to the settlement agreement***, GADC is not indispensable in this action. As in *Nike*, the Iowa Defendants may also have an interest in this action, but that does not dilute the importance of GADC's role.

*Id.* (emphasis added). Similarly, here, it is possible that McKesson as the current shareholder of D&K has an interest in the action that Familymeds seeks to bring based on the First Agreement, but that does not "dilute the importance" of D&K as the actual signatory of the First Agreement. And here, joining D&K does not even threaten diversity. *See also Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982) (holding that a parent corporation that signed a purchase agreement to buy a business was a necessary and indispensable party in a breach of contract action brought by the seller entity against the subsidiary of the parent corporation, even though that ruling destroyed diversity). Familymeds' contention that McKesson is a successor in interest or alter ego of D&K does not eliminate the requirement that D&K be formally named as a party if Familymeds seeks to enforce the First Agreement against anyone.

Familymeds' insistence that it need not add D&K to this litigation is nothing more than a ploy designed to confuse the jury in this litigation. FM Group is seeking to establish a claim for set off against its obligation to pay for merchandise that it received from McKesson pursuant to the terms of the Second Agreement—the sole agreement at issue in the Complaint. By refusing to name D&K as the party that is called to defend itself from the enforcement efforts relating to the First Agreement, FM Group hopes to create the impression that D&K and McKesson are one and the same and that any claims FM Inc. may have under the First Agreement may be aggregated with the claims of FM Group and set off against McKesson's claims against FM Group. In other words, they are trying to obscure the lines of responsibility and the lines of corporate separateness. This is unfair, and certainly not calculated to lead to an efficient and expeditious resolution of this matter.

9

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

If Familymeds wishes to assert claims based on purported breaches of the First Agreement, it must name D&K as a party. And if Familymeds refuses to add D&K, then any allegations in the Cross-Complaint & Counterclaim relating obligations under the First Agreement should be dismissed.

### C. The Third Claim for Relief in the Cross-Complaint & Counterclaim Should be Dismissed or Stricken Pursuant to Rule 12(b)(6).

Finally, the Motion requests that the Third Claim for Relief in the Cross-Complaint & Counterclaim be stricken or dismissed if the Cross-Complaint & Counterclaim is not dismissed in its entirety because the Third Claim for Relief asserts claims on behalf of FM Inc. against McKesson, yet McKesson and FM Inc. were never in privity of contract with one another. In response, the Opposition Memorandum reinforces the conclusion that the Third Claim for Relief is brought solely by FM Inc. As was discussed above, FM Inc. is not free to insert itself into this case nor to assert claims against a non-party to the First Agreement. The Third Claim for Relief should be stricken or dismissed from this action.

## IV. CONCLUSION.

If FM Inc. would like to sue McKesson, it can bring a lawsuit or move to intervene in this action. Those are the alternative available to FM Inc. It cannot bring a cross-complaint against McKesson. Similarly, Familymeds cannot seek to enforce claims under the First Agreement without naming D&K as a party. These points are not raised as dilatory tactics of McKesson. They are raised to avoid confusion and prejudice to McKesson. McKesson offered to permit Familymeds to correct the defects identified in the Motion prior to Familymeds' need to respond, but that offer was refused. As written, the Cross-Complaint & Counterclaim must be dismissed.

DATED: February 27, 2008.                HENDERSON & CAVERLY LLP

                                         By: _____
                                             Maria K. Pum
                                             Attorneys for McKesson Corporation

10

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On February 27, 2008, I served the foregoing:

**REPLY OF McKESSON CORPORATION TO OPPOSITION TO MOTION SEEKING TO DISMISS:**

**(1) COUNTERCLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT AND ACCOUNTING; AND**

**(2) CROSS-COMPLAINT FOR ACCOUNTING**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on February 27, 2008.

*/s/ Quynh N. Nguyen*
Quynh N. Nguyen

11

Case No. 4:07-cv-05715 WDB
Reply of McKesson Corporation to Opposition to Motion Seeking to Dismiss: (1) Counterclaim for Specific Performance of Contract and Accounting; and (2) Cross-Complaint for Accounting