**EXHIBIT 6**

1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2   MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
    MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3   Two Embarcadero Center, Fifth Floor
    San Francisco, California  94111-3824
4   Telephone:    (415) 398-8080
    Facsimile:    (415) 398-5584
5

6   Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut
    corporation and FAMILYMEDS GROUP, INC. a Nevada
7   corporation, f/k/a DRUGMAX, INC., a Nevada corporation

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
    FAMILYMEDS, INC., a Connecticut            CASE NO.
11  corporation; and FAMILYMEDS GROUP,         **CV 08        2850**
    INC. a Nevada corporation, f/k/a DRUGMAX,
12  INC., a Nevada corporation,                **COMPLAINT FOR:**

13                  Plaintiffs,                 **1)    SPECIFIC PERFORMANCE OF**
                                                        **CONTRACT (Two Counts); and**
14          v.
                                                **2)    ACCOUNTING (Four Counts).**
15  MCKESSON CORPORATION, a Delaware
    corporation; and D&K HEALTHCARE            **DEMAND FOR JURY TRIAL**
16  RESOURCES LLC, a Delaware limited
    liability company, f/k/a D&K HEALTHCARE
17  RESOURCES, INC., a Delaware corporation,

18                  Defendants.

19

20          Plaintiffs Familymeds, Inc., a Connecticut corporation ("**Familymeds, Inc.**") and

21  Familymeds Group, Inc. a Nevada corporation, f/k/a DrugMax, Inc., a Nevada corporation

22  ("**Familymeds Group**") (collectively, "**Plaintiffs**") hereby complain against McKesson

23  Corporation, a Delaware corporation ("**McKesson**") and D&K Healthcare Resources LLC, a

24  Delaware limited liability company, f/k/a D&K Healthcare Resources, Inc., a Delaware corporation

25  ("**D&K**") (collectively, "**Defendants**") as follows:

26  ///

27  ///

28  ///

PRINTED ON
RECYCLED PAPER

731790v1

**EXHIBIT 6**

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

# I.

## GENERAL ALLEGATIONS

### JURISDICTION

1.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Plaintiffs**

2.     Familymeds, Inc. is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

3.     Familymeds Group is a Nevada corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

4.     On or about November 12, 2004, Familymeds Group, Inc., a Connecticut corporation merged with and into DrugMax, Inc., a Nevada corporation ("**DrugMax**"), leaving DrugMax as the surviving corporation, and thereafter, on or about July 10, 2006, DrugMax amended its articles of incorporation to change its name to Familymeds Group, Inc., a Nevada corporation.

5.     Familymeds, Inc. is the wholly-owned subsidiary of Familymeds Group.

**Defendants**

6.     Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, McKesson is and was a Delaware corporation with its principal place of business at One Post Street, San Francisco, California 94104.

7.     Plaintiffs are informed and believe, and on that basis allege, that on or about August 30, 2005, McKesson's wholly owned subsidiary, Spirit Acquisition Corporation, a Delaware corporation, merged with and into D&K Healthcare Resources, Inc., leaving D&K Healthcare Resources, Inc. as the surviving corporation and thereby rendering D&K Healthcare Resources, Inc. a wholly-owned subsidiary of McKesson.

8.     Plaintiffs are informed and believe, and on that basis allege, that from the date of its formation of December 16, 1987, until December 31, 2005, D&K was a corporation formed under the laws of Delaware.

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

9.      Plaintiffs are informed and believe, and on that basis allege, that on or about January 1, 2006, D&K converted from being a Delaware corporation into a Delaware limited liability company, and has thereafter remained as a Delaware limited liability company with McKesson as its sole member.

10.     Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, D&K's principal place of business is and was at 8235 Forsyth Blvd., St. Louis, Missouri 63105.

11.     Plaintiffs are informed and believe, and on that basis allege, that McKesson and D&K share, and are controlled by, an interlocking directorate.

**Amount in Controversy**

12.     The amount in controversy of each of the claims of Familymeds, Inc. and Familymeds Group against McKesson and D&K each respectively exceed the sum or value of $75,000.

**VENUE**

13.     All actions complained of herein took place within the jurisdiction of the United States District Court, Northern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. § 1391(a).

**INTRADISTRICT ASSIGNMENT**

14.     A substantial part of the events, acts or omissions giving rise to the claims for relief set forth herein occurred in the City and County of San Francisco.

**II.**

**FACTUAL BACKGROUND**

**The First Agreement**

15.     On or about December 28, 2004, Familymeds, Inc., Valley Drug Company South, a Louisiana corporation ("**Valley Drug**") and D&K entered into that certain written Prime Warehouse Supplier Agreement (the "**First Agreement**") for fair and valuable consideration, which provided, *inter alia*, for D&K to sell and Familymeds, Inc. and Valley Drug to buy certain "Products" (as that term is defined therein).

JMBM    Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

731790v1

- 3 -         COMPLAINT FOR SPECIFIC PERFORMANCE
              OF CONTRACT AND ACCOUNTING

16.    The First Agreement provided for a term of two (2) years, commencing on December 28, 2004.

**The First Amendment**

17.    On or about December 27, 2005, DrugMax (which amended its articles of incorporation on July 10, 2006, to change its name to Familymeds Group, Inc., a Nevada corporation and is referred to herein as "Familymeds Group"), Familymeds, Inc., and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement for fair and valuable consideration, which provided, *inter alia,* to amend certain terms of the First Agreement (the First Agreement, as amended, shall be referred to herein as the **"First Amendment"**).

18.    The First Amendment was negotiated and drafted by McKesson's San Francisco corporate office and legal department.

19.    Plaintiffs are informed and believe, and on that basis allege, that the First Amendment was executed by Paul C. Julian, who was also a director and/or officer of McKesson at the time of execution of the First Amendment.

20.    The First Amendment provided, *inter alia*, that Familymeds, Inc. and Familymeds Group were obligated to "fully participate in the McKesson OneStop Generics Program through its auto-substitution feature and to thereby designate this program as Customer's primary source of generic pharmaceuticals..." (the **"McKesson OneStop Generics Program"**).

21.    Both Familymeds, Inc. and Familymeds Group fully participated in the McKesson OneStop Generics Program, as required under the First Amendment.

22.    The First Amendment provided, *inter alia*, that all notices thereunder shall be served on McKesson Corporation, One Post Street, San Francisco, California 94104.

23.    The First Amendment in Paragraph 10 (amending Section 8 of the First Agreement), provided that Familymeds, Inc. and Familymeds Group were entitled to audit documentation pertaining to Specially Priced Products (as that term is defined therein) (the **"Accounting Obligation"**):

> ...Customer [Familymeds, Inc. and Familymeds Group] may audit Customer's purchase history and pricing of Specially Priced Products charged to Customer by D&K as reasonably requested.  D&K agrees

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels Butler & Marmaro LLP

1    to provide Customer with the above-referenced purchase history upon
2    Customer's written request.

3        24.    Beginning in or around February 2006, and until the end of the term of the First

4    Amendment in December 2006, McKesson sent to Familymeds, Inc. and Familymeds Group all

5    invoices for payment which arose under the First Amendment.

6        25.    Beginning in or around February 2006, and until the end of the term of the First

7    Amendment in December 2006, Familymeds, Inc. and Familymeds Group, by direction, request,

8    and demand of D&K, sent all payments arising under the First Amendment to McKesson.

9    **The Request**

10        26.    In a letter dated September 18, 2007, and addressed to Ana Schrank, Vice President

11    of Financial Services, McKesson Corporation, One Post Street, San Francisco, CA 94104, James E.

12    Searson, an officer and director of both Familymeds, Inc. and Familymeds Group, requested

13    documentation pertaining to prior account statements, Specially Priced Products (as that term is

14    defined in the First Amendment), charges, credits, pricing adjustments, and payments (the

15    "**Documentation**") (the "**Request**").

16        27.    The Documentation sought in the Request is within the exclusive possession and

17    control of D&K and/or McKesson.

18        28.    The Request was wrongfully refused and wholly denied.

19        29.    Familymeds is informed and believes, and based thereon alleges, that Familymeds,

20    Inc. and Familymeds Group have been wrongfully overcharged certain amounts under the First

21    Amendment and credits due under the First Amendment were improperly withheld; however, the

22    Documentation necessary to determine the amount of these improper overcharges and improperly

23    withheld credits is within D&K's and/or McKesson's exclusive possession and control and the

24    September 18, 2007 Request for such information was wrongfully denied.

25    ///

26    ///

27    ///

28    ///

JMBM  Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

731790v1

- 5 -    COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

### III.

### FIRST CLAIM FOR RELIEF

(Specific Performance of Contract)

#### Count One - Familymeds, Inc. against D&K

30.    Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

31.    The Accounting Obligation under the First Amendment created an express obligation for D&K to provide the Documentation to Familymeds, Inc.

32.    The terms of the First Amendment, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

33.    The terms of the First Amendment, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

34.    The terms of the First Amendment, including the Accounting Obligation, are mutually available and can be enforced by and against any party to the First Amendment.

35.    Familymeds, Inc. has duly performed all conditions precedent on its part required to be performed under the terms of the First Amendment, except as to those conditions for which performance was excused by D&K's material breaches.

36.    D&K has breached the First Amendment by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

37.    Familymeds, Inc. requests that this Court order D&K to specifically perform in accordance with the terms of the First Amendment by providing the Documentation as required by the Accounting Obligation.

38.    No adequate remedy at law is available to Familymeds, Inc.

WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

#### Count Two - Familymeds Group against D&K

39.    Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

731790v1

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
Butler & Marmaro LLP

40.   The Accounting Obligation under the First Amendment created an express obligation for D&K to provide to Familymeds Group the Documentation.

41.   The terms of the First Amendment, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

42.   The terms of the First Amendment, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

43.   The terms of the First Amendment, including the Accounting Obligation, are mutually available and can be enforced by and against any party to the First Amendment.

44.   Familymeds Group has duly performed all conditions precedent on its part required to be performed under the terms of the First Amendment, except as to those conditions for which performance was excused by D&K's material breaches.

45.   D&K has breached the First Amendment by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

46.   Familymeds Group requests that this Court order D&K to specifically perform in accordance with the terms of the First Amendment by providing the Documentation as required by the Accounting Obligation.

47.   No adequate remedy at law is available to Familymeds Group.

WHEREFORE, Familymeds Group prays for judgment as set forth herein.

## IV.

## SECOND CLAIM FOR RELIEF

(Accounting in Equity - Four Counts)

### Count One - Familymeds, Inc. against D&K

48.   Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

49.   A relationship exists between Familymeds, Inc. and D&K, and circumstances require, that D&K provide to Familymeds, Inc. an accounting in equity.

50.   An unknown balance is due under the First Amendment to Familymeds, Inc. for

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
Butler & Marmaro LLP

731790v1

- 7 -

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

1    unissued and improperly withheld credits and overcharges which cannot be ascertained without an

2    accounting, the means of which are in the exclusive knowledge and control of D&K.

3       51.    D&K has the obligation and the ability to account to Familymeds, Inc.

4       52.    No adequate remedy is available to Familymeds, Inc. at law and thus an accounting

5    is necessary to preserve Familymeds, Inc.'s rights.

6       WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

7            **Count Two - Familymeds, Inc. against McKesson**

8       53.    Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1

9    through 29 above.

10      54.    A relationship exists between Familymeds, Inc. and McKesson, and circumstances

11   require, that McKesson provide to Familymeds, Inc. an accounting in equity.

12      55.    An unknown balance is due under the First Amendment to Familymeds, Inc. for

13   unissued and improperly withheld credits and overcharges which cannot be ascertained without an

14   accounting, the means of which are in the exclusive knowledge and control of McKesson.

15      56.    McKesson has the obligation and the ability to account to Familymeds, Inc.

16      57.    No adequate remedy is available to Familymeds, Inc. at law and thus an accounting

17   is necessary to preserve Familymeds, Inc.'s rights.

18      WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

19            **Count Three - Familymeds Group against D&K**

20      58.    Familymeds Group incorporates by reference the allegations contained in Paragraphs

21   1 through 29 above.

22      59.    A relationship exists between Familymeds Group and D&K, and circumstances

23   require, that D&K provide to Familymeds Group an accounting in equity.

24      60.    An unknown balance is due under the First Amendment to Familymeds Group for

25   unissued and improperly withheld credits and overcharges which cannot be ascertained without an

26   accounting, the means of which are in the exclusive knowledge and control of D&K.

27      61.    D&K has the obligation and the ability to account to Familymeds Group.

28      62.    No adequate remedy is available to Familymeds Group at law and thus an accounting

JMBM    Jeffer Mangels
        Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

731790v1                      - 8 -    COMPLAINT FOR SPECIFIC PERFORMANCE
                                       OF CONTRACT AND ACCOUNTING

1   is necessary to preserve Familymeds Group's rights.

2       WHEREFORE, Familymeds Group prays for judgment as set forth herein.

3       **Count Four - Familymeds Group against McKesson**

4       63.    Familymeds Group incorporates by reference the allegations contained in Paragraphs

5   1 through 29 above.

6       64.    A relationship exists between Familymeds Group and McKesson, and circumstances

7   require, that McKesson provide to Familymeds Group an accounting in equity.

8       65.    An unknown balance is due under the First Amendment to Familymeds Group for

9   unissued and improperly withheld credits and overcharges which cannot be ascertained without an

10   accounting, the means of which are in the exclusive knowledge and control of McKesson.

11       66.    McKesson has the obligation and the ability to account to Familymeds Group.

12       67.    No adequate remedy is available to Familymeds Group at law and thus an accounting

13   is necessary to preserve Familymeds Group's rights.

14       WHEREFORE, Familymeds Group prays for judgment as set forth herein.

15       V.

16       **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiffs pray for judgment against D&K and McKesson as follows:

18   **On The First Claim For Relief For Specific Performance Of Contract:**

19       **Count One - Familymeds, Inc. against D&K**

20       1.    For specific enforcement of the First Amendment compelling D&K to comply with

21   its Accounting Obligation;

22       2.    For costs of suit herein incurred; and

23       3.    For such other and further relief as the Court may deem proper.

24       **Count Two - Familymeds Group against D&K**

25       1.    For specific enforcement of the First Amendment compelling D&K to comply with

26   its Accounting Obligation;

27       2.    For costs of suit herein incurred; and

28       3.    For such other and further relief as the Court may deem proper.

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

PRINTED ON
RECYCLED PAPER

731790v1

JMBM   Jeffer Mangels Butler & Marmaro LLP

1          **On the Second Claim For Relief Accounting In Equity:**

2                    **Count One - Familymeds, Inc. against D&K**

3          1.      For an order compelling D&K to provide to Familymeds, Inc. an accounting in

4    equity;

5          2.      For costs of suit herein incurred; and

6          3.      For such other and further relief as the Court may deem proper.

7                    **Count Two - Familymeds, Inc. against McKesson**

8          1.      For an order compelling McKesson to provide to Familymeds, Inc. an accounting in

9    equity;

10         2.      For costs of suit herein incurred; and

11         3.      For such other and further relief as the Court may deem proper.

12                   **Count Three - Familymeds Group against D&K**

13         1.      For an order compelling D&K to provide to Familymeds Group an accounting in

14   equity;

15         2.      For costs of suit herein incurred; and

16         3.      For such other and further relief as the Court may deem proper.

17                   **Count Four - Familymeds Group against McKesson**

18         1.      For an order compelling McKesson to provide to Familymeds Group an accounting

19   in equity;

20         2.      For costs of suit herein incurred; and

21         3.      For such other and further relief as the Court may deem proper.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

PRINTED ON
RECYCLED PAPER

JMBM. Jeffer Mangels
       Butler & Marmaro LLP

731790v1

COMPLAINT FOR SPECIFIC PERFORMANCE
OF CONTRACT AND ACCOUNTING

1    DATED: June 6, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                            ROBERT C. GEBHARDT
2                                           MICHAEL A. GOLD
                                            MATTHEW S. KENEFICK
3

4                                           By: _____
5                                                    MATTHEW S. KENEFICK
                                            Attorneys for Plaintiffs FAMILYMEDS, INC., a
6                                           Connecticut corporation and FAMILYMEDS GROUP,
                                            INC., a Nevada corporation, f/k/a DRUGMAX, INC., a
7                                           Nevada corporation

8

9                        **JURY DEMAND**

10          Plaintiffs demand a jury trial on all issues so triable.

11   DATED: June 6, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                            ROBERT C. GEBHARDT
12                                          MICHAEL A. GOLD
                                            MATTHEW S. KENEFICK
13

14                                          By: _____
15                                                   MATTHEW S. KENEFICK
                                            Attorneys for Plaintiffs FAMILYMEDS, INC., a
16                                          Connecticut corporation and FAMILYMEDS GROUP,
                                            INC., a Nevada corporation, f/k/a DRUGMAX, INC., a
17                                          Nevada corporation

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

731790v1                      - 11 -        COMPLAINT FOR SPECIFIC PERFORMANCE
                                            OF CONTRACT AND ACCOUNTING