1  MARIA K. PUM (State Bar No. 120987)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  HENDERSON & CAVERLY LLP
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067-9144
4  Telephone:    (858) 756-6342
   Facsimile:    (858) 756-4732
5  Email: mpum@hcesq.com

6  Attorneys for Plaintiff
   McKESSON CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  McKESSON CORPORATION, a Delaware          Case No. 4:07-cv-05715 WDB
    corporation,
12
              Plaintiff,                      **OPPOSITION OF
13     v.                                     McKESSON CORPORATION TO
                                              THE MOTION BY FAMILYMEDS,
14  FAMILYMEDS GROUP, INC.,                   INC. FOR AN ORDER GRANTING
    f/k/a Drugmax, Inc., a Connecticut corporation,  LEAVE TO DISMISS CROSS-
                                              COMPLAINT WITHOUT
15            Defendant.                      PREJUDICE**

16  ─────────────────────────────
    FAMILYMEDS GROUP, INC.,
17  f/k/a Drugmax, Inc., a Connecticut corporation,  Complaint filed: November 9, 2007

18            Counter-Claimant,               Counterclaim & Cross-Complaint Filed:
                                              December 17, 2007
19     v.
                                              Date:  August 20, 2008
20  McKESSON CORPORATION, a Delaware          Time:  1:30 p.m.
    corporation,                              Place: Ctrm 4
21                                                   1301 Clay St., 3d Floor
              Counterdefendant.                      Oakland, CA
22  ─────────────────────────────
23  FAMILYMEDS, INC.,
    a Connecticut corporation,
24
              Cross-Complainant,
25     v.

26  McKESSON CORPORATION, a Delaware
    corporation,
27
              Cross-Defendant.
28

─────────────────────────────────────────────
                                              Case No. 4:07-cv-05715 WDB
    OPPOSITION TO THE MOTION FOR LEAVE TO DISMISS BY McKESSON CORPORATION

1   Plaintiff McKESSON CORPORATION ("McKesson") opposes the motion (the "Motion") filed by FAMILYMEDS GROUP, INC. ("FM Group") seeking leave to dismiss a cross-complaint filed by FAMILYMEDS, INC. ("FM Inc.") in this action for one reason: dismissal at this time would prejudice McKesson. McKesson currently has pending a motion for summary judgment that will, if granted, dispose of the causes of action that FM Group and FM Inc. (together, "Familymeds") now seek to withdraw from this action by the expedient of having FM Inc.'s cross-complaint dismissed without prejudice.

## I. BACKGROUND.

McKesson commenced this action as a simple collection action alleging one cause of action against FM Group in a complaint filed on November 9, 2008. *See* Exhibit 1 to the Declaration of Matthew S. Kenefick filed in support of the Motion (cited as "Kenefick Decl."). That was nine months ago. In the meantime, FM Group has distracted the Court with a counter-claim and cross-complaint that added FM Inc. as a Cross-Complainant. Kenefick Decl., Exhibit 2. McKesson filed a motion to dismiss the Counterclaim and Cross-Complaint on January 14, 2008. Kenefick Decl., Exhibit 3. That motion was ultimately heard on May 5, 2008. Following the hearing on May 5, 2008, the Court issued an order that *denied* without prejudice McKesson's motion to dismiss. Kenefick Decl., Exhibit 4. The order stated that "Familymeds Group may, using an appropriate procedural device, seek to add Familymeds Inc., and/or D&K as a party in this or a separate lawsuit," *id.*, at p. 2; lls. 5-6, but it did not dismiss FM Inc. from the action. The order also directed that McKesson file its promised motion for summary judgment no later than June 4, 2008. *Id.*, at p. 2; lls. 8-10.

Inasmuch as FM Inc. was not explicitly dismissed from the instant action, McKesson prepared a motion for summary judgment that sought judgment in favor of McKesson on its complaint, and against FM Group *and FM Inc.* on each of the causes of action set forth in the Counterclaim and Cross-Complaint—including those maintained by FM Inc. McKesson filed its motion for summary judgment on June 4, 2008. Kenefick Decl., Exhibit 5.

The scope of McKesson's motion for summary judgment could not have been a surprise to Familymeds. In keeping with the local rules of this Court, counsel for McKesson sought to meet

1

and confer with counsel for Familymeds in order to prepare a joint statement of undisputed facts—*including facts relating to the allegations made by FM Inc. in the cross-complaint.* Rather than discuss the proposed joint statement of undisputed facts and take the opportunity to clear up whether FM Inc. was part of the action or not, Familymeds remained silent. As was set forth in the "Declaration of Kristen E. Caverly, Esq. in Support of Motion for Summary Judgment Or, in the Alternative, Summary Adjudication by McKesson Corporation" (the "Caverly Declaration") filed in support of McKesson's motion for summary judgment, counsel for Familymeds chose not to meet and confer with regard to a joint statement of undisputed facts despite repeated attempts by counsel for McKesson to do so. A true and correct copy of the Caverly Declaration is attached as Exhibit "A" to the Declaration of Maria K. Pum filed and served herewith (the "Pum Declaration"). Now, having seen that McKesson went to the expense of preparing a motion for summary judgment that addresses the cross-complaint and that FM Inc. is in jeopardy of having its claims decided against it on the merits, Familymeds has filed the Motion seeking to extract FM Inc. from that peril.

Two days after McKesson filed its motion for summary judgment, on June 6, 2008, FM Group and FM Inc. filed their complaint commencing Case No. 08-CV-2850 (the "New Lawsuit"). Kenefick Decl., Exhibit 6. The complaint commencing the New Lawsuit named McKesson and D&K Healthcare Resources, LLC ("D&K") as defendants and asserted causes of action almost identical to the causes of action pursued by FM Group and FM Inc. in the instant case, although claims are also alleged against D&K. The claims made against McKesson are the same claims as are the subject of McKesson's pending motion for summary judgment in the instant action. The complaint commencing the New Lawsuit was served on June 20, 2008. Pum Declaration ¶4.

On July 14, 2008, Familymeds asked McKesson to stipulate to a dismissal of FM Inc. from the instant action without prejudice. Pum Declaration ¶5. Because McKesson had already filed a motion for summary judgment which would dispose of all matters raised in the instant action—indeed, it had done so almost 6 weeks earlier—dismissing of FM Inc.'s cross-complaint without prejudice was unacceptable. Familymeds filed the Motion seeking to dismiss FM Inc. without prejudice on July 16, 2008. Pum Declaration ¶6.

## II. ARGUMENT.

The denial of a motion for leave to dismiss is left to the sound discretion of the District Court. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Circ. 1982). In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Id.* While the prospect of a defendant's having to defend against a second suit <u>alone</u> is not enough to constitute plain legal prejudice, utilizing a motion for leave to dismiss to avoid an adverse decision on the merits can constitute plain legal prejudice. *In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811, 822-823 (Bankr. C.D. Cal. 2000); see also *Roth v. Great Atlantic & Pacific Tea Co.*, 2 F.R.D. 182, 183 (E.D. Ohio 1942). That is exactly what Familymeds is seeking to do here: extract FM Inc. from an adverse ruling on McKesson's pending motion for summary judgment—and this in a context where Familymeds knew that McKesson's motion to dismiss had been denied, that McKesson was working against a June 4, 2008 deadline to file a motion for summary judgment, and that McKesson was addressing FM Inc.'s claims, and yet Familymeds remained silent.

### A. Granting Familymeds' Motion to Dismiss FM Inc. Without Prejudice Would Result in Plain Legal Prejudice to McKesson.

FM Inc. seeks to avoid an adverse decision on McKesson's motion for summary judgment by having FM Inc. dismissed from this action, only to pursue the identical claims in the New Lawsuit. Under authorities such as *Phillips USA v. Allflex USA*, 77 F.3d 354 (10th Circ. 1996), this stratagem is clearly not permissible. In *Phillips,* the Tenth Circuit stated, "[A] party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Id.* at 358. Similarly, in *Fremaint v. Ford Motor Co.*, 258 F. Supp. 2d 24, 33 (D.P.R 2003), the District Court observed: "[A] plaintiff cannot ... allow the case to reach the stage at which the defendant filed a full-scale summary judgment motion, and then when matters seemed to go badly for plaintiff, simply dismiss the case and begin all over again." *Id.* at 33 (*citing In re Urohealth Sys.*, 252 F.3d 504, 508 (1st Cir. 2001).

The decision of the Seventh Circuit in *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir. 1969) is also instructive. In that case, the plaintiff sought a voluntary dismissal while the defendant's motion for summary judgment was pending. *Id.* The Court in *Pace* determined that the plaintiff was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic. Ultimately, the Court in *Pace* denied plaintiff's motion for leave to dismiss in order to allow the pending summary judgment motion to be heard. *Id.* at 334.

Granting FM Inc.'s motion for leave to dismiss would result in plain legal prejudice to McKesson because McKesson has already fully briefed a motion for summary judgment that will dispose of the claims that FM Inc. has made in the instant litigation, only to reassert them in the New Lawsuit. This is part and parcel of Familymeds' litigation tactics in stalling resolution of McKesson's clearly meritorious collection claims and running up the costs incurred by McKesson for no legitimate purpose. It is just such litigation practices that courts seek to curb by denying a plaintiff or a cross-complainant leave to dismiss an action without prejudice on the eve of a dispositive motion.

### B. Granting Familymeds' Motion to Dismiss FM Inc. Without Prejudice Would Reward Familymeds for its Own Lack of Diligence.

Among the factors identified by courts that warrant a denial of a request to dismiss a complaint or cross-complaint without prejudice is lack of diligence of the moving party. In *Pace, supra*, the Seventh Circuit identified included among the factors justifying denial of a motion for leave to dismiss, the lack of diligence on the part of the movant in prosecuting the action, insufficient explanation for the need to take dismissal and the fact that a motion of summary judgment has been filed by the non-movant. *Pace,* 409 F.2d at 334. In the pending litigation, Familymeds has been aware since at least May 5, 2008 that FM Inc. had not been explicitly dismissed from this action. It knew that McKesson was given a June 4, 2008 deadline to file a motion for summary judgment. It was given the opportunity to discuss the status of FM Inc. when it was asked to meet and confer regarding McKesson's proposed joint statement of undisputed facts and yet ignored that opportunity. Familymeds did nothing during the entire 30-day period that McKesson was working on its dispositive motion. Once Familymeds forced McKesson to expend

4

time and resources to address in its motion for summary judgment the claims raised by FM Inc. in FM Inc.'s cross-complaint and realized that the claims of FM Inc. were vulnerable, Familymeds sought to extract FM Inc. from the pending litigation and to pursue those claims anew in the New Litigation. This lack of diligence at the expense of McKesson is an additional, if related, ground to deny the Motion.

### C. Dismissal of FM Inc.'s Cross-Complaint at this Time Would Not Facilitate the Orderly and Swift Administration of Justice.

In *American Federation of Government Employees v. Phillips*, 358 F. Supp. 60, 65 (D.D.C. 1973), the District Court denied a motion for leave to dismiss stating, "the motion for dismissal was not filed until the case was ready for final disposition by summary judgment. Dismissal at this time … would not best facilitate the orderly and swift administration of justice." If this Court were to grant the dismissal requested by Familymeds, that ruling would deprive the Court of the opportunity to make a substantive ruling on FM Inc.'s causes of action and, therefore, would not facilitate the orderly and swift administration of justice. Thus, the Motion should be denied.

### D. Familymeds Has Not Made a Showing Sufficient to Warrant granting the Motion.

Familymeds has failed to provide sufficient justification for the granting of the motion for leave to dismiss FM Inc.'s cross-complaint without prejudice. Familymeds' stated justification for requesting dismissal is that FM Group and FM Inc. have filed the New Lawsuit and that the dismissal of the cross-compliant is intended to "clean-up the pleadings." Motion, at p. 5; lls. 20-26. But that is no justification at all in the face of McKesson's pending dispositive motion in the instant action. The true purposes behind the Motion are to increase delay and to cause McKesson to incur expenses that are then rendered unproductive because the object of some of those expenses, FM Inc., may then side step responding to a dispositive motion and take refuge in a later-filed lawsuit that is as unmeritorious as the original cross-complaint that is the subject of McKesson's dispositive motion. Those motives do not support the relief requested in the Motion.

## V. CONCLUSION.

For the foregoing reasons, McKesson respectfully requests that the Court deny the "Motion for an Order Granting Familymeds, Inc. Leave to Dismiss Cross-Complaint Without Prejudice" brought by Familymeds. There is no justification for granting the Motion in the fact of McKesson's pending motion for summary judgment.

DATED: July 30, 2008.

HENDERSON & CAVERLY LLP

By: _____
Maria K. Pum
Attorneys for McKesson Corporation

<b><u>PROOF OF SERVICE</u></b>

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On July 30, 2008, I served the foregoing:

**OPPOSITION OF McKESSON CORPORATION TO THE MOTION BY FAMILYMEDS, INC. FOR AN ORDER GRANTING LEAVE TO DISMISS CROSS-COMPLAINT WITHOUT PREJUDICE**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on July 30, 2008.

_____
Quynh N. Nguyen

Case No. 4:07-cv-05715 WDB
OPPOSITION TO THE MOTION FOR LEAVE TO DISMISS BY McKESSON CORPORATION