1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California  94111-3824
4  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
5

6  Attorneys for Defendant and Counterclaimant FAMILYMEDS
   GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and
7  Cross-Complainant FAMILYMEDS, INC., a Connecticut
   corporation
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiff,<br>　　v.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>　　　　Defendant. | CASE NO.   CV07-5715 WDB<br><br>**ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**Local Rule 7-95**<br><br>**Accompanying papers**: Kenefick Declaration; and (Proposed) Order |
| FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>　　　　Counterclaimant,<br>　　v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>　　　　Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation,<br><br>　　　　Cross-Complainant,<br>　　v.<br><br>MCKESSON CORPORATION, a Delaware corporation,<br><br>　　　　Cross-Defendant. | Complaint filed:　　　　Nov. 9, 2007<br>Counterclaim filed:　　Dec. 17, 2007<br>Cross-Complaint Filed:　Dec. 17, 2007<br>Trial date:　　　　　　none set |

## I. RELIEF REQUESTED

By this Administrative Motion to File Documents Under Seal (this "**Administrative Motion**") Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada corporation ("**FM Group**") and Cross-Complainant Familymeds, Inc., a Connecticut corporation ("**FM Inc**.") (collectively, "**Familymeds**") seek to file under seal documents in opposition to McKesson Corporation's ("**McKesson**") Motion for Summary Judgment, or, in the Alternative, Summary Adjudication (the "**MSJ**"). The basis for this request is that the affected documents contain, discuss, and disclose information which McKesson has identified as trade secret.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Agreements In-Issue

This lawsuit involves claims for breach of contract and accounting. The relationship between the parties is governed by the following contractual agreements.

#### 1. The First Agreement

On December 28, 2004, FM Inc., Valley Drug Company South, and D&K Healthcare Resources, Inc. ("**D&K**") entered into that certain Prime Warehouse Supplier Agreement (the "**First Agreement**"), which provided for D&K to sell and FM Inc. and Valley Drug to buy pharmaceutical products. The First Agreement provided for a term of two (2) years, commencing on December 28, 2004. The First Agreement, at paragraph 18, provides that the terms set forth therein are to be treated as confidential and disclosure is to be limited to employees of the parties which have a reasonable need to have access to such information.

#### 2. The First Amendment

On December 27, 2005, DrugMax (which amended its articles of incorporation on July 10, 2006, to change its name to Familymeds Group, Inc., a Nevada corporation and is referred to herein as "FM Group"), FM, Inc., and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement, which provided, *inter alia*, to amend certain terms of the First Agreement (the First Agreement, as amended, shall be referred to herein as the "**First Amendment**"). The First Amendment did not modify paragraph 18 of the First Agreement, which therefore subsisted and the provisions of the First Amendment were therefore designated

1  confidential.

### 3. The Supply Agreement

On or about February 2, 2007, FM Group and McKesson entered into that certain written Supply Agreement (the "**Supply Agreement**") which provided for McKesson to sell and FM Group to buy pharmaceutical products. The Supply Agreement was effective as of December 28, 2006, and provided for a term of three (3) years. Familymeds was invoiced for $60,286,260.08 under the Supply Agreement. Paragraph 13 of the Supply Agreement designated the terms of that agreement as proprietary and confidential.

The First Agreement, the First Amendment, and the Supply Agreement are collectively referred to herein as the "**Agreements**."

### B. Confidential Provisions Of The Agreements

Each of the Agreements are, by their terms, designated as confidential. McKesson has also identified these terms as confidential. These confidential terms, however, are in-issue in this Action.

### C. Discovery

During the course of discovery, McKesson has produced materials which it has designated as confidential.

### D. Motion For Summary Judgment

On June 4, 2008, McKesson filed its MSJ. In its MSJ, McKesson seeks an adjudication that it is entitled to recover under its breach of contract claim. McKesson further seeks an adjudication that FM Group is not entitled to an accounting from McKesson under the Supply Agreement in equity or under contract. McKesson additionally seeks an adjudication that FM Inc. is not entitled to an accounting in equity from McKesson under the First Amendment.

### E. The Trade Secret Materials

To oppose McKesson's MSJ, Familymeds is required to file certain portions of documents which address, discuss, and reveal the materials produced in discovery and the terms of the Agreements. This includes the below indicated portions of the following documents:

///

754436v1

- 2 -   CV07-5715 WDB
MOTION TO FILE DOCUMENTS UNDER SEAL

PRINTED ON RECYCLED PAPER

Jeffer Mangels Butler & Marmaro LLP
JMBM

1   Separate Statement of Disputed, Undisputed and Additional Facts in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation at:

2

3       p.9, lines 2-4, 5-6, 7-11, 22-23, 25-26, and 28; p.10, lines 2-5; p.12, lines 20-21; p.16, lines 19-20; and p.17, lines 7-9.

4

5   Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation at:

6

7       p.3, lines 17-28; p.4, lines 1, 3-11, 28; p.5, lines 1-8, 10, 12-13; p.7, line 7; and p.15, lines 12-13, 22-23.

8   Declaration of Matthew S. Kenefick in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation at:

9

10      Exhibit 4 (those portions marked as Exhibit 1 thereto); Exhibit 5 (those portions marked as Exhibit 1 thereto); Exhibit 7; and Exhibit 8.

11

12  Declaration of Edgardo Mercadante in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation at:

13

14      p.8, line 28; and p.9 lines 1-2, 8-9.

15  Declaration of Christian Tregillis in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation at:

16

17      p.3, lines 14-15, 21; p.4, line 5; indicated portions of Exhibit 2; indicated portions of Exhibit 4; indicated portions of Exhibit 5; and indicated portions of Exhibit 6.

18

19  (Collectively, the "**Trade Secret Materials**").

20      By this Administrative Motion, Familymeds seeks an order allowing it to file the Trade

21  Secret Materials under seal to prevent disclosure of the confidential materials produced in discovery

22  as well as the terms of the Agreements.

23  **III.**   **LEGAL ARGUMENT**

24      The Court has the inherent authority to seal documents to protect the release of trade secrets.

25  See Nixon v. Warner Comm., Inc., 435 US 589, 597 (1978); Hagestad v. Tragesser, 49 F3d 1430,

26  1433-1434 (9th Cir. 1995). This extends to documents filed in connection with dispositive motions

27  which stand to release trade secrets. See Kamakana v. City & County of Honolulu, 447 F.3d 1172,

28  1179 (9th Cir. 2006). Local Rule 79-5 permits a party to request that all or part of document be

1  filed under seal.

2      Familymeds requests that the Trade Secret Materials be filed under seal.  The Trade Secret
3  Materials include materials produced in discovery which McKesson has designated as confidential
4  and disclose, explain, and discuss the terms of the Agreements.  The terms of these Agreements are
5  designated confidential and McKesson has taken the position that the terms are trade secret.  This is
6  indicated by the accompanying Declaration of Matthew S. Kenefick in Support of Administrative
7  Motion to File Documents Under Seal.  Accordingly, Familymeds respectfully requests that this
8  Court issue an order sealing the Trade Secret Materials.

9  **IV.   CONCLUSION**

10      To prevent the unnecessary disclosure of confidential trade secrets, Familymeds requests the
11  Trade Secret Materials be filed under seal.

12

13  DATED: July 30, 2008　　　　　　　　　　JEFFER, MANGELS, BUTLER & MARMARO LLP
　　　　　　　　　　　　　　　　　　　　　　　ROBERT C. GEBHARDT
14  　　　　　　　　　　　　　　　　　　　　　　MICHAEL A. GOLD
　　　　　　　　　　　　　　　　　　　　　　　MATTHEW S. KENEFICK
15
　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Robert C. Gebhardt
16  　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT C. GEBHARDT
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for FAMILYMEDS GROUP, INC., f/k/a
17  　　　　　　　　　　　　　　　　　　　　　　DRUGMAX, INC., a Nevada corporation and
　　　　　　　　　　　　　　　　　　　　　　　FAMILYMEDS, INC., a Connecticut corporation

18

19

20

21

22

23

24

25

26

27

28