1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California  94111-3824
4  Telephone:    (415) 398-8080
   Facsimile:     (415) 398-5584
5
6  Attorneys for Defendant and Counterclaimant FAMILYMEDS
   GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and
7  Cross-Complainant FAMILYMEDS, INC., a Connecticut
   corporation
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                         OAKLAND DIVISION
11

| | |
|---|---|
| 12  MCKESSON CORPORATION, a Delaware corporation, | CASE NO.    CV07-5715 WDB |
| 13                   Plaintiff, | **EVIDENTIARY OBJECTIONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION BY MCKESSON CORPORATION** |
| 14      v. | |
| 15  FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation, | |
| 16                   Defendant. | **Accompanying papers**: Memorandum of Points and Authorities; Kenefick Declaration; Tregillis Declaration; Separate Statement; Mercadante Declaration; and (Proposed Order) |
| 17  FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation, | |
| 18 | |
| 19                   Counterclaimant, | Time:          August 20, 2008 |
| 20      v. | Date:          1:30 p.m. |
|     MCKESSON CORPORATION, a Delaware corporation, | Place:          Ctrm. 4 |
| 21 |                1301 Clay St., 3d Floor |
|                    Counterdefendant. |                Oakland, CA |
| 22 | Judge:          The Hon. Wayne D. Brazil |
| 23  FAMILYMEDS, INC., a Connecticut corporation, | |
| 24                   Cross-Complainant, | |
| 25      v. | Complaint filed:          Nov. 9, 2007 |
|     |                 Counterclaim filed:          Dec. 17, 2007 |
| 26  MCKESSON CORPORATION, a Delaware corporation, | Cross-Complaint Filed:          Dec. 17, 2007 |
|     |                 Trial date:          none set |
| 27 | |
| 28                   Cross-Defendant. | |

PRINTED ON
RECYCLED PAPER

753192v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada

2    corporation and Cross-Complainant Familymeds, Inc., a Connecticut corporation (collectively,

3    "**Familymeds**") hereby submit the following Evidentiary Objections in Opposition to Motion for

4    Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation:

5    **I.    DECLARATION OF ANA SCHRANK**

6    Familymeds hereby objects to the Declaration of Ana Schrank in Support of Motion for

7    Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation (the

8    "**Schrank Declaration**") as follows:

9    **1.    OBJECTIONABLE EVIDENCE:**

10    [Schrank Declaration p.2, ¶ 3(a)]

11    On February 2, 2007, for fair and valuable consideration, McKesson
      and FM Group entered into a written contract entitled "Supply
12    Agreement" (the "Supply Agreement"). The Supply Agreement is a
      confidential agreement. However, a true and correct copy of the
13    Supply Agreement redacted so that only non-confidential provisions
      material to the Motion remain is attached to that certain
14    "Compendium of Exhibits" filed and served herewith (the "Exhibit
      Compendium").

15

16    **EVIDENTIARY OBJECTIONS**

17    A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

18    Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

19    B.    This statement improperly seeks to make conclusions of law. Federal Rule of

20    Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

21    Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

22    C.    This statement is not rationally based on the perception of the witness.

23    Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

24    1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

25    551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

26    D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

27    demonstrate the requisite personal knowledge. Federal Rule of Civil Procedure 56(e)(1); Federal

28    Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

2    **2.    OBJECTIONABLE EVIDENCE:**

3    [Schrank Declaration p.2, ¶ 3(b)]

4    The Supply Agreement provides for a term of three years
     commencing on December 28, 2006.

5

6    **EVIDENTIARY OBJECTIONS**

7    A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

8    Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

9    B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

10   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

11   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

12   C.    This statement is not rationally based on the perception of the witness.

13   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

14   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

15   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

16   D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

17   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

18   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

19   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

20   **3.    OBJECTIONABLE EVIDENCE:**

21   [Schrank Declaration p.2, ¶ 3(c)]

22   The Supply Agreement was signed and executed by duly authorized
     representatives of both FM Group and McKesson.

23

24   **EVIDENTIARY OBJECTIONS**

25   A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

26   Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

27   B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

28   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

PRINTED ON
RECYCLED PAPER

753192v1

CV07-5715 WDB
                    EVIDENTIARY OBJECTIONS

JMBM    Jeffer Mangels
        Butler & Marmaro LLP

1  <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

2          C.     This statement is not rationally based on the perception of the witness.

3  Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

4  1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

5  551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

6          D.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

7  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

8  Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

9  (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

10  **4.**     **OBJECTIONABLE EVIDENCE:**

11  [Schrank Declaration pp.2-3, ¶ 3(d)]

12  Under the Supply Agreement, McKesson agreed to sell to FM Group,
   and FM Group agreed to buy, certain "Merchandise" described
13  therein, including prescription drugs and other health and beauty care
   products.
14

15  **<u>EVIDENTIARY OBJECTIONS</u>**

16          A.     The best evidence of the Supply Agreement is the Supply Agreement itself.

17  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

18          B.     This statement improperly seeks to make conclusions of law.  Federal Rule of

19  Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

20  <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

21          C.     This statement is not rationally based on the perception of the witness.

22  Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

23  1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

24  551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

25          D.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

26  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27  Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

28  (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

JMBM | Jeffer Mangels Butler & Marmaro LLP

5.    **OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.3, ¶ 3(e)]

The Supply Agreement is a fully integrated agreement.  It provides in Paragraph 17(A):

This Agreement embodies the entire agreement between the parties with regard to the subject matter hereof and supersedes all prior agreements, understandings and representations with the exception of any promissory note, security agreement or other credit or financial related document(s) executed by [FM Group] or between [FM Group] and McKesson.  This Agreement may not be modified, supplemented or extended except by a writing signed by both parties.

**EVIDENTIARY OBJECTIONS**

A.    The best evidence of the Supply Agreement is the Supply Agreement itself. Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    This statement improperly seeks to make conclusions of law.  Federal Rule of Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia, Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

C.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546, 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932 (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

6.    **OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.3, ¶ 3(f)]

The Supply Agreement provides that invoices must be paid within seven days of the invoice date.  Paragraph 4(A) of the Supply Agreement provides:

Payment for Merchandise delivered to [FM Group's] retail pharmacies shall be paid by [FM Group] as follows:  Invoices are due and payable within seven days from the invoice date via EFT or ACH.

JMBM Jeffer Mangels Butler & Marmaro LLP

1  The term EFT means "Electronic Funds Transfer."  The reference to
2  ACH payments refers to wire transfers using the "Automated Clearing
   House" system.

3  **EVIDENTIARY OBJECTIONS**

4      A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

5  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

6      B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

7  Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

8  <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

9      C.    This statement is not rationally based on the perception of the witness.

10  Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.,</u> (10th Cir. 1990) 898 F.2d

11  1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.,</u> (5th Cir. 2005) 414 F.3d 546,

12  551; <u>SEC v. Infinity Group Co.,</u> (3rd Cir. 2000) 212 F3d 180, 197.

13      D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

14  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

15  Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.,</u> 681 F2d 930, 932

16  (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.,</u> 937 F2d 759, 763–764 (2nd Cir. 1991).

17  **7.    OBJECTIONABLE EVIDENCE:**

18  [Schrank Declaration p.3, ¶ 3(g)]

19  If payments are made late, FM Group is in default and certain
20  consequences result, including an increase in the price payable for the
    produced delivered to FM Group, and the imposition of service
    charges.  Paragraph 4(E) of the Supply Agreement provides:

21
22  Any payments made after the due date indicated shall result in a two
    percent (2%) (or the maximum amount permissible under applicable
    law, if lower) increase in the purchase price of the Merchandise.  A
23  one percent (1%) service charge (or the maximum amount permissible
    under applicable law, if lower) will be imposed semi-monthly on all
24  balances delinquent for more than fifteen (15) days.

25  **EVIDENTIARY OBJECTIONS**

26      A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

27  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

28      B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

PRINTED ON
RECYCLED PAPER

753192v1

1   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

2   <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

3          C.     This statement is not rationally based on the perception of the witness.

4   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.,</u> (10th Cir. 1990) 898 F.2d

5   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.,</u> (5th Cir. 2005) 414 F.3d 546,

6   551; <u>SEC v. Infinity Group Co.,</u> (3rd Cir. 2000) 212 F3d 180, 197.

7          **8.     OBJECTIONABLE EVIDENCE:**

8          [Schrank Declaration p.3, ¶ 3(h)]

9          The Supply Agreement provides that invoices must be paid by the
       applicable due date without set off or excuse.  The Supply Agreement
10      provides in Paragraph 4(F):

11      [FM Group] agrees to render payment in full to McKesson on the
       applicable due date as specified in this Agreement without (i) making
12      any deductions, short payments, or other accounts payable
       adjustments to such obligation; or (ii) seeking to condition such
13      remittance on any demand for or receipt of proofs of delivery.  Any
       accounts payable adjustments claimed by [FM Group] shall require
14      prior written authorization of McKesson and must be supported by
       accompanying detail documenting the basis for any such requested
15      adjustments.

16      **<u>EVIDENTIARY OBJECTIONS</u>**

17          A.     The best evidence of the Supply Agreement is the Supply Agreement itself.

18   Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

19          B.     This statement improperly seeks to make conclusions of law.  Federal Rule of

20   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

21   <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

22          C.     This statement is not rationally based on the perception of the witness.

23   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.,</u> (10th Cir. 1990) 898 F.2d

24   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.,</u> (5th Cir. 2005) 414 F.3d 546,

25   551; <u>SEC v. Infinity Group Co.,</u> (3rd Cir. 2000) 212 F3d 180, 197.

26      **9.     OBJECTIONABLE EVIDENCE:**

27          [Schrank Declaration pp.3-4, ¶ 3(i)]

28          Paragraph 12(A) of the Supply Agreement provides, in part, that

PRINTED ON
RECYCLED PAPER
753192v1

- 7 -     CV07-5715 WDB
EVIDENTIARY OBJECTIONS

JMBM  Jeffer Mangels Butler & Marmaro LLP

1    "Failure by [FM Group] to make any payment when due in
2    accordance with the terms of its Agreement with McKesson
     constitutes a default."

3    **EVIDENTIARY OBJECTIONS**

4         A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

5    Federal Rule of Evidence 1002; See <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

6    **10.    OBJECTIONABLE EVIDENCE:**

7    [Schrank Declaration p.4, ¶ 3(j)]

8    The Supply Agreement embodies a choice of law provision.
     Specifically, Paragraph 12(E) of the Agreement provides that:
9
10   This Agreement shall be construed in accordance with the laws of the
     State of California without regard to the provisions of Section 1654 of
     the California Civil Code or the rules regarding conflict of laws.
11

12   **EVIDENTIARY OBJECTIONS**

13        A.    The best evidence of the Supply Agreement is the Supply Agreement itself.

14   Federal Rule of Evidence 1002; See <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

15        B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

16   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

17   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

18        C.    This statement is not rationally based on the perception of the witness.

19   Federal Rule of Evidence 701; See <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

20   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

21   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

22   **11.    OBJECTIONABLE EVIDENCE:**

23   [Schrank Declaration p.4, ¶ 3(k)]

24   The Agreement also contains a section detailing the "Cost of Goods"
     for Merchandise that are delivered to FM Group.  As relevant here,
25   Paragraph 5(c) of the Agreement sets forth a pricing provision, which
     details that in addition to the 2% Price Increase and the 1% Service
26   Charge, the price that FM Group must pay to McKesson for
     merchandise increases as the volume of purchases decreases, and vice
27   versa, across several levels of purchase volumes.

28   ///

PRINTED ON
RECYCLED PAPER

753192v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

**EVIDENTIARY OBJECTIONS**

A.    The best evidence of the Supply Agreement is the Supply Agreement itself. Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    This statement improperly seeks to make conclusions of law.  Federal Rule of Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia, Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

C.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546, 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

**12.    OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.4, ¶ 3(l)]

I have read the entire contract that is the Supply Agreement.  The Supply Agreement contains no provision imposing any obligation up on McKesson to perform an accounting for FM Group with regard to the amounts ordered by FM Group, paid to McKesson or owing to McKesson.

**EVIDENTIARY OBJECTIONS**

A.    The best evidence of the Supply Agreement is the Supply Agreement itself. Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    This statement improperly seeks to make conclusions of law.  Federal Rule of Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia, Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

C.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546, 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

JMBM   Jeffer Mangels Butler & Marmaro LLP

1    (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

2        **13.    OBJECTIONABLE EVIDENCE:**

3            [Schrank Declaration p.4, ¶ 4]

4            Based on my review of the Books and Records re FM Group, I can
             testify that the Merchandise listed in each issued to FM Group or one
5            of its constituent pharmacies.  Moreover, at no time during the period
             that I sought to collect the sums owing to McKesson from FM Group
6            in my role as Vice President, Financial Services did any
             representative of FM Group allege that FM Group had been billed for
7            Merchandise that was not delivered to FM Group or one of its
             constituent pharmacies.  The Books and Records re FM Group
8            demonstrate that McKesson performed all of its material obligations
             under the Supply Agreement.

9

10       **EVIDENTIARY OBJECTIONS**

11           A.    The best evidence of the Books and Records re FM Group referenced in this

12   paragraph are the documents themselves.  Federal Rule of Evidence 1002; See United States v.

13   Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

14           B.    Sworn or certified copies of the documents referred to in this statement are

15   not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J,

16   Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

17           C.    This statement has not properly demonstrated that the referenced summary,

18   as well as the underlying charts, summaries, and calculations upon which it is based, accurately

19   summarize the underlying documentation and that such underlying documentation is voluminous

20   and otherwise admissible.  Federal Rule of Evidence 1006; U.S. v. Milkiewicz, (1st Cir. 2006) 470

21   F.3d 390, 396; State Office Sys. v. Olivetti Corp., (10th Cir. 1985) 762 F.2d 843, 845.

22           D.    This statement improperly seeks to make conclusions of law.  Federal Rule of

23   Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

24   Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

25           E.    This statement is not rationally based on the perception of the witness.

26   Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

27   1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

28   551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

PRINTED ON
RECYCLED PAPER

753192v1

- 10 -     CV07-5715 WDB
           EVIDENTIARY OBJECTIONS

JMBM    Jeffer Mangels
        Butler & Marmaro LLP

1    F.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

2    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

3    Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

4    (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

5    **14.    OBJECTIONABLE EVIDENCE:**

6    [Schrank Declaration pp.4-5, ¶ 5]

7    Based on my review of the Books and Records re FM Group, I can
     testify that although FM Group generally paid invoices seven after
8    their invoice date as required by the Supply Agreement, FM Group
     did not always do so.  When FM Group did not make a payment, FM
9    Group would miss an entire days' payment, meaning that all the
     invoices dated seven days earlier went unpaid.  This began to occur
10   almost immediately after the Supply Agreement was signed.

11   **EVIDENTIARY OBJECTIONS**

12   A.    The best evidence of the Books and Records re FM Group referenced in this

13   paragraph are the documents themselves.  Federal Rule of Evidence 1002; See United States v.

14   Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

15   B.    Sworn or certified copies of the documents referred to in this statement are

16   not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J,

17   Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

18   C.    This statement is not rationally based on the perception of the witness.

19   Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

20   1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

21   551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

22   D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

23   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

24   Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

25   (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

26   E.    This statement has not properly demonstrated that the referenced summary,

27   as well as the underlying charts, summaries, and calculations upon which it is based, accurately

28   summarize the underlying documentation and that such underlying documentation is voluminous

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    and otherwise admissible.  Federal Rule of Evidence 1006; <u>U.S. v. Milkiewicz</u>, (1st Cir. 2006) 470

2    F.3d 390, 396; <u>State Office Sys. v. Olivetti Corp.</u>, (10th Cir. 1985) 762 F.2d 843, 845.

3         **15.**    **OBJECTIONABLE EVIDENCE:**

4           [Schrank Declaration p.5, ¶ 6]

5           After missing payment for a particular day's invoices, FM Group

6           would skip paying those invoices, choosing to pay subsequent
            invoices with invoice dates seven days earlier to avoid charges that

7           accrue when an invoice is paid late.  In this way, FM Group could
            avoid incurring service charges and could qualify for timely payment

8           discounts on other invoices, though FM Group had missed the
            payments due for a particular date's purchase.  For example, if FM

9           Group failed to make a payment for invoices due on March 7, 2007
            (meaning the particular invoices dated as of March 1, 2007), instead

10          of curing the default that had occurred with regard to the invoices
            dated March 2, 2007 and leave the invoice due on March 7, 2007

11          unpaid.

12               **EVIDENTIARY OBJECTIONS**

13        A.    This statement is not rationally based on the perception of the witness.

14   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

15   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

16   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

17        B.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

18   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

19   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

20   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

21        **16.**    **OBJECTIONABLE EVIDENCE:**

22          [Schrank Declaration p.5, ¶7]

23          To induce McKesson to continue to ship goods to FM Group under
            the Supply Agreement in the wake of several of the missed payment

24          days, FM Group promised McKesson that it would add some
            additional money to future daily remittances so that the delinquency

25          relating to missed days would be paid down while at the same time
            FM Group could continue to remain current on other invoices.  In

26          practice, this resulted in FM Group adding $5,000 or $10,000 "extra"
            to its daily remittances.  These payments, referred to as "adders," did

27          little to address the shortfall because one day's invoices could
            aggregate hundreds of thousands of dollars.  Indeed, on April 7, 2007

28          FM Group failed to make the payment for the invoices dated March

JMBM   Jeffer Mangels
Butler & Marmaro LLP

31, 2007 which resulted in unpaid (or "open") invoices aggregating $531,138.64 that remain unpaid to this day.

## EVIDENTIARY OBJECTIONS

A.    The best evidence of the invoices referenced in this paragraph are the invoices themselves.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    Sworn or certified copies of the documents referred to in this statement are not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J, Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

C.    This statement improperly seeks to make conclusions of law.  Federal Rule of Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia, Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

D.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546, 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

E.    This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F.2d 930, 932 (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

**17.    OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.5, ¶8]

In addition to making "adder" payments of $5,000 or $10,000 to pay down invoices outstanding on missed due dates, FM Group induced McKesson to continue to ship product by advising McKesson that FM Group was selling off its stores and that the sales proceeds would be used to bring FM Group current. In fact, FM Group advised us that it had entered into an agreement executed in February, 2007 to sell the majority of its stores to Walgreen's and that those proceeds would be used to pay McKesson in full.

///

PRINTED ON

RECYCLED PAPER

753192v1

CV07-5715 WDB
EVIDENTIARY OBJECTIONS

1

**EVIDENTIARY OBJECTIONS**

2          A.      This statement is not rationally based on the perception of the witness.

3  Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

4  1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

5  551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

6          B.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

7  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

8  Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

9  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

10     **18.     OBJECTIONABLE EVIDENCE:**

11          [Schrank Declaration p.6, ¶9]

12          After the sale to Walgreen's apparently closed, there was no
     substantial pay down of the amounts owing to McKesson for past-due
13          invoices. Instead, FM Group continued to rely on adder payments. It
     then assured us that it planned to sell the stores that had not been sold
14          to Walgreens in smaller sales that would generate sales proceeds and
     that those sales proceeds would be made available to pay McKesson
15          for goods shipped to FM Group and to cure defaults relating to open
     invoices. Based on these assurances, McKesson continued to allow
16          FM Group to order product even as the number of pharmacies
     operated under the FM Group umbrella began to dwindle and no
17          substantial payments were made to McKesson using sale proceeds
     from store sales.

18

19     **EVIDENTIARY OBJECTIONS**

20          A.      This statement is not rationally based on the perception of the witness.

21  Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

22  1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

23  551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

24          B.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

25  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

26  Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

27  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

28  ///

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    **19.    OBJECTIONABLE EVIDENCE:**

2    [Schrank Declaration p.6, ¶10]

3    On September 17, 2007, I advised FM Group that unless it made a
     substantial payment on account of the outstanding amounts owing as

4    of that date, no further shipments would be made. By this time, FM
     Group was down to only a handful of stores meaning that the prospect

5    of new store sales actually paying off the open invoices was looking
     doubtful.

6

7    **EVIDENTIARY OBJECTIONS**

8        A.    This statement is not rationally based on the perception of the witness.

9    Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

10   1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

11   551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

12       B.    The statement constitutes inadmissible hearsay not subject to any exception.

13   Federal Rule of Evidence 802; See Superior Fireplace Co. v. Majestic Products Co., (Fed. Cir.

14   2001) 270 F.3d 1358, 1365–1366.

15   **20.    OBJECTIONABLE EVIDENCE:**

16   [Schrank Declaration p.6, ¶11]

17   At no time during the entire period that we were trying to collect the
     outstanding invoices from FM Group through the time I advised FM

18   group that McKesson could no longer ship to them did FM Group
     assert that there were any pricing errors or issues with regard to the

19   amounts stated as owing on any of their invoices.

20   **EVIDENTIARY OBJECTIONS**

21       A.    This statement is not rationally based on the perception of the witness.

22   Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

23   1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

24   551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

25       B.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

26   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27   Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

28   (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1    C.    The statement constitutes inadmissible hearsay not subject to any exception.

2  Federal Rule of Evidence 802; See Superior Fireplace Co. v. Majestic Products Co., (Fed. Cir.

3  2001) 270 F.3d 1358, 1365–1366.

4    **21.    OBJECTIONABLE EVIDENCE:**

5    [Schrank Declaration p.6, ¶12]

6    Once I told FM Group that McKesson was going to stop shipping due
     to the failure of FM Group to cure its default, FM Group stopped
7    making any payments to McKesson. Because of FM Group's payment
     methodology, this meant that two very old, unpaid invoices went
8    unpaid. In addition, no payments were made for any of the invoices
     falling due after September 17, 2007, although approximately $10,000
9    in "adder" payments received before September 17, 2007 were
     credited against certain of these invoices as well as $38,649.88 in
10   returns that were processed on September 14, 2007.

11   **EVIDENTIARY OBJECTIONS**

12    A.    The best evidence of the invoices referenced in this paragraph are the

13 invoices themselves.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536,

14 1545 (DC Cir. 1997).

15    B.    Sworn or certified copies of the documents referred to in this statement are

16 not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J,

17 Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

18    C.    This statement improperly seeks to make conclusions of law.  Federal Rule of

19 Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

20 Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

21    D.    This statement is not rationally based on the perception of the witness.

22 Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

23 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

24 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

25    E.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

26 demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27 Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

28 (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

JMBM   Jeffer Mangels Butler & Marmaro LLP

F.    The statement constitutes inadmissible hearsay not subject to any exception. Federal Rule of Evidence 802; See Superior Fireplace Co. v. Majestic Products Co., (Fed. Cir. 2001) 270 F.3d 1358, 1365–1366.

G.    This statement has not properly demonstrated that the referenced calculations, as well as the underlying charts, summaries, and calculations upon which it is based, accurately summarize the underlying documentation and that such underlying documentation is voluminous and otherwise admissible.  Federal Rule of Evidence 1006; U.S. v. Milkiewicz, (1st Cir. 2006) 470 F.3d 390, 396; State Office Sys. v. Olivetti Corp., (10th Cir. 1985) 762 F.2d 843, 845

**22.    OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.7, ¶13]

The invoices affected by FM Group's refusal to make further payments to McKesson is as follows:

| Invoice Date | Due Date | Gross Payment Owed | Amount initially billed because invoices presume FM Group will qualify for "timely payment" discount |
|---|---|---|---|
| 2/26/07 | 3/5/07 | 110,873.35 | 108,655.87 |
| 3/31/07 | 4/7/07 | 531,138.64 | 520,338.35 |
| 9/11/07 | 9/18/07 | 34,745.61 | 34,037.15 |
| 9/12/07 | 9/19/07 | 23,208.17 | 22,740.64 |
| 9/13/07 | 9/20/07 | 21,666.97 | 21,233.63 |
| 9/14/07 | 9/21/07 | 26,575.03 | 26,044.56 |
| 9/17/07 | 9/24/07 | 14,610.90 | 14,423.89 |

The "Gross Payment Owed" column refers to what FM Group owes on account of goods delivered to FM Group after FM Group lost its discount for timely payment.

**EVIDENTIARY OBJECTIONS**

A.    The best evidence of the invoices referenced in this paragraph are the invoices themselves.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    Sworn or certified copies of the documents referred to in this statement are

PRINTED ON
RECYCLED PAPER

753192v1

CV07-5715 WDB
EVIDENTIARY OBJECTIONS

1    not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J,</u>

2    <u>Multnomah County v. ACandS, Inc.</u>, (9th Cir. 1993) 5 F.3d 1255, 1262.

3            C.    This statement has not properly demonstrated that the referenced chart,

4    summaries, and calculations, as well as the underlying charts, summaries, and calculations upon

5    which it is based, accurately summarize the underlying documentation and that such underlying

6    documentation is voluminous and otherwise admissible.  Federal Rule of Evidence 1006; <u>U.S. v.</u>

7    <u>Milkiewicz</u>, (1st Cir. 2006) 470 F.3d 390, 396; <u>State Office Sys. v. Olivetti Corp.</u>, (10th Cir. 1985)

8    762 F.2d 843, 845.

9            D.    This statement is not rationally based on the perception of the witness.

10   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

11   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

12   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

13           E.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

14   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

15   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

16   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

17       **23.**    **OBJECTIONABLE EVIDENCE:**

18           [Schrank Declaration p.7, ¶14]

19           D&K Healthcare Resources, Inc. ("D&K") is a distributor of
     pharmaceutical and other products similar to those supplied by

20           McKesson. In August 2005, McKesson acquired all of the stock of
     D&K. D&K and McKesson are separate corporate entities.

21

22       **EVIDENTIARY OBJECTIONS**

23           A.    This statement improperly seeks to make conclusions of law.  Federal Rule of

24   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

25   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

26           B.    This statement is not rationally based on the perception of the witness.

27   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

28   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

2        C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

3    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

4    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

5    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

6        **24.    OBJECTIONABLE EVIDENCE:**

7        [Schrank Declaration p.7, ¶15]

8        At the time McKesson acquired D&K's stock, one of D&K's
         customers was FM, Inc. FM Inc. and D&K were parties to a "Prime
9        Warehouse Supplier Agreement" dated December 28, 2004 (the
         "D&K Contract") to which Valley Drug Company South also was a
10       party. The D&K Contract was later amended by a "First Amendment
         to Prime Warehouse Supplier Agreement" dated December 27, 2005
11       and executed by Drugmax, Inc. (later known as FM Group), FM Inc.
         and D&K (the "D&K Amendment"). True and correct copies of the
12       relevant pages (the front and signature pages) of the D&K Contract
         and D&K Amendment are attached to the Exhibit Compendium as
13       Exhibit B and Exhibit C, respectively. I am informed that FM Inc. is a
         subsidiary of FM Group. McKesson was never a party to the D&K
14       Contract, nor did it sign the D&K Amendment which occurred after
         McKesson acquired the stock of D&K.

15

16       **<u>EVIDENTIARY OBJECTIONS</u>**

17       A.    The best evidence of the D&K Contract and the D&K Amendment

18   referenced in this paragraph are the documents themselves.  Federal Rule of Evidence 1002; <u>See</u>

19   <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

20       B.    Sworn or certified copies of the documents referred to in this statement are

21   not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J,</u>

22   <u>Multnomah County v. ACandS, Inc.</u>, (9th Cir. 1993) 5 F.3d 1255, 1262.

23       C.    This statement improperly seeks to make conclusions of law.  Federal Rule of

24   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

25   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

26       D.    This statement is not rationally based on the perception of the witness.

27   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

28   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

Jeffer Mangels
Butler & Marmaro LLP

JMBM

1    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

2            E.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

3    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

4    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

5    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

6        **25.**    **OBJECTIONABLE EVIDENCE:**

7        [Schrank Declaration p.8, ¶16]

8        McKesson did not assume the liabilities of D&K, nor is it the
9        successor in interest to D&K.

10       **<u>EVIDENTIARY OBJECTIONS</u>**

11       A.    This statement improperly seeks to make conclusions of law.  Federal Rule of

12   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

13   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

14       B.    This statement is not rationally based on the perception of the witness.

15   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

16   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

17   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

18       C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

19   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

20   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

21   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

22       **26.**    **OBJECTIONABLE EVIDENCE:**

23       [Schrank Declaration p.8, ¶17]

24       I am familiar with the Form 10-Q that McKesson filed with the
25       Securities and Exchange Commission for the quarter ending
         September 30, 2005. The first paragraph from the 10-Q cited by FM
26       Group reads:

27       In August 2005, we acquired substantially all of the issued and
         outstanding stock of D&K Healthcare Resources, Inc. ("D&K") of St.
28       Louis, Missouri, for an aggregate cash purchase price of $478 million,
         including the assumption of D&K's debt. D&K is primarily a

PRINTED ON

RECYCLED PAPER

753192v1

CV07-5715 WDB
EVIDENTIARY OBJECTIONS

Jeffer Mangels
Butler & Marmaro LLP

JMBM

wholesale distributor of branded and generic pharmaceuticals and over-the- counter health and beauty products to independent and regional pharmacies, primarily in the Midwest. The results of D&K's operations have been included in the condensed consolidated financial statements within our Pharmaceutical Solutions segment since the August acquisition date.

## EVIDENTIARY OBJECTIONS

A.    The best evidence of the Form 10-Q referenced in this paragraph is the document itself.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    Sworn or certified copies of the documents referred to in this statement are not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J, Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

27.    **OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.8, ¶17]

I am familiar with the Form 10-Q that McKesson filed with the Securities and Exchange Commission for the quarter ending September 30, 2005. The first paragraph from the 10-Q cited by FM Group reads:

In August 2005, we acquired substantially all of the issued and outstanding stock of D&K Healthcare Resources, Inc. ("D&K") of St. Louis, Missouri, for an aggregate cash purchase price of $478 million, including the assumption of D&K's debt. D&K is primarily a wholesale distributor of branded and generic pharmaceuticals and over-the- counter health and beauty products to independent and regional pharmacies, primarily in the Midwest. The results of D&K's operations have been included in the condensed consolidated financial statements within our Pharmaceutical Solutions segment since the August acquisition date.

The foregoing provision confirms that the acquisition of D&K was a stock acquisition, not a merger. The reference to an "assumption of D&K's debt" does not mean that the operational liabilities of D&K became the liabilities of McKesson. Instead, it referred to the calculation of the $478 million purchase price. In other words, McKesson bought D&K with all of its liabilities for $478 million, not for $478 million less the amount needed to pay off D&K's debt. A true and correct copy of the cover page and the relevant page from the 10-Q containing the cited language is attached to the Exhibit Compendium as Exhibit D.

///

JMBM | Jeffer Mangels Butler & Marmaro LLP

**EVIDENTIARY OBJECTIONS**

A.      The best evidence of the form 10-Q referenced in this paragraph is the document itself.  Federal Rule of Evidence 1002; See <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.      Sworn or certified copies of the documents referred to in this statement are not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, (9th Cir. 1993) 5 F.3d 1255, 1262.

C.      This statement improperly seeks to make conclusions of law.  Federal Rule of Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia, Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

D.      This statement is not rationally based on the perception of the witness.  Federal Rule of Evidence 701; See <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d 1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546, 551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

E.      This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932 (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

28.      **OBJECTIONABLE EVIDENCE:**

[Schrank Declaration pp.8-9, ¶18]

The second paragraph from the 10-Q cited by FM Group also appears on page 7 of the 10-Q and it reads:

In connection with the D&K acquisition, we have recorded $27 million of liabilities relating to facility exit costs as part of the purchase price allocation. Additional restructuring costs are anticipated to be incurred as the business integration plans are finalized. These restructuring costs are anticipated to be paid by mid-2007.

The foregoing excerpt does not mean that D&K's liabilities are now McKesson's liabilities. The statement merely explains how McKesson was accounting for $27 million in facility exit costs: as part of the purchase for D&K. The reference to business integration had to do with having the computer systems used by D&K and those

Jeffer Mangels
Butler & Marmaro LLP

JMBM

PRINTED ON
RECYCLED PAPER

used by McKesson communicate with one another. It did not mean that D&K was subsumed into McKesson. D&K continues to exist as a separate legal entity and remains liable for its debts, if any.

**EVIDENTIARY OBJECTIONS**

A.     The best evidence of the form 10-Q referenced in this paragraph is the document itself. Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.     Sworn or certified copies of the documents referred to in this statement are not attached to the affidavit. Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, (9th Cir. 1993) 5 F.3d 1255, 1262.

C.     This statement improperly seeks to make conclusions of law. Federal Rule of Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia, Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

D.     This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d 1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546, 551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

E.     This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge. Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F.2d 930, 932 (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

**29.     OBJECTIONABLE EVIDENCE:**

[Schrank Declaration p.9, ¶19]

As part of my collection efforts, I asked FM Group on several occasions for even one example of an incorrect price or for even one item of evidence that FM Group had overpaid McKesson. To date, FM Group has provided no such example or evidence. FM Group also has not provided McKesson with a specific amount it asserts McKesson owes to FM Group, nor with any list of products for which it alleges it was overcharged.

**EVIDENTIARY OBJECTIONS**

A.     The statement constitutes inadmissible hearsay not subject to any exception.

- 23 -     CV07-5715 WDB
EVIDENTIARY OBJECTIONS

PRINTED ON
RECYCLED PAPER

753192v1

1    Federal Rule of Evidence 802; <u>See</u> <u>Superior Fireplace Co. v. Majestic Products Co.</u>, (Fed. Cir.

2    2001) 270 F.3d 1358, 1365–1366.

3        B.    This statement is not rationally based on the perception of the witness.

4    Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

5    1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

6    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

7        C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

8    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

9    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

10    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

11        **30.**    <u>**OBJECTIONABLE EVIDENCE:**</u>

12        [Schrank Declaration p.9, ¶20]

13        By reference to the Books and Records re FM Group, I determined at
         the time that we filed the Complaint that as of October 31, 2007, FM
14        Group owed McKesson at least $724,574.80.  That amount included
         the 2% Price Increase and the 1% Service Charge authorized under
15        the Supply Agreement after failure to make payment on time, but it
         did not include the price increase that applies because FM Group took
16        advantage of certain discounts attributable to the volume of product it
         purchased that it did not qualify for.

17

18        <u>**EVIDENTIARY OBJECTIONS**</u>

19        A.    The best evidence of the Books and Records re FM Group referenced in this

20    paragraph are the documents themselves.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v.</u>

21    <u>Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

22        B.    Sworn or certified copies of the documents referred to in this statement are

23    not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J,</u>

24    <u>Multnomah County v. ACandS, Inc.</u>, (9th Cir. 1993) 5 F.3d 1255, 1262.

25        C.    This statement has not properly demonstrated that the referenced calculation,

26    as well as the underlying charts, summaries, and calculations upon which it is based, accurately

27    summarize the underlying documentation and that such underlying documentation is voluminous

28    and otherwise admissible.  Federal Rule of Evidence 1006; <u>U.S. v. Milkiewicz</u>, (1st Cir. 2006) 470

PRINTED ON
RECYCLED PAPER
753192v1

- 24 -    CV07-5715 WDB
EVIDENTIARY OBJECTIONS

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1   F.3d 390, 396; State Office Sys. v. Olivetti Corp., (10th Cir. 1985) 762 F.2d 843, 845.

2          D.    This statement improperly seeks to make conclusions of law. Federal Rule of

3   Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

4   Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

5          E.    This statement is not rationally based on the perception of the witness.

6   Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

7   1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

8   551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

9          F.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

10  demonstrate the requisite personal knowledge. Federal Rule of Civil Procedure 56(e)(1); Federal

11  Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

12  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

13      **31.    OBJECTIONABLE EVIDENCE:**

14          [Schrank Declaration p.9, ¶21]

15          I have recently checked the Books and Records re FM Group. As of
    May 30, 2008 FM Group owed McKesson at least $814,419.44,
16          excluding the price increase that applies due to FM Group's failure to
    qualify for volume price discounts that it took. Service Charges under
17          the Supply Agreement continued to accrue at the rates set forth in the
    Supply Agreement.

18

19      **EVIDENTIARY OBJECTIONS**

20          A.    The best evidence of the Books and Records re FM Group referenced in this

21  paragraph are the documents themselves. Federal Rule of Evidence 1002; See United States v.

22  Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

23          B.    Sworn or certified copies of the documents referred to in this statement are

24  not attached to the affidavit. Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J,

25  Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

26          C.    This statement improperly seeks to make conclusions of law. Federal Rule of

27  Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

28  Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

JMBM  Jeffer Mangels
Butler & Marmaro LLP

D.    This statement has not properly demonstrated that the referenced calculation, as well as the underlying charts, summaries, and calculations upon which it is based, accurately summarize the underlying documentation and that such underlying documentation is voluminous and otherwise admissible.  Federal Rule of Evidence 1006; <u>U.S. v. Milkiewicz</u>, (1st Cir. 2006) 470 F.3d 390, 396; <u>State Office Sys. v. Olivetti Corp.</u>, (10th Cir. 1985) 762 F.2d 843, 845.

E.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; <u>See Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d 1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546, 551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

F.    This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932 (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

## II.    DECLARATION OF LESLIE MORGAN

Familymeds hereby objects to the Declaration of Leslie Morgan in Support of Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKesson Corporation (the "**Morgan Declaration**") as follows:

1.    **OBJECTIONABLE EVIDENCE:**

[Morgan Declaration p.3 ¶9]

In its contract with McKesson, FM Group agreed that it would pay the amount shown on each invoice within seven days after the invoice date. At the conclusion of every calendar month, a "Statement" is generated by the SAP System and was typically sent electronically to FM Group as a courtesy, and a copy is posted on the SMO System. Each such Statement lists as of the date the Statement is generated the amounts outstanding on an invoice-by invoice basis, it identifies any past due amounts, it lists applicable service charges, it indicates the late charge that will be owed if the statement is not timely paid, it lists each "add-bill" item, and it lists all applicable credits, including for returned items. Each of the adjustments reflected on the Statement is explained below:

## EVIDENTIARY OBJECTIONS

A.    The best evidence of FM Group's "contract with McKesson" and the

CV07-5715 WDB
EVIDENTIARY OBJECTIONS

PRINTED ON
RECYCLED PAPER

753192v1

Jeffer Mangels
Butler & Marmaro LLP

JMBM

1   "Statements" referenced in this paragraph are the documents themselves.  Federal Rule of Evidence

2   1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

3           B.      Sworn or certified copies of the documents referred to in this statement are

4   not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); <u>School Dist. No. 1J,</u>

5   <u>Multnomah County v. ACandS, Inc.,</u> (9th Cir. 1993) 5 F.3d 1255, 1262.

6           C.      This statement improperly seeks to make conclusions of law.  Federal Rule of

7   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

8   <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

9           D.      This statement is not rationally based on the perception of the witness.

10  Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.,</u> (10th Cir. 1990) 898 F.2d

11  1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.,</u> (5th Cir. 2005) 414 F.3d 546,

12  551; <u>SEC v. Infinity Group Co.,</u> (3rd Cir. 2000) 212 F3d 180, 197.

13          E.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

14  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

15  Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.,</u> 681 F2d 930, 932

16  (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.,</u> 937 F2d 759, 763–764 (2nd Cir. 1991).

17      **2.      OBJECTIONABLE EVIDENCE:**

18          [Morgan Declaration p.3 ¶9(a)]

19          Service Charges, Late Charges and Loss of Timely Payment
        Discount: Under McKesson's contract with FM Group, the parties
20          agreed that if invoices were not paid timely, FM Group would lose the
        discount given to FM Group for timely payment and would also incur
21          a "Service Charge" as follows:

22          Any payments made after the due date indicated herein shall result in
        a two percent (2%) (or the maximum amount permissible under
23          applicable law, if lower) increase in the purchase price of the
        Merchandise. A one percent (1%) service charge (or the maximum
24          amount permissible under applicable law, if lower) will be imposed
        semi-monthly on all balances delinquent more than fifteen (15) days.
25

26      **EVIDENTIARY OBJECTIONS**

27          A.      The best evidence of "McKesson's contract with FM Group" referenced in

28  this paragraph is the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton,</u>

753192v1

CV07-5715 WDB
EVIDENTIARY OBJECTIONS

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    116 F.3d 1536, 1545 (DC Cir. 1997).

2            B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

3    Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

4    <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

5            C.    This statement is not rationally based on the perception of the witness.

6    Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

7    1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

8    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

9            D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

10   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

11   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

12   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

13       **3.    OBJECTIONABLE EVIDENCE:**

14           [Morgan Declaration p.3 ¶9(b)]

15           Add-Bills: Items classified as "add-bills" are charges that McKesson
             adds to a customer's account due to chargeback discrepancies. Such
16           discrepancies arise when a customer pays a contract price for an item
             and it turns out the customer was not eligible for that contract price or
17           in circumstances where the price loaded into McKesson's data base
             was too low. Contract prices paid by a customer are negotiated
18           between the customer and the manufacturer or other supplier of the
             particular pharmaceutical. McKesson is not responsible for
19           negotiating that contract price between the customer and the
             manufacturer/supplier. An add-bill requires McKesson's customer to
20           pay the difference between the contract price it negotiated with the
             manufacturer/supplier and the lower price that was erroneously
21           charged on the relevant invoices.

22       **EVIDENTIARY OBJECTIONS**

23           A.    This statement improperly seeks to make conclusions of law.  Federal Rule of

24   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

25   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

26           B.    This statement is not rationally based on the perception of the witness.

27   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

28   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

2         C.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

3    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

4    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

5    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

6         **4.     OBJECTIONABLE EVIDENCE:**

7         [Morgan Declaration p.3 ¶9(c)]

8    Service Charges, Late Charges and Loss of Timely Payment
     Discount: Under McKesson's contract with FM Group, the parties
9    agreed that if invoices were not paid timely, FM Group would lose the
     discount given to FM Group for timely payment and would also incur
10   a "Service Charge" as follows:

11   Any payments made after the due date indicated herein shall result in
     a two percent (2%) (or the maximum amount permissible under
12   applicable law, if lower) increase in the purchase price of the
     Merchandise. A one percent (1%) service charge (or the maximum
13   amount permissible under applicable law, if lower) will be imposed
     semi-monthly on all balances delinquent more than fifteen (15) days.
14

15        **<u>EVIDENTIARY OBJECTIONS</u>**

16        A.     The best evidence of "McKesson's contract with FM Group" referenced in

17   this paragraph is the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>,

18   116 F.3d 1536, 1545 (DC Cir. 1997).

19        B.     This statement improperly seeks to make conclusions of law.  Federal Rule of

20   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

21   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

22        C.     This statement is not rationally based on the perception of the witness.

23   Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

24   1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

25   551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

26        D.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

27   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

28   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

Jeffer Mangels
Butler & Marmaro LLP

JMBM

1  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

2      **5.**    **OBJECTIONABLE EVIDENCE:**

3      [Morgan Declaration p.4 ¶9(c)]

4      Credits. These items consist of reductions to the amounts owed by
5      FM Group to McKesson usually based on returns.

6      **EVIDENTIARY OBJECTIONS**

7      A.    This statement improperly seeks to make conclusions of law. Federal Rule of

8  Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

9  Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

10      B.    This statement is not rationally based on the perception of the witness.

11  Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d

12  1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

13  551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

14      C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

15  demonstrate the requisite personal knowledge. Federal Rule of Civil Procedure 56(e)(1); Federal

16  Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

17  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

18      **6.**    **OBJECTIONABLE EVIDENCE:**

19      [Morgan Declaration p.4 ¶10]

20      A Statement for FM Group as of May 30, 2008 is attached to the
21      "Compendium of Exhibits" filed and served herewith (the "Exhibit
    Compendium") as Exhibit E. FM Group also has a copy of that
22      Statement. The aggregate amount owing to McKesson as reflected on
    the May 30 Statement is $814,419.44. That figure does not include
23      additional amounts owing by FM group to McKesson on account of
    various discounts taken by FM Group for which FM Group did not
24      qualify.

25      **EVIDENTIARY OBJECTIONS**

26      A.    The best evidence of the May 30 Statement referenced in this paragraph is the

27  document itself. Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545

28  (DC Cir. 1997).

1    B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

2  Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

3  <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

4    C.    This statement is not rationally based on the perception of the witness.

5  Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.,</u> (10th Cir. 1990) 898 F.2d

6  1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.,</u> (5th Cir. 2005) 414 F.3d 546,

7  551; <u>SEC v. Infinity Group Co.,</u> (3rd Cir. 2000) 212 F3d 180, 197.

8    D.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

9  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

10  Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.,</u> 681 F2d 930, 932

11  (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.,</u> 937 F2d 759, 763–764 (2nd Cir. 1991).

12    E.    This statement has not properly demonstrated that the referenced calculation,

13  as well as the underlying charts, summaries, and calculations upon which it is based, accurately

14  summarize the underlying documentation and that such underlying documentation is voluminous

15  and otherwise admissible.  Federal Rule of Evidence 1006; <u>U.S. v. Milkiewicz,</u> (1st Cir. 2006) 470

16  F.3d 390, 396; <u>State Office Sys. v. Olivetti Corp.,</u> (10th Cir. 1985) 762 F.2d 843, 845.

17    **7.    OBJECTIONABLE EVIDENCE:**

18    [Morgan Declaration p.4 ¶11]

19    As part of my audit role for McKesson, I caused several invoices sent
     to FM Group containing more than 90 different products to be
20    audited, meaning that I investigated what base-line price was used by
     the SAP System and how the price that appeared on the invoice was
21    calculated. Of the audited invoices, there was not a single error made
     in the computation of FM Group's Cost of Goods.
22

23    **EVIDENTIARY OBJECTIONS**

24    A.    The best evidence of the invoices referenced in this paragraph are the

25  documents themselves.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d

26  1536, 1545 (DC Cir. 1997).

27    B.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

28  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

2    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

3            C.      This statement improperly seeks to make conclusions of law.  Federal Rule of

4    Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

5    <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

6            D.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

7    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

8    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

9    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

10           E.      This statement improperly attempts to submit an opinion based on scientific,

11   technical or other specialized knowledge.  Federal Rule of Evidence 701(c); <u>Certain Underwriters at</u>

12   <u>Lloyd's, London v. Sinkovich</u>, 232 F.3d 200, 204–205 (4th Cir. 2000).

13       **8.      OBJECTIONABLE EVIDENCE:**

14           [Morgan Declaration p. 4 ¶12]

15           The business relationship between McKesson and FM Group is
             governed by that certain "Supply Agreement" (the "Supply
16           Agreement") signed by McKesson and FM Group, which was dated
             as of February 2, 2007 and effective as of December 28, 2007. I have
17           read that agreement and am very familiar with its contents.

18       **EVIDENTIARY OBJECTIONS**

19           A.      The best evidence of the Supply Agreement referenced in this paragraph is

20   the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536,

21   1545 (DC Cir. 1997).

22           B.      This statement improperly seeks to make conclusions of law.  Federal Rule of

23   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

24   <u>Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

25           C.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

26   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

28   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

JMBM | Jeffer Mangels Butler & Marmaro LLP

1     **9.     OBJECTIONABLE EVIDENCE:**

2     [Morgan Declaration p.4 ¶13]

3     The Supply Agreement permitted FM Group to purchase Merchandise
      from McKesson for a price defined in the Supply Agreement as the
4     "Cost of Goods."

5     **EVIDENTIARY OBJECTIONS**

6     A.     The best evidence of the Supply Agreement referenced in this paragraph is

7     the document itself.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536,

8     1545 (DC Cir. 1997).

9     B.     This statement improperly seeks to make conclusions of law.  Federal Rule of

10    Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

11    Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

12    C.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

13    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

14    Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

15    (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., 937 F2d 759, 763–764 (2nd Cir. 1991).

16    **10.    OBJECTIONABLE EVIDENCE:**

17    [Morgan Declaration p.4 ¶14]

18    FM Group's "Cost of Goods" for any particular piece of Merchandise
      was determined by a formula set forth in the Supply Agreement. That
19    formula relied in each case on a base-line price for the particular
      product, which was either the "Wholesale Acquisition Cost"
20    ("WAC"), contract pricing, or one of two special pricing models. All
      such reference prices are entered into McKesson's data base and on
21    the SAP System in the ordinary course of McKesson's business at or
      about the time there is any change in such reference prices.
22

23    **EVIDENTIARY OBJECTIONS**

24    A.     The best evidence of the Supply Agreement from which the terms referred to

25    in this paragraph are taken from is the document itself.  Federal Rule of Evidence 1002; See United

26    States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

27    B.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

28    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

2    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, 937 F2d 759, 763–764 (2nd Cir. 1991).

3            C.      This statement improperly seeks to make conclusions of law.  Federal Rule of

4    Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,

5    Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

6    **11.    OBJECTIONABLE EVIDENCE:**

7            [Morgan Declaration p.5 ¶15]

8            The vast majority of the pricing relevant to FM Group was based on
         either contract pricing or WAC. "Contract pricing" is the price FM
9            Group has itself negotiated the price with the vendor or the
         manufacturer of a particular item.

10

11    **<u>EVIDENTIARY OBJECTIONS</u>**

12            A.      The best evidence of the Supply Agreement from which the terms referred to

13    in this paragraph are taken from is the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United

14    States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

15            B.      This statement improperly seeks to make conclusions of law.  Federal Rule of

16    Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,

17    Inc.,</u> 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

18            C.      This statement is vague, ambiguous, and conclusory, and therefore, fails to

19    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

20    Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

21    (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, (2nd Cir. 1991) 937 F2d 759, 763-764.

22            D.      This statement is not rationally based on the perception of the witness.

23    Federal Rule of Evidence 701; <u>See</u> <u>Kloepfer v. Honda Motor Co., Ltd.</u>, (10th Cir. 1990) 898 F.2d

24    1452, 1459; <u>National Hispanic Circus, Inc. v. Rex Trucking, Inc.</u>, (5th Cir. 2005) 414 F.3d 546,

25    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

26    **12.    OBJECTIONABLE EVIDENCE:**

27            [Morgan Declaration p.5 ¶16]

28            For goods based on "WAC prices", McKesson refers to the published

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1    wholesale acquisition cost posted by the applicable vendor.

2    **EVIDENTIARY OBJECTIONS**

3    A.    The best evidence of the Supply Agreement from which the terms referred to

4    in this paragraph are taken from is the document itself.  Federal Rule of Evidence 1002; See United

5    States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

6    B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

7    Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

8    Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

9    C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

10    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

11    Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

12    (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., (2nd Cir. 1991) 937 F2d 759, 763-764.

13    **13.    OBJECTIONABLE EVIDENCE:**

14    [Morgan Declaration p.5 ¶17]

15    Certain products purchased by FM Group were based on special
      pricing called "National Specialty Pricing" and "Net-Billed" pricing.

16    The National Specialty Priced products included caps and vials - that
      is, the containers into which pharmaceutical products are dispensed.

17    The National Specialty price for these caps and vials was WAC.

18    **EVIDENTIARY OBJECTIONS**

19    A.    The best evidence of the Supply Agreement from which the terms referred to

20    in this paragraph are taken from is the document itself.  Federal Rule of Evidence 1002; See United

21    States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

22    B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

23    Evidence 701; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Gonzalez v. El Dia,

24    Inc., 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

25    C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

26    demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27    Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

28    (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., (2nd Cir. 1991) 937 F2d 759, 763-764.

JMBM    Jeffer Mangels Butler & Marmaro LLP

1    **14.    OBJECTIONABLE EVIDENCE:**

2    [Morgan Declaration p.5 ¶18]

3    "Net-billed" pricing items include slow moving items might have
     special prices as either an incentive to customers to buy the product,
4    or in some cases, as a disincentive to customers to ask McKesson to
     stock the particular product.
5

6    **EVIDENTIARY OBJECTIONS**

7        A.    The best evidence of the Supply Agreement from which the terms referred to

8    in this paragraph are taken from is the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United</u>

9    <u>States v. Holton</u>, 116 F.3d 1536, 1545 (DC Cir. 1997).

10       B.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

11   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

12   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

13   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, (2nd Cir. 1991) 937 F2d 759, 763-764.

14   **15.    OBJECTIONABLE EVIDENCE:**

15   [Morgan Declaration p.5 ¶19]

16   Since the effective date of the Supply Agreement, FM Group has
     ordered and received delivery of goods from McKesson aggregating
17   nearly $60,000,000.

18   **EVIDENTIARY OBJECTIONS**

19       A.    The best evidence of the Supply Agreement referred to in this paragraph is

20   the document itself.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d 1536,

21   1545 (DC Cir. 1997).

22       B.    This statement improperly seeks to make conclusions of law.  Federal Rule of

23   Evidence 701; <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985); <u>Gonzalez v. El Dia,</u>

24   <u>Inc.</u>, 304 F.3d 63, 68, fn.3 (1st Cir. 2002).

25       C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

26   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

27   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

28   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, (2nd Cir. 1991) 937 F2d 759, 763-764.

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

D.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546, 551; SEC v. Infinity Group Co., (3rd Cir. 2000) 212 F3d 180, 197.

E.    This statement has not properly demonstrated that the referenced calculation, as well as the underlying charts, summaries, and calculations upon which it is based, accurately summarize the underlying documentation and that such underlying documentation is voluminous and otherwise admissible.  Federal Rule of Evidence 1006; U.S. v. Milkiewicz, (1st Cir. 2006) 470 F.3d 390, 396; State Office Sys. v. Olivetti Corp., (10th Cir. 1985) 762 F.2d 843, 845.

**16.    OBJECTIONABLE EVIDENCE:**

[Morgan Declaration p.5 ¶20]

FM Group and its constituent pharmacies submitted orders to McKesson on almost a daily basis utilizing the SMO System. Once invoices were generated by the SAP System as described above, they would be transmitted to the SMO System where they could be readily accessed by FM Group 24 hours a day, seven days a week.

**EVIDENTIARY OBJECTIONS**

A.    The best evidence of the SMO System and SAP System records referred to in this paragraph are the documents themselves.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d 1536, 1545 (DC Cir. 1997).

B.    Sworn or certified copies of the documents referred to in this statement are not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J, Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

C.    This statement is vague, ambiguous, and conclusory, and therefore, fails to demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932 (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., (2nd Cir. 1991) 937 F2d 759, 763-764.

D.    This statement is not rationally based on the perception of the witness. Federal Rule of Evidence 701; See Kloepfer v. Honda Motor Co., Ltd., (10th Cir. 1990) 898 F.2d 1452, 1459; National Hispanic Circus, Inc. v. Rex Trucking, Inc., (5th Cir. 2005) 414 F.3d 546,

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    551; <u>SEC v. Infinity Group Co.</u>, (3rd Cir. 2000) 212 F3d 180, 197.

2        **17.    OBJECTIONABLE EVIDENCE:**

3        [Morgan Declaration p.5 ¶21]

4        To verify the accuracy of McKesson's outstanding invoices, I
         randomly selected three representative invoices to "audit" for pricing
5        errors. Those three invoices reflected orders made on January 29,
         2007, March 23, 2007, and July 13, 2007. Those invoices covered 91
6        line items of products. True and correct copies of those invoices (the
         "Sample Invoices") are attached to the Exhibit Compendium as
7        composite Exhibit F. The pricing on the sample Invoices has been
         redacted as it is available to FM Group but is otherwise confidential.

8

9        **EVIDENTIARY OBJECTIONS**

10        A.    The best evidence of the Sample Invoices referred to in this paragraph are the

11   documents themselves.  Federal Rule of Evidence 1002; <u>See</u> <u>United States v. Holton</u>, 116 F.3d

12   1536, 1545 (DC Cir. 1997).

13        B.    This statement is vague, ambiguous, and conclusory, and therefore, fails to

14   demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

15   Rule of Evidence 601; <u>M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, 681 F2d 930, 932

16   (4th Cir. 1982); <u>Folio Impressions, Inc. v. Byer Calif.</u>, (2nd Cir. 1991) 937 F2d 759, 763-764.

17        C.    This statement improperly attempts to submit an opinion based on scientific,

18   technical or other specialized knowledge.  Federal Rule of Evidence 701(c); <u>Certain Underwriters at</u>

19   <u>Lloyd's, London v. Sinkovich</u>, 232 F.3d 200, 204–205 (4th Cir. 2000).

20        D.    The procedure described in this statement, and the conclusion resulting

21   therefrom, are not derived by scientific method and are not grounded in the methods and procedures

22   of science.  Federal Rule of Evidence 702; <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, (1993)

23   509 U.S. 579, 591.

24        **18.    OBJECTIONABLE EVIDENCE:**

25        [Morgan Declaration p.6 ¶22]

26        I have reviewed each of the invoices attached to the Exhibit
         Compendium as Exhibit F and investigated whether the correct base-
27        line price described above, (sic) was used and whether the correct
         algorithm was used to calculate the price reflected on the invoice.
28        Each of the invoices I tested contained all four types of base-line

JMBM  Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER
753192v1

1  prices as described above:  contract, WAC and the two types of
special pricing.  After checking each of the base-line prices, I
2  determined that none of the invoices I investigated had any errors.

3  **EVIDENTIARY OBJECTIONS**

4  A.     The best evidence of the invoices referred to in this paragraph are the

5  documents themselves.  Federal Rule of Evidence 1002; See United States v. Holton, 116 F.3d

6  1536, 1545 (DC Cir. 1997).

7  B.     Sworn or certified copies of the documents referred to in this statement are

8  not attached to the affidavit.  Federal Rule of Civil Procedure 56(e)(1); School Dist. No. 1J,

9  Multnomah County v. ACandS, Inc., (9th Cir. 1993) 5 F.3d 1255, 1262.

10  C.     This statement is vague, ambiguous, and conclusory, and therefore, fails to

11  demonstrate the requisite personal knowledge.  Federal Rule of Civil Procedure 56(e)(1); Federal

12  Rule of Evidence 601; M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc., 681 F2d 930, 932

13  (4th Cir. 1982); Folio Impressions, Inc. v. Byer Calif., (2nd Cir. 1991) 937 F2d 759, 763-764.

14  D.     This statement improperly attempts to submit an opinion based on scientific,

15  technical or other specialized knowledge.  Federal Rule of Evidence 701(c); Certain Underwriters at

16  Lloyd's, London v. Sinkovich, 232 F.3d 200, 204–205 (4th Cir. 2000).

17  E.     The procedure described in this statement, and the conclusion resulting

18  therefrom, are not derived by scientific method and are not grounded in the methods and procedures

19  of science.  Federal Rule of Evidence 702; Daubert v. Merrell Dow Pharmaceuticals, Inc., (1993)

20  509 U.S. 579, 591.

21  F.     This statement has not properly demonstrated that the referenced summary,

22  as well as the underlying charts, summaries, and calculations upon which it is based, accurately

23  summarize the underlying documentation and that such underlying documentation is voluminous

24  and otherwise admissible.  Federal Rule of Evidence 1006; U.S. v. Milkiewicz, (1st Cir. 2006) 470

25  F.3d 390, 396; State Office Sys. v. Olivetti Corp., (10th Cir. 1985) 762 F.2d 843, 845.

26  ///

27  ///

28  ///

1    DATED: July 30, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                             ROBERT C. GEBHARDT
2                                            MICHAEL A. GOLD
                                             MATTHEW S. KENEFICK
3
                                             By: /s/ Robert C. Gebhardt
4                                                  ROBERT C. GEBHARDT
                                             Attorneys for FAMILYMEDS GROUP, INC., f/k/a
5                                            DRUGMAX, INC., a Nevada corporation and
                                             FAMILYMEDS, INC., a Connecticut corporation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28