1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3824
4  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
5

6  Attorneys for Defendant and Counterclaimant FAMILYMEDS
   GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and
7  Cross-Complainant FAMILYMEDS, INC., a Connecticut
   corporation
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware corporation,<br><br>           Plaintiff,<br>   v.<br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>           Defendant.<br><br>FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation,<br><br>           Counterclaimant,<br>   v.<br>MCKESSON CORPORATION, a Delaware corporation,<br><br>           Counterdefendant.<br><br>FAMILYMEDS, INC., a Connecticut corporation,<br><br>           Cross-Complainant,<br>   v.<br>MCKESSON CORPORATION, a Delaware corporation,<br><br>           Cross-Defendant. | CASE NO.   CV07-5715 WDB<br><br>**DECLARATION OF MATTHEW S. KENEFICK IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION BY MCKESSON CORPORATION**<br><br>**Accompanying papers**: Memorandum of Points and Authorities; Mercadante Declaration; Tregillis Declaration; Separate Statement; Evidentiary Objections; and (Proposed Order)<br><br>Time:    August 20, 2008<br>Date:    1:30 p.m.<br>Place:   Ctrm. 4<br>         1301 Clay St., 3d Floor<br>         Oakland, CA<br>Judge:   The Hon. Wayne D. Brazil<br><br><br>Complaint filed:        Nov. 9, 2007<br>Counterclaim filed:     Dec. 17, 2007<br>Cross-Complaint Filed:  Dec. 17, 2007<br>Trial date:             none set |

I, Matthew S. Kenefick, declare:

1.  I am an attorney at law duly licensed to practice before all the Courts of the state of California, as well as all of the United States District Courts located within the state of California, and am an attorney with Jeffer, Mangels, Butler & Marmaro LLP ("**JMBM**"), attorneys of record for Defendant and Counterclaimant Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada corporation ("**FM Group**") and Cross-Complainant Familymeds, Inc., a Connecticut corporation ("**FM Inc**.") (collectively, "**Familymeds**"). I have personal knowledge of the facts set forth in this declaration and could competently testify to each of the facts if called upon to do so. My knowledge of the facts set forth in this declaration arises from the fact that at all applicable times, either I or one of my colleagues at JMBM have been one of the attorneys primarily responsible for the litigation of the within action.[1]

## Procedural Background Documents

2.  Attached hereto as **Exhibit 1** is a true and correct copy of this Court's Order Re March 12, 2008 Hearing.

3.  Attached hereto as **Exhibit 2** is a true and correct copy Familymeds' Complaint for Specific Performance of Contract and Accounting filed on June 6, 2008.

4.  Attached hereto as **Exhibit 3** is a true and correct copy of this Court's June 18, 2008 Related Case Order.

## Discovery Was Stayed Until May 5, 2008

5.  Pursuant to Federal Rule of Civil Procedure 26(d)(1), discovery was stayed until the parties conducted their Federal Rule of Civil Procedure 26(f)(1) conference, which occurred on January 23, 2008. Thereafter, at the March 12, 2008 initial Case Management Conference, this Court ordered that discovery was stayed until further order. It was not until this Court's May 5 Order that discovery was re-opened.

---

[1] All capitalized terms used herein, unless otherwise defined, assume the meaning(s) ascribed to them in the accompanying Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication by McKsesson Corporation.

755380v1 - 1 - CV07-5715 WDB
KENEFICK DECLARATION

### The Written Discovery

6. On June 11, 2008, Familymeds served upon McKesson its First Set of Interrogatories of Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada Corporation (the "**Interrogatories**"), a true and correct copy of which is attached hereto as **Exhibit 4**.

7. On June 11, 2008, Familymeds served upon McKesson its First Request for Production of Documents and Things of Familymeds Group, Inc., f/k/a Drugmax, Inc., a Nevada Corporation (the "**Requests for Production**"), a true and correct copy of which is attached hereto as **Exhibit 5**. The Interrogatories and Requests for Production are collectively referred to herein as the "**Written Discovery**."

### Request To Continue The MSJ

8. On June 30, 2008, I requested that counsel for McKesson continue the hearing on its Motion for Summary Judgment or, in the Alternative, Summary Adjudication (the "**MSJ**") for sixty (60) days to allow Familymeds sufficient time to review and analyze McKesson's responses to the Written Discovery, as well as to conduct follow-up discovery, including depositions. McKesson's counsel rejected this request. Following my repeated requests, McKesson's counsel finally agreed to continue the hearing on the MSJ for two (2) weeks.

### The Responses And Spreadsheets

9. On July 17, 2008, JMBM received McKesson's responses to the Written Discovery (the "**Responses**"). Attached hereto collectively as **Exhibit 6** are true and correct copies of the Responses.

10. The Responses are, for the most part, comprised of objections. Additionally, McKesson failed to produce any e-mail or other correspondence whatsoever. McKesson also withheld documents based on trade secret, even though the parties executed a Stipulated Protective Order.

11. In connection with the Responses, McKesson supplied a cd-rom containing certain spreadsheets (collectively, the "**Spreadsheets**"), including certain invoices (Bates # MCK 483 – 566) (the "**Unpaid Invoices**") and an account statement (Bates # MCK 567-641) (the "**Statement**"). Attached hereto as **Exhibit 7** and **Exhibit 8** are true and correct copies of the Unpaid Invoices and

1  Statement, respectively.  In the spirit of efficiency, the remaining portions of the Spreadsheets are
2  not attached hereto; however, Familymeds will make such material available for the Court's review
3  upon its request.

4        12.    McKesson did not produce the Spreadsheets in the form in which they are ordinarily
5  maintained or in a reasonably usable form, as mandated by Federal Rule of Evidence 34(b)(2)(E).
6  McKesson, rather, took the additional step of converting the Spreadsheets into .pdf files, thereby
7  rendering the spreadsheets virtually unusable.  By converting the Spreadsheets into .pdf format,
8  McKesson's counsel defeated the purpose of utilizing a computerized format for voluminous
9  spreadsheets - to enable a party to readily perform calculations and manipulate the data.  See, e.g.,
10 National Union Elec. Corp. v. Matsushita Elec. Indus. Co., 494 F.Supp. 1257 (E.D. Pa. 1980).

11       13.    On July 18, 2008, I initiated the meet confer process with McKesson's counsel on the
12 deficiencies in the Responses, which is currently ongoing.

13 **Familymeds Request To Continue The MSJ Pursuant To FRCP 56(f)**

14       14.    **Facts That Likely Exist And Will Be Demonstrated If Further Discovery Is**
15 **Allowed**.  The Unpaid Invoices and Statement are the foundation for McKesson's MSJ.
16 Familymeds' Written Discovery is devoted to examining the validity of that material and the data
17 upon which it is allegedly based.  This includes McKesson's actual base-line price on invoice dates,
18 what concessions McKesson received for each of the products, and whether those concessions were
19 reflected in the prices extended to Familymeds pursuant to the terms of the Supply Agreement.

20       15.    **Why Such Information Cannot Be Presented At This Time**.  Discovery was
21 stayed until May 5, 2008.  On June 11, 2008, one week after receiving the MSJ, Familymeds
22 propounded its Written Discovery.  The evidence Familymeds seeks in its Written Discovery to
23 oppose the MSJ is in McKesson's exclusive control.  On July 17, 2008, Familymeds received
24 McKesson's discovery Responses.  These Responses are wholly evasive and comprised of little
25 more than objections.  McKesson produced a disc full of Spreadsheets; however, McKesson
26 converted these Spreadsheets into a form which was not reasonably useable by Familymeds.  These
27 Spreadsheets omitted key fields which Familymeds requires to verify the validity of McKesson's
28 invoices.  Familymeds is presently in the process of enforcing the Written Discovery through the

1  meet and confer process.

2  16.  **Discovery That Will Take Place To Obtain The Necessary Information**.
3  Familymeds is currently meeting and conferring with McKesson regarding its discovery responses,
4  will propound follow up discovery requests, and will depose both Ana Schrank and Leslie Morgan
5  on their declarations submitted in connection with this MSJ, including the documents upon which
6  they rely but fail to provide.  Familymeds intends to depose Ms. Morgan on the scope of the "audit"
7  she performed, what techniques and procedures she utilized, and the reliability of her conclusions.
8  This will be accomplished within 90 days - assuming McKesson cooperates.

9  17.  I believe that the information outlined above will raise a genuine issue of material
10 fact and, therefore, the MSJ should be denied as premature pursuant to Federal Rule of Civil
11 Procedure 56(f).

12 **The Request For A Stipulation To Dismiss The Cross-Complaint**

13 18.  On July 14, 2008 I left a telephone message for counsel for McKesson, requesting
14 McKesson stipulate to allowing FM Inc. to dismiss its claims from the First Action without
15 prejudice.  Counsel for McKesson refused to stipulate.  I thereafter requested that McKesson
16 stipulate to continue the hearing on its MSJ to allow this Court to rule on Familymeds' motion to
17 dismiss FM Inc.'s claims from the First Action without prejudice.  Counsel for McKesson would not
18 agree to that either.  Attached hereto as **Exhibit 9** is a true and correct copy of my e-mail chain
19 correspondence with counsel for McKesson on these issues.

20 19.  On July 16, 2008, Familymeds filed its Motion for Order Granting Familymeds, Inc.
21 Leave to Dismiss Cross-Complaint Without Prejudice, a true and correct copy of which is attached
22 hereto as **Exhibit 10**.

23

24  I declare under penalty of perjury that the foregoing is true and correct.

25 Executed on July 30, 2008        /s/ Matthew S. Kenefick
                                    MATTHEW S. KENEFICK, Declarant