1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
2  MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
   MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
3  Two Embarcadero Center, Fifth Floor
   San Francisco, California  94111-3824
4  Telephone:      (415) 398-8080
   Facsimile:      (415) 398-5584
5

6  Attorneys for Defendant and Counterclaimant FAMILYMEDS
   GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation and
7  Cross-Complainant FAMILYMEDS, INC., a Connecticut
   corporation
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

| | |
|---|---|
| 12  MCKESSON CORPORATION, a Delaware corporation, | CASE NO.     CV07-5715 WDB |
| 13                        Plaintiff,<br>          v. | **(Proposed) ORDER RE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION BY MCKESSON CORPORATION** |
| 14  FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation, | |
| 15 | **Accompanying papers**: Memorandum of Points and Authorities; Kenefick Declaration; Tregillis Declaration; Separate Statement; Mercadante Declaration; and Evidentiary Objections |
| 16                        Defendant. | |
| 17  FAMILYMEDS GROUP, INC., f/k/a DRUGMAX, INC., a Nevada corporation, | |
| 18                        Counterclaimant, | Time:           August 20, 2008<br>Date:           1:30 p.m.<br>Place:          Ctrm. 4 |
| 19            v. | 1301 Clay St., 3d Floor<br>Oakland, CA |
| 20  MCKESSON CORPORATION, a Delaware corporation, | Judge:         The Hon. Wayne D. Brazil |
| 21 | |
| 22                        Counterdefendant. | |
| 23  FAMILYMEDS, INC., a Connecticut corporation, | |
| 24                        Cross-Complainant, | |
| 25            v. | Complaint filed:          Nov. 9, 2007<br>Counterclaim filed:       Dec. 17, 2007 |
| 26  MCKESSON CORPORATION, a Delaware corporation, | Cross-Complaint Filed:   Dec. 17, 2007<br>Trial date:                 none set |
| 27 | |
| 28                        Cross-Defendant. | |

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    This Court, having considered the Motion for Summary Judgment or, in the Alternative,

2    Summary Adjudication by McKesson Corporation ("**McKesson**") (the "**Motion**"), as well as the

3    pleadings and papers on file herein, and the oral argument of the parties, hereby orders as follows:

4    **I.      MCKESSON'S CLAIM FOR BREACH OF CONTRACT:**

5         The Court finds as follows in connection with McKesson's first and only cause of action for

6    Breach of Contract against Familymeds Group, Inc. ("**FM Group**"):

7         1)    The evidence submitted by McKesson in support of this Motion is incomplete,

8    contains significant internal inconsistencies, and fails to demonstrate the absence of any triable

9    issue of material fact as the whether McKesson has been harmed in any ascertainable amount; and

10        2)    A triable issue of material fact exists as to the whether McKesson suffered damages

11   as the result of Familymeds Group, Inc.'s ("**FM Group**") alleged breach of the terms of that certain

12   written Supply Agreement by and between FM Group on the one hand, and McKesson on the other,

13   and dated February 2, 2007 (the "**Supply Agreement**").

14        Accordingly, this Court DENIES McKesson's Motion as to its first cause of action for

15   Breach of Contract.

16   **II.     FM GROUP'S CLAIM FOR SPECIFIC PERFORMANCE OF CONTRACT**

17        The Court finds as follows in connection FM Group's First Claim for Relief for Specific

18   Performance contained in its Counterclaim for Specific Performance of Contract and Accounting;

19   Cross-Complaint for Accounting seeking an accounting under contract and in equity filed in this

20   Action on December 17, 2007 (the "**Counterclaim**"):

21        1)    It is necessary, in order to make the Supply Agreement reasonable, to read into the

22   Supply Agreement the implied term that McKesson will provide to FM Group an accounting of all

23   transactions occurring thereunder.  Civil Code § 1655; Citron v. Franklin, 23 Cal.2d 47, 57 (1943).

24        This Court therefore, pursuant to its inherent authority, grants Partial Summary Judgment in

25   favor of FM Group on its First Claim for Relief for Specific Performance contained in the

26   Counterclaim, and therefore orders McKesson to provide to FM Group an accounting under the

27   Supply Agreement. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

28   ///

PRINTED ON

RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

754276v1

- 1 -       CV07-5715 WDB
            (Proposed) ORDER

III.    **FM GROUP'S CLAIM FOR AN ACCOUNTING IN EQUITY**

The Court finds as follows in connection FM Group's Second Claim for Relief for an Accounting in Equity contained in the Counterclaim:

1)    The accounts between McKesson and FM Group are so complicated that an ordinary legal action demanding a fixed sum is impracticable;

2)    McKesson is obligated to FM Group for offsets, overcharges, and pricing discrepancies in an amount to be determined by an accounting;

3)    The information necessary to conduct an accounting is in the exclusive possession, custody, and control of McKesson; and

4)    It is therefore appropriate for this Court to order McKesson to provide to FM Group an accounting in equity under the Supply Agreement. See Civic Western Corp. v. Zila Industries, Inc., 66 Cal.App.3d 1, 14 (1977).

Accordingly, pursuant to this Court's inherent authority, this Court grants Partial Summary Judgment in favor of FM Group on its Second Claim for Relief for an Accounting in Equity contained in it Counterclaim, and therefore orders McKesson to provide to FM Group an accounting under the Supply Agreement. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

IV.    **FM INC.'S CLAIM FOR AN ACCOUNTING IN EQUITY**

The Court finds as follows in connection Familymeds, Inc.'s ("**FM Inc**.") Third Claim for Relief for an Accounting in Equity contained in the Counterclaim:

1)    The accounts between McKesson and FM Group are so complicated that an ordinary legal action demanding a fixed sum is impracticable;

2)    McKesson is obligated to FM Group for offsets, overcharges, and pricing discrepancies in an amount to be determined by an accounting;

3)    As a result of McKesson's involvement in the negotiation, drafting, and servicing of the transactions occurring under that certain First Amendment to Prime Warehouse Supplier Agreement dated December 27, 2005, and by and between DrugMax, Inc., FM, Inc., and D&K Healthcare Resources, Inc. (the "**First Amendment**"), the information necessary to conduct an accounting is in the exclusive possession, custody, and control of McKesson; and

JMBM | Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

754276v1

- 2 -    CV07-5715 WDB
(Proposed) ORDER

1    3)    It is therefore appropriate for this Court to order McKesson to provide to FM Inc. an

2  accounting in equity under the First Amendment.  See Civic Western Corp. v. Zila Industries, Inc.,

3  66 Cal.App.3d 1, 14 (1977).

4    Accordingly, pursuant to this Court's inherent authority, this Court grants Partial Summary

5  Judgment in favor of FM Inc. on its Third Claim for Relief for an Accounting in Equity contained in

6  it Counterclaim, and therefore orders McKesson to provide to FM Inc. an accounting under the First

7  Amendment.  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

8  IT IS SO ORDERED.

9

10  DATED: _____    _____

11                                  THE HONORABLE WAYNE D. BRAZIL of the
                                    United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

754276v1                            - 3 -      CV07-5715 WDB
                                               (Proposed) ORDER