UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKesson Corp., a Delaware Corp., <br><br> Plaintiff, <br><br> v. <br><br> Familymeds Group, Inc., f/k/a Drugmax, Inc., a Connecticut corporation, <br><br> Defendants. <br> _____/ <br> Familymeds Group, Inc., f/k/a Drugmax, Inc., a Connecticut corporation, <br><br> Counterclaimant <br> v. <br><br> McKesson Corp., a Delaware corporation, <br><br> Counterdefendant. <br> _____/ | No. C-07-5715 WDB <br><br> **ORDER DISMISSING "CROSS-COMPLAINT" WITHOUT PREJUDICE** |

On July 16, 2008, defendant Familymeds Group and its subsidiary Familymeds, Inc., filed a motion seeking leave to dismiss, without prejudice, a "Cross Complaint" that Familymeds, Inc., had attempted to assert against McKesson in this action. The moving parties understood that, on May 5, 2008, this Court had ruled that Familymeds, Inc., was *not* a proper party to this action. After the May 5th hearing conducted by this Court, Familymeds, Inc., filed a new

1

action asserting its claim(s) against McKesson. By order of the undersigned, the two lawsuits were "related." By the subject Motion, defendant and Familymeds, Inc., seek to 'clean up the pleadings' and clarify for the record that Familymeds, Inc., does not assert any claims in the earlier filed action (C07-5715 WDB).

On July 30, 3008, McKesson filed its Opposition to the Motion on the ground that McKesson would be prejudiced by dismissal without prejudice of the claim asserted by Familymeds, Inc. McKesson argues, *inter alia*, that it did not know whether Familymeds, Inc., was a party to this action, and, therefore, it incurred litigation expenses when it filed a motion for summary judgment that covered not only the counter claims asserted by Familymeds Group but also the "Cross Claim" that Familymeds, Inc., had unsuccessfully attempted to assert in the original action.

For the reasons stated herein, the Court ORDERS as follows.

1.  The Court finds this matter suitable for decision without oral argument. Accordingly, the Court VACATES the hearing with respect to this Motion (only) that was set for August 20, 2008. No reply brief is required. A hearing will proceed on that date in connection with plaintiff's pending Motion for Summary Judgment.

2.  On January 14, 2008, McKesson filed a Motion to Dismiss. In its motion McKesson seemed to refer to both the counter claims asserted by Familymeds Group and a so-called 'cross claim' asserted by a nonparty, Familymeds, Inc. Accordingly, the motion to dismiss as drafted appeared to seek dismissal of Familymeds' entire action (*i.e.*, including the properly pled counter claims) on the ground that defendant Familymeds Group attempted to interject another entity, Familymeds, Inc., without using the appropriate procedural device.

On May 5, 2008, the Court heard oral argument in connection with McKesson's Motion to Dismiss. Although the Court formally denied McKesson's

motion to dismiss as framed – a motion to dismiss all of the claims asserted by both Familymeds <u>Group</u> and Familymeds, <u>Inc</u>. – the Court, on the record, made it <u>clear</u> that it agreed with McKesson that Familymeds <u>Group</u> did not use an appropriate procedural device for bringing in Familymeds <u>Inc</u>., and <u>the Court RULED that Familymeds Inc., was not a party to this action</u>.

At the May 5th hearing, the Court directed McKesson to file its motion for summary judgment. <u>McKesson</u>'s counsel and the Court then had the following exchange on the record.

> Counsel for McKesson: "And your honor, do I have to address the Familymeds, Inc.? Will they be allowed to file a claim in this case?"
>
> Court: "<u>No</u>. <u>They're not in here</u>. If you [defendant] want Familymeds, Inc., to be in here you can't just show up. . . . . [T]hey're not in the case. You can't just add them. You can't put them on the pleading and say, 'oh, they're in the case.' That's not the way it works."

See, Transcript of May 5, 2008, hearing (emphasis added).

Moreover, in its May 5th Order, the Court stated, "Familymeds Group may, <u>using the appropriate procedural device</u>, seek to add Familymeds Inc., and/or D&K as a party in this or a separate lawsuit." See, Order re May 5, 2008 Case Management Conference (emphasis in original). This order clearly reflects the Court's view that Familymeds, <u>Inc</u>., was not a party in this action.

Because, in the Court's view, Familymeds, <u>Inc</u>., has never been a party in this action, the Court did not issue an order "dismissing" Familymeds, <u>Inc</u>., from this action. In order to clear up the parties' persistent confusion in this regard the Court now ORDERS that any claim that Familymeds, <u>Inc</u>., may have against McKesson Corporation that arguably was attempted to be asserted in or incorporated into the suit originally filed by McKesson is DISMISSED from that suit (C07-5715 WDB) WITHOUT PREJUDICE *nunc pro tunc* as of May 5, 2008.

3. In light of the unequivocal exchange between <u>McKesson</u>'s counsel and the Court set forth above, any litigation expenses incurred by McKesson in

1 seeking summary adjudication of the claim asserted by Familymeds, <u>Inc</u>., or in
2 presenting its "Opposition" to this Motion by Familymeds Group and Familymeds,
3 Inc., were not reasonably incurred.
4 IT IS SO ORDERED.
5 Dated: August 4, 2008

_____
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: parties, wdb, stats