MARIA K. PUM (State Bar No. 120987)
KRISTEN E. CAVERLY (State Bar No. 175070)
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Telephone:    (858) 756-6342
Facsimile:    (858) 756-4732
Email: mpum@hcesq.com

Attorneys for Plaintiff
McKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation, | Case No.4:07-cv-05715 WDB |
| Plaintiff, | **DECLARATION OF MARIA K. PUM IN REPLY TO OPPOSITION OF FAMILYMEDS TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION FILED BY McKESSON CORPORATION** |
| v. | |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation, | |
| Defendant. | |
| FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc., a Connecticut corporation, | Complaint Filed: November 9, 2007 Cross-Complaint Filed: December 17, 2007 |
| Counterclaimant, | Date:  August 20, 2008 Time: 1:30 p.m. Place: Ctrm 4 1301 Clay St., 3d Floor Oakland, CA |
| v. | |
| McKESSON CORPORATION, a Delaware corporation, | |
| Counterdefendant. | |
| FAMILYMEDS, INC., a Connecticut corporation, | |
| Cross-Complainant, | |
| v. | |
| McKESSON CORPORATION, a Delaware corporation, | |
| Cross-Defendant. | |

1    I, MARIA K. PUM, declare that I have personal knowledge of the following facts and, if

2  called upon to do so, I could and would testify competently thereto:

3    1.    I am a partner with the law firm of Henderson & Caverly LLP, counsel to

4  McKESSON CORPORATION ("McKesson"), the plaintiff in the instant action.  In my capacity as

5  a partner at Henderson & Caverly LLP, I am one of the two partners responsible for the

6  representation of McKesson in this matter.  I am also the partner with whom Mr. Matthew

7  Kenefick, one of the attorneys representing Familymeds Group, Inc. and Familymeds, Inc.

8  (together "Familymeds") in this action, communicated with regard to alleged meet and confer

9  efforts relating to the instant action.

10    2.    It appears based on the proofs of service attached to the discovery served upon our

11  firm as counsel for McKesson, that Familymeds served their "First Request for Production of

12  Documents and Things of Familymeds Group, Inc. f/k/a Drugmax, Inc., a Nevada Corporation"

13  (the "Document Request") and their "First Set of Interrogatories of Familymeds Group, Inc. f/k/a

14  Drugmax, Inc., a Nevada Corporation" (the "Interrogatories") upon McKesson on June 11, 2008—

15  some 37 days after the May 5, 2008 Order of this Court lifted the stay on discovery.  It was also 37

16  days after FM Group knew that the Court had instructed McKesson to file a motion for summary

17  judgment by June 4, 2008.

18    3.    The Document Request and the Interrogatories were served upon McKesson by

19  First Class mail and not in a manner calculated to arrive expeditiously at our offices.

20    4.    McKesson timely responded to the Document Request and the Interrogatories on

21  July 14, 2008. Because of the breadth and over-burdensome scope of the Document Request and

22  the Interrogatories (collectively, the "FM Discovery"), and based on this Court's comments at the

23  hearing on May 5, 2008 that discovery in anticipation of McKesson's promised motion for

24  summary judgment should be limited to what was at issue in that motion, McKesson's responses

25  sought to focus only on the unpaid invoices outstanding—which represented seven days' of orders.

26    5.    In a cover letter that accompanied our responses to the Document Request and the

27  Interrogatories, we advised counsel for Familymeds that we were still grappling with

28  correspondence that might be responsive to the Document Request.  On July 17, 2008 I sent an

1

1  email to Mr. Kenefick advising him that the production of emails was even more burdensome than

2  I had a first believed and I asked that his client attempt to narrow down the email request by

3  providing us with a list of authors and recipients and inviting him to provide me with an alternative

4  approach if that was not acceptable to his client.  A true and correct copy of my email of July 17,

5  2008 is attached hereto as <u>Exhibit 1</u>.

6          6.      After a few exchanges of emails on the subject raised in my July 17, 2008 email,

7  Mr. Kenefick asked when my partner Kristen Caverly and I would be available for a meet and

8  confer conference.   On Friday, July 18, 2008, I offered Monday, July 21, 2008 for a meet and

9  confer conference under Local Rule 37-1(a).  Mr. Kenefick responded he and Mr. Gephardt would

10  not be prepared to meet and confer until Thursday or Friday of that week.  I offered Thursday, July

11  24, 2008.  On Wednesday, July 23, 2008, Mr. Kenefick cancelled the meet and confer conference

12  and stated that schedules were such that a meet and confer conference could not occur until after

13  August 1, 2008.  A true and correct copy of the July 23, 2008 email and the earlier email exchange

14  and the underlying email string is attached hereto as <u>Exhibit 2</u>.

15          7.      To date, Mr. Kenefick has not offered a date for a meet and confer conference

16  relating to a proposed email production or any other discovery matter.

17          8.      On July 30, 2008, Familymeds filed and served its papers in opposition to the MSJ

18  (the "Opposition Papers").  Among the Opposition Papers was a purported "Separate Statement of

19  Disputed, Undisputed, and Additional Facts in Opposition to Motion for Summary Judgment or, in

20  the Alternative, Summary Adjudication by McKesson Corporation" prepared by Familymeds (the

21  "FM Group Facts").

22          9.      Familymeds made no attempt to contact me or my partner, Kristen E. Caverly of

23  Henderson & Caverly LLP, counsel for McKesson, to discuss or otherwise meet or confer

24  regarding any proposed new statement of material undisputed facts, nor with respect to agreeing

25  upon a joint statement of material undisputed facts before filing the FM Group Facts.  As was set

26  forth in the Declaration of Kristen E. Caverly filed in support of McKesson's pending motion for

27  summary judgment (the "Motion"), FM Group did not respond to requests for comments on the

28  proposed joint statement of undisputed facts we sought to file in support of the Motion either.

2

1     10.    Mr. Kenefick mischaracterizes the course of communications with regard to the
2  request by Familymeds on June 30, 2008 for a 60-day continuance of the hearing on the motion for
3  summary judgment or, in the alternative, summary adjudication filed on behalf of McKesson on
4  June 4, 2008 (the "MSJ").  From the outset of those communications, we advised Mr. Kenefick that
5  the 60 days he requested was unreasonable and that McKesson would consider a continuance of a
6  week or two.  These communications were memorialized in a letter I sent to Mr. Kenefick on July
7  1, 2008 by email, a true and correct copy of which is attached hereto as <u>Exhibit 3</u>.  The letter of
8  July 1, 2008 attached hereto as <u>Exhibit 3</u> accurately states the course of events as set forth therein.
9  Familymeds was not content with a 2-week extension and continued to press for a longer
10  extension.  Ultimately, Mr. Kenefick accepted a continuance from August 6 to August 20, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 6 day of August, 2008.

MARIA K. PUM

# EXHIBIT 1

**Maria Pum**

---

**From:** Maria Pum
**Sent:** Thursday, July 17, 2008 2:43 PM
**To:** 'Kenefick, Matthew'
**Cc:** Kristen Caverly
**Subject:** Follow up on Document Production

Matt--

You presumably have gotten our document production by now. As you know from the CD that we sent you together with our objection and response, the CD and the contents thereof have been designated as confidential pursuant to the stipulation re the protective order that we are confident the court will sign as the court's order.

I indicated in my cover letter with our discovery objections and responses that we were still still addressing the production of correspondence. Producing emails has proven to be incredibly burdensome. McKesson has many many servers and so emails are not kept in a single location. Furthermore, to do what you have asked we would need to check each employee's hard drive, desktop and/or laptop to scour them for emails that might be responsive to your document requests. McKesson has literally thousands of employees. It is not feasible or reasonable for McKesson to identify and download what may be thousands, if not hundreds' of thousands of emails and then to review them for responsiveness and privilege. As an alternative, we suggest that you give us the names of authors and recipients of emails within McKesson that you think are the most likely to have relevant email correspondence, and give us some suggested search terms. We will then consider whether, if we focus on those authors and recipients of emails--assuming the authors and recipients are not attorneys for McKesson--we can generate a further production of documents that is at a manageable level.

If you do not wish to provide us with names and search terms for us to consider, then we will stand on our burdensome and overbreadth objections. Or if you have another suggestion we will hear you out on that. In that regard, we presume that Familymeds already has all the communications between Familymeds and McKesson so we could start by eliminating those emails.

Maria K. Pum
Henderson & Caverly LLP
P.O. Box 9144 (all US Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067
Tel: (858) 756-6342
Fax: (858) 756-4732
Email: mpum@hcesq.com

# EXHIBIT 2

**Maria Pum**

| | |
|---|---|
| **From:** | Kenefick, Matthew [MSK@JMBM.com] |
| **Sent:** | Wednesday, July 23, 2008 4:23 PM |
| **To:** | Maria Pum |
| **Cc:** | Kristen Caverly; Gebhardt, Robert C. |
| **Subject:** | RE: Follow up on Document Production |

Maria-

We had hoped to have a list of senders, recipients, custodians, and search terms compiled to be able to meet and confer this week.

Unfortunately, our resources have been focused on preparing our Summary Judgment papers and therefore we will not be able to do so.

Additionally, our e-discovery consultant, a key participant in the meet and confer conference, will be on vacation during the week of July 28 through August 1st. Accordingly, we will need to schedule the conference for a date following his return. My calendar during the week of August 4-8 is currently changing, so I will have to get back with you on scheduling the conference.

Thank you,

-Matt

_____

Matthew Kenefick for

JMBM | Jeffer, Mangels, Butler & Marmaro LLP Two Embarcadero Center, 5th Floor San Francisco, California 94111

(415) 984-9677 Direct
(888) 430-5785 Fax
MKenefick@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments.

For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

-----Original Message-----
From: Maria Pum [mailto:mpum@hcesq.com]

Sent: Tuesday, July 22, 2008 4:25 PM
To: Kenefick, Matthew
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

Thursday afternoon would be fine.


Maria K. Pum
Henderson & Caverly LLP
P.O. Box 9144 (all US Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA  92067
Tel:  (858) 756-6342
Fax:  (858) 756-4732
Email:  mpum@hcesq.com

-----Original Message-----
From: Kenefick, Matthew [mailto:MSK@JMBM.com]
Sent: Friday, July 18, 2008 8:58 PM
To: Maria Pum
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

Maria-
We have received your discovery responses.

Initially, we note that the discovery responses contain a large number of objections and that
you have withheld documents on the basis of trade secret, even though we have a stipulated
protective order on file.  The most problematic issue appears to be that in producing
spreadsheets which contain tens of thousands of line entries, it appears that you went through
the extra effort of converting the electronic documentation from usable spreadsheets into .pdf
files.  We hope this is not the case, especially in light of the fact that you were aware of the fact
that we intended to use this information to oppose the Motion for Summary Judgment and you
would only agree to continue the hearing for two (2) weeks.

Accordingly, we will not be ready to meet and confer on Monday.  We will need a couple of
days to review the documentation, confer with our experts, and to discern whether the
electronically stored information was produced in a reasonably usable form, as that term is
contemplated by Federal Rule of Civil Procedure 34(b)(2)(E)(ii).

We hope to be ready to discuss these issues by next Thursday or Friday, July 24/25.  Are you
available either day?

Thank you again,
-Matt

_____

Matthew Kenefick for
JMBM | Jeffer, Mangels, Butler & Marmaro LLP Two Embarcadero Center, 5th Floor San Francisco, California 94111

(415) 984-9677 Direct
(888) 430-5785 Fax
MKenefick@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments.
For further information, please visit JMBM.com.
Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

-----Original Message-----
From: Maria Pum [mailto:mpum@hcesq.com]
Sent: Friday, July 18, 2008 1:57 PM
To: Kenefick, Matthew
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

Kristen and I are available for the Rule 37-1(a) meet and confer conference late Monday afternoon.  How about 3:30?


Maria K. Pum
Henderson & Caverly LLP
P.O. Box 9144 (all US Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA  92067
Tel:  (858) 756-6342
Fax:  (858) 756-4732
Email:  mpum@hcesq.com

-----Original Message-----
From: Kenefick, Matthew [mailto:MSK@JMBM.com]
Sent: Thursday, July 17, 2008 5:19 PM
To: Maria Pum
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

Maria-
We are requesting that you have a client representative participate in the meet and confer
telephone conference to help discern what specific information is not reasonably accessible
because of undue burden or cost, as well as to evaluate the burdens and costs of providing the
discovery. It has been our prior experience that it is more efficient to have a client
representative participate in such a call.

Unfortunately, as you are unwilling to have a client representative participate in such a
conference, then what is your availability for a telephone discovery meet and confer
conference, pursuant to Local Rule 37-1(a), to discuss these issues?

Thank you,
-Matt

_____

Matthew Kenefick for
JMBM | Jeffer, Mangels, Butler & Marmaro LLP Two Embarcadero Center, 5th Floor San
Francisco, California 94111

(415) 984-9677 Direct
(888) 430-5785 Fax
MKenefick@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client
privileged. Dissemination, distribution or copying of this message or attachments without
proper authorization is strictly prohibited. If you are not the intended recipient, please notify
JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy
all copies, of this message and all attachments.
For further information, please visit JMBM.com.
Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax
practice, we hereby inform you that any advice contained herein (including in any attachment)
(1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the
purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not
be used or referred to by you or any other person in connection with promoting, marketing or
recommending to another person any transaction or matter addressed herein.

4

-----Original Message-----
From: Maria Pum [mailto:mpum@hcesq.com]
Sent: Thursday, July 17, 2008 4:55 PM
To: Kenefick, Matthew
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

We are not willing to have such a conference. We offered to meet and confer with you regarding your overly-broad and burdensome discovery requests. It would seem to us that you would have some idea of who might have been involved in communications that you are after and so considering a list from your client of authors and recipients of emails seemed like a possible place to start discussions of how to manage and prune your initial discovery request. We also need to discuss your client's responsibility for the cost of whatever production we agree to undertake if our meet and confer efforts are successful.


Maria K. Pum
Henderson & Caverly LLP
P.O. Box 9144 (all US Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA  92067
Tel:  (858) 756-6342
Fax:  (858) 756-4732
Email:  mpum@hcesq.com

-----Original Message-----
From: Kenefick, Matthew [mailto:MSK@JMBM.com]
Sent: Thursday, July 17, 2008 2:59 PM
To: Maria Pum
Cc: Kristen Caverly; Gebhardt, Robert C.
Subject: RE: Follow up on Document Production

Maria-
We have not yet received the discovery responses.

To address the e-mail production issue, why don't we have a telephone conference in which a McKesson representative participates to discuss a reasonable solution.  Would you be willing to have such a conference?
If so, then what is your availability?

Thank you,
-Matt

Matthew Kenefick for
JMBM | Jeffer, Mangels, Butler & Marmaro LLP Two Embarcadero Center, 5th Floor San
Francisco, California 94111

(415) 984-9677 Direct
(888) 430-5785 Fax
MKenefick@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client
privileged. Dissemination, distribution or copying of this message or attachments without
proper authorization is strictly prohibited. If you are not the intended recipient, please notify
JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy
all copies, of this message and all attachments.
For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax
practice, we hereby inform you that any advice contained herein (including in any attachment)
(1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the
purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not
be used or referred to by you or any other person in connection with promoting, marketing or
recommending to another person any transaction or matter addressed herein.

From: Maria Pum [mailto:mpum@hcesq.com]
Sent: Thursday, July 17, 2008 2:32 PM
To: Kenefick, Matthew
Cc: Kristen Caverly
Subject: Follow up on Document Production

Matt--

You presumably have gotten our document production by now.  As you know from the CD that
we sent you together with our objection and response, the CD and the contents thereof have
been designated as confidential pursuant to the stipulation re the protective order that we are
confident the court will sign as the court's order.

# EXHIBIT 3

# Henderson
# Caverly LLP

Post Office Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California 92067-9144

Tel: (858) 756-6342
Fax: (858) 756-4732
www.hccsq.com

July 1, 2008

Matthew S. Kenefick
Jeffer Mangels Butler & Marmaro LLP
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111-3824

Re:    <u>McKesson Corporation vs. Familymeds Group Inc.</u>

Dear Matt:

We are in receipt of your letter dated June 30, 2008 addressed to me and my partner, Kristen Caverly. Your letter is inaccurate. You asked if we would agree to move the hearing date on the motion for summary judgment filed on behalf of McKesson Corporation ("McKesson") which is scheduled to be heard on August 6, 2008. We advised you that we would consider a week or two. You stated that you had in mind a 60-day extension so that you could consider the responses to discovery requests you propounded on behalf of Familymeds Group, Inc. ("Familymeds") on June 11, 2008. We responded that 60 days was not acceptable.

Your letter urges us to reconsider our rejection of your request for a 60-day continuance. We do not see the justification for doing so. Consider:

- Primarily at issue are two invoices aggregating some $628,994.22 which have been outstanding since April 7, 2007;

- The complaint was filed on November 9, 2007;

- You have known since at least March 12, 2008 that McKesson was intending to file a motion for summary judgment because I announced that fact in open court during our Case Management Conference held on that date;

- On May 5, 2008 the court lifted the stay of discovery *and* gave McKesson a deadline of June 4, 2008 to file its motion for summary judgment;

- It was fortuitous for Familymeds that due to the Court's other commitments, the earliest that a hearing could take place on the motion for summary judgment was August 6, 2008; otherwise the motion for summary judgment might have been heard in mid-July, if not sooner depending on when the motion was filed;

- You could have propounded discovery before the March 12 hearing date, but certainly as soon as May 6, 2008, but you elected not to propound any discovery

Estate Planning

Trust
Administration
& Probate

Estate &
Trust Litigation

Restructuring
& Insolvency

Commercial
Litigation

Business
& Real Property
Transactions

Charitable
Foundations

Intellectual
Property Law

July 1, 2008
Page 2

until June 11, 2008 and then *you chose to serve that discovery by First Class Mail* rather than by overnight courier or even email meaning that the response deadline is now July 14, 2008;

- Your discovery is not calculated to focus on the *seven invoices* that we explain in the motion for summary judgment are the only seven invoices that remain unpaid; instead you have propounded extremely broad interrogatories and document requests seeking every piece of conceivable data for every single item purchased by Familymeds under its contract with McKesson which by our calculations is some $60,000,000 of product;

- You have yet to come forward with even one piece of evidence supporting your theory that any pricing errors occurred in the contractual relationship between the parties that went uncorrected; and

- You have yet to advise us if any of the facts we describe as being material undisputed facts in our motion for summary judgment are actually disputed by Familymeds even though we sent you our proposed statement of material undisputed facts at least a week before we had to file our motion for summary judgment giving us even more reason to believe there are no genuine disputes here.

In short, your request for a continuance seems little more than an additional stalling tactic on the part of Familymeds to avoid paying McKesson what is due to McKesson under a contract that explicitly requires Familymeds to make payment for the full amount invoiced to Familymeds without any offset or adjustment whatsoever. Your request for a 60-day extension is not well-taken. We would consider a week or two as we advised you again this morning when you asked us to participate in a conference call with Judge Brazil's law clerk. However, we are not willing to agree to a longer period.

Very truly yours,

Maria K. Pum